Ronald M. Green (RG-7766)
Teresa M. Holland (TH-6973)
Darryll A. Buford (DB-0546)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500

Christopher P. Reynolds (CR-8338)
Amber L. Kagan (AK-7973)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for Defendant*
*Madison Square Garden, L.P.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
ANUCHA BROWNE SANDERS,  :
             Plaintiff,  :
                              :  06 CV 0589 (GEL) (DCF)
    - against -  :
                                :  ECF CASE
MADISON SQUARE GARDEN, L.P., ISIAH LORD  :
THOMAS III AND JAMES L. DOLAN,  :
             Defendants.  :
------------------------------------- x

## DEFENDANT MADISON SQUARE GARDEN, L.P.'S ANSWER TO
## THE AMENDED COMPLAINT OF PLAINTIFF ANUCHA BROWNE SANDERS

Defendant Madison Square Garden, L.P. ("MSG") treated Plaintiff Anucha Browne Sanders ("Browne Sanders") fairly and without regard to her sex. She was neither discriminated against nor subject to harassment. The termination of her employment was not retaliatory but was in fact based upon legitimate business reasons. Accordingly, MSG, by and through its attorneys Epstein Becker & Green, P.C. and Morgan, Lewis & Bockius LLP, as and for its Answer to the Amended Complaint of Browne Sanders, states as follows:

NY:1254278v3

Dockets.Justia.com

1. MSG denies the allegations set forth in Paragraph 1 of the Amended Complaint, except admits that Plaintiff was Senior Vice President, Marketing and Business Operations for the New York Knickerbockers ("Knicks") and therefore had responsibility for the team's marketing and business operations.

2. MSG denies the allegations set forth in Paragraph 2 of the Amended Complaint. MSG further states that during the relevant time period, the players of the Knicks made numerous community and sponsor appearances at the request of Plaintiff and the marketing and community relations departments of the Knicks.

3. MSG denies the allegations set forth in Paragraph 3 of the Amended Complaint.

4. MSG denies the allegations set forth in Paragraph 4 of the Amended Complaint.

5. MSG denies that it violated any city, state or federal employment statutes or anti-discrimination laws and denies that Plaintiff is entitled to any relief. As to the remaining allegations set forth in Paragraph 5 of the Amended Complaint, MSG states that these allegations contain conclusions of law that require no response.

6. MSG admits that until January 2006, Plaintiff was employed by MSG as Senior Vice President Marketing & Business Operations for the Knicks. MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 6 of the Amended Complaint, and, therefore, denies the same.

7. MSG admits the allegations set forth in Paragraph 7 of the Amended Complaint.

8. MSG admits the allegations set forth in Paragraph 8 of the Amended Complaint.

9. MSG admits that Dolan is Chairman of MSG President and Chief Executive Officer of Cablevision and a citizen of the state of New York. In response to the allegations regarding Dolan's ownership interest, MSG states that Dolan directly or indirectly has a substantial interest in Cablevision, primarily through certain trusts of which he is the beneficiary and further states that MSG is a wholly owned subsidiary of Cablevision.

10. MSG denies that any amount is in controversy and denies that Plaintiff is entitled to any relief. As to the remaining allegations set forth in Paragraph 10 of the Amended Complaint, MSG states that these allegations contain conclusions of law that require no response.

11. MSG admits that venue is proper within the Southern District of New York. MSG denies that Plaintiff has any claim against the Defendants, and denies that it received proof of service on the City of New York Commission on Human Rights or the Corporation Counsel of the City of New York. MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 11 of the Amended Complaint, and, therefore, denies the same.

12. MSG admits the allegations of the first sentence of Paragraph 12 of the Amended Complaint, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of Paragraph 12 of the Amended Complaint, and therefore, denies the same, and denies the allegations of the third sentence of Paragraph 12 of the Amended Complaint.

12. In response to the second paragraph numbered "12" in the Amended Complaint, MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Amended Complaint, and, therefore, denies the same.

13. MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Amended Complaint, and, therefore, denies the same.

14. MSG admits that Plaintiff began working for MSG in 2000 as Vice President, Marketing for the Knicks, and denies the remaining allegations set forth in Paragraph 14 of the Amended Complaint.

15. MSG admits that Plaintiff was promoted in February 2002 to Senior Vice President, Marketing and Business Operations of the Knicks and that Plaintiff reported to Steve Mills ("Mills"). MSG also admits that upon the suggestion, and due to the efforts, of MSG's public relations department, Plaintiff was named to the Sports Business Journal's "Forty Under Forty" list in 2002. MSG denies the remaining allegations set forth in Paragraph 15 of the Amended Complaint.

16. MSG admits that as Senior Vice President, Marketing and Business Operations for the Knicks, Plaintiff was responsible for overseeing the marketing, new media, franchise operations, fan development and community relations areas of the Knicks. MSG denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. MSG denies the allegations set forth in Paragraph 17 of the Amended Complaint.

18.  MSG admits the allegations set forth in Paragraph 18 of the Amended Complaint.

19.  MSG admits that on or about March 8, 2004, the players for the Knicks attended a sponsor luncheon. MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 19 of the Amended Complaint, and, therefore, denies the same.

20.  MSG admits that on or about March 9, 2004, the Knicks lost a basketball game. MSG denies the remaining allegations set forth in Paragraph 20 of the Amended Complaint.

21.  MSG denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22.  MSG admits that in 2004, Frank Murphy ("Murphy") was Senior Vice President, Basketball Operations for the Knicks. MSG denies the remaining allegations set forth in Paragraph 22 of the Amended Complaint.

23.  MSG denies the allegations set forth in Paragraph 23 of the Amended Complaint.

24.  MSG admits that in or about March 2004, a meeting was held among Plaintiff, Mills and Defendant Isiah L. Thomas ("Thomas") in which Plaintiff's job responsibilities were discussed. MSG denies the remaining allegations set forth in Paragraph 24 of the Amended Complaint.

25.  MSG denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26. MSG admits that Plaintiff sent an email to Murphy and states that said email speaks for itself. MSG denies the remaining allegations set forth in Paragraph 26 of the Amended Complaint.

27. MSG denies the allegations set forth in Paragraph 27 of the Amended Complaint.

28. MSG denies the allegations set forth in Paragraph 28 of the Amended Complaint.

29. MSG denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30. MSG denies the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Upon information and belief, MSG denies the allegations set forth in Paragraph 31 of the Amended Complaint, except admits that on or about December 15, 2005, Thomas greeted Plaintiff by placing his hand on her shoulder and attempting to kiss her on the cheek.

32. MSG admits that Browne Sanders met with a management consultant for MSG on two or more occasions in 2005. MSG denies the remaining allegations set forth in Paragraph 32 of the Amended Complaint.

33. MSG denies the allegations set forth in Paragraph 33 of the Amended Complaint.

34. MSG denies the allegations set forth in Paragraph 34 of the Amended Complaint.

35. MSG denies the allegations set forth in Paragraph 35 of the Amended Complaint.

36. MSG admits that Tasheem Ward and Hassan Gonsalves ("Gonsalves") were hired by MSG in November 2004. MSG denies the remaining allegations set forth in Paragraph 36 of the Amended Complaint.

37. MSG denies the allegations set forth in Paragraph 37 of the Amended Complaint, except admits that Vernon Manuel ("Manuel") was employed by MSG, and that Manuel improperly used employee parking privileges and repaid MSG therefor. MSG further states, upon information and belief, that Manuel had a personal relationship with Dolan's stepdaughter.

38. MSG denies that Plaintiff or any manager within the Knicks' organization was required to hire unqualified individuals as alleged in Paragraph 38 of the Amended Complaint.

39. MSG denies the allegations set forth in Paragraph 39 of the Amended Complaint, except admits that Gonsalves' employment with MSG was terminated for "Violation of Company Policy."

40. MSG denies the allegations set forth in Paragraph 40 of the Amended Complaint, except admits that Plaintiff received her most recent performance rating in or around March 2005.

41. MSG denies the allegations set forth in Paragraph 41 of the Amended Complaint.

42. MSG denies the allegations set forth in Paragraph 42 of the Amended Complaint, except admits that the New York Rangers utilizes its players in its marketing campaigns.

43. MSG denies the allegations set forth in Paragraph 43 of the Amended Complaint.

44. MSG denies the allegations set forth in Paragraph 44 of the Amended Complaint.

45. MSG denies the allegations set forth in Paragraph 45 of the Amended Complaint.

46. MSG denies that Plaintiff was harassed or that Plaintiff "needed to engage an attorney to protect herself from further harassment or discrimination." MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 46 of the Amended Complaint, and, therefore, denies the same.

47. MSG denies the allegations set forth in Paragraph 47 of the Amended Complaint, except admits that in or around December 2005, counsel for Plaintiff contacted counsel for MSG.

48. MSG denies the allegations set forth in Paragraph 48 of the Amended Complaint, except admits that MSG investigated Plaintiff's allegations and found that they were unsubstantiated.

49. MSG denies the allegations set forth in Paragraph 49 of the Amended Complaint.

50. MSG denies the allegations set forth in Paragraph 50 of the Amended Complaint, except admits that after its investigation was completed, MSG notified Plaintiff

through her counsel that her allegations were found to be unsubstantiated. MSG further admits that in January 2006, Plaintiff's employment was terminated for legitimate non-discriminatory business reasons.

51. MSG admits the allegation set forth in Paragraph 51 of the Amended Complaint.

52. MSG denies the allegations set forth in Paragraph 52 of the Amended Complaint.

53. MSG denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54. MSG repeats and reasserts each and every answer to Paragraphs 1 to 53 of the Amended Complaint, as if fully set forth herein.

55. MSG denies the allegations set forth in Paragraph 55 of the Amended Complaint.

56. MSG denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57. MSG denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58. MSG denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59. MSG repeats and reasserts each and every answer to Paragraphs 1 to 58 of the Amended Complaint, as if fully set forth herein.

60. MSG denies the allegations set forth in Paragraph 60 of the Amended Complaint, and specifically denies that it violated the Administrative Code.

61. MSG denies the allegations set forth in Paragraph 61 of the Amended Complaint.

62. MSG denies the allegations set forth in Paragraph 62 of the Amended Complaint, and specifically denies that it is liable to Plaintiff under any state or federal law or statute including the Administrative Code.

63. MSG denies the allegations set forth in Paragraph 63 of the Amended Complaint.

64. MSG denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65. MSG repeats and reasserts each and every answer to Paragraphs 1 to 64 of the Amended Complaint, as if fully set forth herein.

66. MSG denies the allegations set forth in Paragraph 66 of the Amended Complaint, and specifically denies that it retaliated against Plaintiff in any way in contravention of any state or federal law or statute, including the Executive Law.

67. MSG denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68. MSG denies the allegations set forth in Paragraph 68 of the Amended Complaint.

69. MSG denies the allegations set forth in Paragraph 69 of the Amended Complaint.

70. MSG denies the allegations set forth in Paragraph 70 of the Amended Complaint.

71. MSG repeats and reasserts each and every answer to Paragraphs 1 to 70 of the Amended Complaint, as if fully set forth herein.

72. MSG denies the allegations set forth in Paragraph 72 of the Amended Complaint, and specifically denies that it retaliated against Plaintiff in any way in contravention of any state or federal law or statute, including the Administrative Code.

73. MSG denies the allegations set forth in Paragraph 73 of the Amended Complaint.

74. MSG denies the allegations set forth in Paragraph 74 of the Amended Complaint.

75. MSG denies the allegations set forth in Paragraph 75 of the Amended Complaint.

76. MSG denies the allegations set forth in Paragraph 76 of the Amended Complaint.

77. MSG denies the allegations set forth in Paragraph 77 of the Amended Complaint.

## DEFENDANT MADISON SQUARE GARDEN L.P.'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

78. The Amended Complaint fails to states a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

79. Upon information and belief, Plaintiff has failed to mitigate her damages in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

80. Plaintiff has not suffered any legally cognizable damage.

### FOURTH AFFIRMATIVE DEFENSE

81. At all times relevant to this action, MSG acted lawfully and in good faith without intent to deny Plaintiff any rights whatsoever, and without intent to discriminate or retaliate against Plaintiff on the basis of her gender or any other unlawful reason.

### FIFTH AFFIRMATIVE DEFENSE

82. At all times relevant hereto, MSG had a specific policy against unlawful discrimination and harassment in the workplace, which policy was well known to employees, including Plaintiff. Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided for therein for resolution of alleged claims of discrimination or harassment.

83. At all relevant times, MSG followed and enforced its anti-discrimination and anti-harassment policies and procedures.

### SIXTH AFFIRMATIVE DEFENSE

84. Plaintiff's employment with MSG was at-will, and all actions taken by MSG within the context of this at-will employer/employee relationship were at all times based on legitimate business-related reasons, and were undertaken in good faith and without malice or ill will toward Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

85. Plaintiff has failed to states a claim for the recovery of punitive damages upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

86. MSG did not have notice or knowledge of and did not encourage, condone or acquiesce in any alleged discriminatory conduct or sexual harassment by any MSG employee.

87. To the extent that MSG became aware of any alleged discriminatory conduct or sexual harassment by any MSG employee, MSG took prompt and adequate steps to investigate and remedy such conduct.

### NINTH AFFIRMATIVE DEFENSE

88. Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of her employment.

### TENTH AFFIRMATIVE DEFENSE

89. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

90. Plaintiff failed to exhaust her administrative remedies with regard to some or all of her claims because she failed to give the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York adequate notice of her claim before filing suit.

### TWELFTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

92. At all times, MSG maintained comprehensive programs and policies for the prevention, investigation and detection of unlawful discrimination, effectively communicated said programs and policies to all employees, including Browne Sanders, maintained a program designed to educate employees about unlawful discriminatory practices, and established

procedures for the supervision of all employees, agents and independent contractors specifically directed at the prevention and the detection of unlawful discriminatory practices.

### FOURTEENTH AFFIRMATIVE DEFENSE

93. MSG's decision to terminate Plaintiff's employment is justified by after-acquired evidence.

### FIFTEENTH AFFIRMATIVE DEFENSE

94. All or some of Plaintiff's claims are barred in that Plaintiff, by reason of her own conduct and actions, has waived any right to assert the claims set forth in her Amended Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

**WHEREFORE**, MSG respectfully requests that judgment be entered:

1. Dismissing the Amended Complaint with prejudice;

2. Awarding MSG costs, disbursements, and reasonable attorneys' fees; and

3. Awarding MSG such other and further relief that the Court deems just and appropriate.

Dated: New York, New York
August 21, 2006

          EPSTEIN BECKER & GREEN, P.C.

          By:   s/Ronald M. Green
                Ronald M. Green  (RG-7766)
                Teresa M. Holland (TH-6973)
                Darryll A. Buford (DB-0546)
          250 Park Avenue
          New York, New York  10177-1211
          (212) 351-4500

          MORGAN, LEWIS & BOCKIUS LLP

          Christopher P. Reynolds (CR-8338)
          Amber L. Kagan (AK- 7973)
          101 Park Avenue
          New York, New York 10178
          (212) 309-6000

          *Attorneys for Defendant Madison Square Garden, L.P.*

To:   Judith P. Vladeck, Esq.
      Kevin Mintzer, Esq.
      Vladeck, Waldman, Elias & Engelhard, P.C.
      1501 Broadway, Suite 800
      New York, New York 10036
      (212) 403-7300
      *Attorneys for Plaintiff*

      L. Peter Parcher, Esq.
      O. Peter Sherwood, Esq.
      Lisa Horwitz, Esq.
      Manatt, Phelps & Phillips LLP
      7 Times Square
      New York, New York 10036
      (212) 790-4500

      *Attorneys for Defendant Isiah L. Thomas*