UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANUCHA BROWNE SANDERS,

      Plaintiff,

 – against –

MADISON SQUARE GARDEN, L.P., ISIAH LORD
THOMAS, III & JAMES L. DOLAN

      Defendants.
------------------------------------------------------------x

Case No. 06 CV 589 (GEL)

**STIPULATION OF CONFIDENTIALITY**

   WHEREAS Plaintiff Anucha Browne Sanders ("plaintiff"), and Defendants Madison Square Garden, L.P. ("MSG"), Isiah Lord Thomas, III ("Thomas") and James L. Dolan ("Dolan") (collectively, "the Parties"), in the above-captioned matter (the "Action") have requested from each other certain confidential information not otherwise available to third Parties; and

   WHEREAS the Parties desire to facilitate discovery in this matter while preserving the confidentiality of certain information by entering into this stipulation ("Stipulation");

   NOW, THEREFORE, it is hereby agreed by and between the Parties as follows:

   1. This Stipulation governs the disclosure of all documents, deposition testimony, responses to written discovery and information, including all copies, excerpts, and summaries thereof, as well as notes, memoranda, reports, or other written, telephone, or electronic communications that reveal or contain such documents or their contents, and other information produced, given, served or filed in this above-captioned action, including but not limited to any appeal thereof (collectively, the "Discovery Material").

NY:1312061v3
10/16/2006 - 9:32:51 AM

- 1 -

Sanders v. Madison Square Garden, L.P. et al.  Doc. 27

2. "Confidential Material," as used herein, shall mean Discovery Material that a party designates as meriting protection from disclosure pursuant to this Stipulation on the grounds that the information constitutes: (i) private information within the meaning of any federal or New York State statute, rule or regulation; (ii) business, financial, and employment records and communications of plaintiff, Thomas, Dolan, MSG or other business entities that are not generally available to the public; (iii) documents and/or information concerning current or former employees of MSG who are not Parties to this Action that contain medical information or private, personal or other sensitive information; and (iv) medical records or information of any party or witnesses.

3. "Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including but not limited to the Parties to the Action and non-Parties producing documents or information pursuant to subpoena.

4. "Designating Party" shall mean any Producing Party or party to this Action that designates the material at issue as "Confidential Material."

5. Any Producing Party may designate any document or a portion thereof as Confidential Material pursuant to this Stipulation by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

6. If a non-producing party believes that any other party or a non-party has produced information or documents which are Confidential as to the non-producing party, the non-producing party may propose that such documents be marked "Confidential." If the producing party or the party that has obtained the information or documents does not agree to the designation of confidentiality, the non-producing party may ask the Court to order the documents

or information be marked Confidential. Pending a ruling from the Court, the disputed documents or information shall be treated as Confidential.

7. If the Parties disagree with the designation of materials being marked as Confidential Material, the party opposing the designation must notify counsel for the party making the designation of its request to reclassify the materials and the Parties will thereupon confer in good faith as to the proper status of such materials. In the event that counsel agree to reclassify the material in question, then counsel who initially sought the designation shall indicate its agreement or assent in writing to reclassify documents or information as having no protection. If an agreement cannot be reached with regard to the reclassification of the material designated, the party requesting the designation may seek relief from the Court. The information shall be treated as Confidential Material until the Court rules otherwise.

8. If Confidential Material is to be revealed or has been revealed during a deposition, a "Confidential" designation of the applicable portion of the transcript, including any exhibits attached thereto, may be made by anyone entitled to designate such information as confidential pursuant to the terms of this Stipulation. Such designation shall be made by indicating on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Material Governed By Confidentiality Order" by the court reporter. In the event that a producing person or that person's counsel does not indicate on the record at a deposition that a question calls for Confidential information, such information shall not be treated as Confidential unless within ten (10) days after receipt of the deposition transcript, the witness, his employer or his counsel informs the deposing party in writing that the deposition transcript

contains Confidential information and designates by page and line number the portions of the deposition transcript that should be designated as Confidential Material.

9.  Confidential Material shall be retained by the receiving party and his or her counsel and shall not be disclosed by such persons to any person except:

   a.  the Parties to this Action:

   b.  counsel representing the Producing Party, the Parties to this Action, or the insurer of any party, and counsel's employees (including paralegals, secretaries or other support staff or agents assisting counsel in connection with the Action), as well as copying services engaged by the Producing Party and Parties to this Action;

   c.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e.  experts, investigators, and consultants who are employed or retained by or on behalf of one or more of the Parties or their counsel to assist in connection with the Action, or to testify at trial or any other proceeding in the Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f.  stenographers, court reporters, or video reporters engaged to transcribe depositions, trial or other hearings or proceedings before the Court that are conducted in this action;

   g.  the Court and its support personnel; and

   h.  Any referee or mediator appointed by the Court in this Action.

10. A party desiring to disclose Confidential Material to any of the persons referred to in paragraph 9 (except persons referred to in subparagraphs 9(f) and 9(g)) shall, prior to disclosure of the Confidential Material, advise such person of the "Confidential" designation and the existence and terms of this Stipulation. In addition, prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 9(d) or (e) above, such person shall be provided by counsel with a copy of this Stipulation and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Stipulation and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement. Each signed Non-Disclosure Agreement shall be made available for inspection if any good faith dispute or controversy arises with respect to the respective person's obligations under this stipulation.

11. Neither the Parties nor counsel for any party to this Action shall use or disclose any Confidential Material received in this Action for any purpose other than in connection with this Action. The Parties, and their respective counsel, agree that such Confidential Material shall not be provided to or otherwise disclosed to any person or entity, except as provided herein.

12. If the Non-Designating Party wishes to file any Confidential Material with the Court, the Non-Designating Party shall give advance notice to the Designating Party, who shall seek to obtain the Court's permission to have the Confidential Material filed under seal; provided however, that in no event shall the Non-Designating Party file any Confidential Material such that it becomes public record, unless and until either (a) the Designating Party has not requested the Court's permission to file under seal as of the date that the papers are due to be filed pursuant to paragraph 13 infra, or (b) the Court has rejected the Designating Party's request

to allow the filing under seal. If the Court has not ruled on the Designating Party's request to have the Confidential Material filed under seal prior to the time the receiving party intends to file the Confidential Material, the Non-Designating Party will temporarily file the Confidential Material under seal, pursuant to the Court rules, procedures, or directions pending the Court's ruling. Where possible, only the portions of filings containing the Confidential Material shall be filed under seal. Nothing in this paragraph shall limit the ability of the parties to subsequently request that Confidential Material, filed under seal in the first instance, should be unsealed.

13. In order to provide the parties sufficient opportunity to protect Confidential Material, any motion that is to be filed with the Court shall not be filed until five (5) business days following service of the final responsive brief.

14. All Confidential Material produced hereunder shall be retained in the possession and control of the Parties or the Parties' respective counsel in such a manner as to preserve its confidential nature.

15. If any party wishes to use Confidential Material during a trial of this Action, the Parties shall, before trial, confer in good faith to attempt to agree upon a method to protect such Confidential Material during any such trial. If the Parties are unable to reach an agreement, the Parties shall jointly request that the Court resolve the dispute.

16. Upon the conclusion of this Action (meaning all appeal periods have expired and/or any judgment has become final in the Action) the Parties' respective counsel shall either destroy all Confidential Material and all copies thereof, or return all Confidential Material and all copies thereof to opposing counsel within sixty (60) days of the conclusion of this Action. If a party elects to destroy such material, that party shall send to the Designating Party an appropriate certification to that effect within sixty (60) days of the conclusion of the Action.

17. The inadvertent disclosure of a document or information without designating it as Confidential Material shall not constitute a waiver of the right to designate such document or information pursuant to the procedures set forth herein and, if so designated, the document or information shall henceforth be treated as Confidential Material subject to the terms of this Stipulation.

18. With the exception of any lawful request from any governmental or regulatory agency, including the United States Equal Employment Opportunity Commission, the Parties and their counsel will not discuss with, disseminate, divulge or cause to be divulged to members of any government or corporate entity, news media or the public (except for those set forth above) who are not Parties to this Stipulation, any Confidential Material. If a party is served with a subpoena or other legal process that requires the party or Parties' attorneys or agents to disclose any such Confidential Material, that party will give the other Parties ten (10) days' written notice or such notice as is reasonably practicable prior to making any such disclosure by delivering a copy of said demand by hand or overnight delivery service to the attention of the other party or Parties' counsel of record.

19. Neither the signing of this Stipulation nor the designation and disclosure of Confidential Material pursuant hereto shall be construed as a waiver of, or preclude any party from raising any objection to discoverability, admissibility or asserting any and all privileges otherwise available.

20. The signatures of the attorneys for the Plaintiff and the Defendants to this Stipulation indicate the Parties' intention that they be, and hereby are, bound to the terms of this Stipulation.

21. This Stipulation may be modified by the attorneys for the Parties in writing or on the record in open court.

22. The terms of this Stipulation shall survive and remain in effect after termination of this Action.

23. The Parties agree that they have had an opportunity to review and consult counsel regarding this Stipulation, and that this Stipulation shall not be construed in favor of or against any party by reason of the extent to which it participated in the drafting of this Stipulation.

24. This Stipulation may be submitted to the Court for signature as an Order. Notwithstanding the foregoing, the failure to submit this Stipulation to the Court to be "so ordered" shall not impair or defeat the effectiveness or binding nature of this Stipulation as an agreement between the Parties. Likewise, the failure of the Court to adopt the Stipulation shall not impair or defeat the effectiveness or binding nature of this Stipulation as an agreement between the Parties.

25. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO AGREED**

Dated: ~~September~~ October ___, 2006

| | |
|---|---|
| VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C. | EPSTEIN BECKER & GREEN, P.C. |
| | |
| By: _____<br>Anne C. Vladeck (AV-4857)<br>Kevin T. Mintzer (KM-4741) | By: _____<br>Ronald M. Green (RG-7766)<br>Teresa Holland (TH-6973) |
| 1501 Broadway, Suite 800<br>New York, New York 10036<br>(212) 401-7348 | 250 Park Avenue<br>New York, New York 10177-1211<br>(212) 351-4500 |
| *Attorneys for Plaintiff* | MORGAN, LEWIS & BOCKIUS, LP |
| MANATT, PHELPS & PHILLIPS, LLP | Christopher P. Reynolds, Esq. (CR-8338)<br>Amber L. Kagan, Esq. (AK-7973)<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, New York 10178<br>(212) 309-6000 |
| By: _____<br>L. Peter Parcher (LPP-8096)<br>O. Peter Sherwood (OPS-3076)<br>Lisa Horwitz (LH-8168)<br>7 Times Square<br>New York, New York 10036<br>(212) 790-4584 | *Attorneys for Madison Square Garden, L.P. and James L. Dolan* |

EISENBERG & BOGAS, P.C.

33 Bloomfield Hills Parkway, Suite 145
Bloomfield Hills, MI 48304
(248) 258-6080

*Attorneys for Isiah Thomas*

SO ORDERED:

_____
United States District Judge

10/31/06

## EXHIBIT

## AGREEMENT CONCERNING CONFIDENTIAL MATERIAL

      The undersigned hereby acknowledges that (s)he has been given a copy of and has read the Stipulation of Confidentiality pertaining to the case entitled "Anucha Browne Sanders v. Madison Square Garden, L.P., Isiah Lord Thomas, III & James L. Dolan," United States District Court, Southern District of New York, Case No. 06 CV 589 (GEL), understands the terms thereof, and agrees to be bound by such terms.

_____          _____
Date                                                                  Signature

                                                                       _____
                                                                       Name (print)