Ronald M. Green (RG-7766)
Teresa M. Holland (TH-6973)
Darryll A. Buford (DB-0546)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500

Christopher P. Reynolds (CR-8338)
Amber L. Kagan (AK-7973)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for Defendant
James L. Dolan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
ANUCHA BROWNE SANDERS,

      Plaintiff,

  - against -

MADISON SQUARE GARDEN, L.P., ISIAH LORD
THOMAS III AND JAMES L. DOLAN,

      Defendants.
------------------------------------------------x

06 CV 0589 (GEL)(DCF)

ECF CASE

### DEFENDANT JAMES L. DOLAN'S ANSWER TO THE
### SECOND AMENDED COMPLAINT OF
### PLAINTIFF ANUCHA BROWNE SANDERS

  Defendant James L. Dolan ("Dolan") treated Plaintiff Anucha Browne Sanders ("Browne Sanders") fairly and without regard to her sex. She was neither discriminated against nor subject to harassment. The termination of her employment was not retaliatory but was in fact based upon legitimate business reasons. Accordingly, Dolan, by and through his attorneys

NY:1425446v1

Epstein Becker & Green, P.C. and Morgan, Lewis & Bockius LLP, as and for his Answer to the Second Amended Complaint of Browne Sanders, states as follows:

1. Dolan denies the allegations set forth in Paragraph 1 of the Second Amended Complaint, except admits that Plaintiff was Senior Vice President, Marketing and Business Operations for the New York Knickerbockers ("Knicks") and therefore had responsibility for the team's marketing and business operations.

2. Dolan denies the allegations set forth in Paragraph 2 of the Second Amended Complaint.

3. Dolan denies the allegations set forth in Paragraph 3 of the Second Amended Complaint.

4. Dolan denies the allegations set forth in Paragraph 4 of the Second Amended Complaint.

5. Dolan denies that he violated any city, state or federal employment statutes or anti-discrimination laws and denies that Plaintiff is entitled to any relief. As to the remaining allegations set forth in Paragraph 5 of the Second Amended Complaint, Dolan states that these allegations contain conclusions of law that require no response.

6. Dolan admits that until January 2006, Plaintiff was employed by MSG as Senior Vice President Marketing & Business Operations for the Knicks. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 6 of the Second Amended Complaint, and, therefore, denies the same.

7. Dolan admits the allegations set forth in Paragraph 7 of the Second Amended Complaint.

8. Dolan admits the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9. Dolan admits that he is Chairman of MSG, President and Chief Executive Officer of Cablevision and a citizen of the State of New York. In response to the allegations regarding Dolan's ownership interest, Dolan states that he directly or indirectly has a substantial interest in Cablevision, primarily through certain trusts of which he is the beneficiary and further states that MSG is a wholly owned subsidiary of Cablevision.

10. Dolan denies that any amount is in controversy and denies that Plaintiff is entitled to any relief. As to the remaining allegations set forth in Paragraph 10 of the Second Amended Complaint, Dolan states that these allegations contain conclusions of law that require no response.

11. Dolan admits that venue is proper within the Southern District of New York. Dolan denies that Plaintiff has any claim against the Defendants. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 11 of the Second Amended Complaint, and, therefore, denies the same.

12. Dolan admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and admits that the EEOC issued a determination of probable cause, but denies the accuracy and truth of the contents of the EEOC determination and further denies the adequacy and fairness of the investigation conducted by the EEOC. Dolan admits that the EEOC issued Plaintiff a notice of right to sue. Dolan denies that Plaintiff has complied fully with the administrative prerequisites of Title VII.

12. In response to the second paragraph numbered "12" in the Second Amended Complaint, Dolan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations set forth in Paragraph 12 of the Second Amended Complaint, and, therefore, denies the same.

13. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Second Amended Complaint, and, therefore, denies the same.

14. Dolan admits that Plaintiff began working for MSG in 2000 as Vice President, Marketing for the Knicks, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 14 of the Second Amended Complaint, and therefore, denies the same.

15. Dolan admits that Plaintiff was promoted in February 2002 to Senior Vice President, Marketing and Business Operations of the Knicks and that Plaintiff reported to Steve Mills ("Mills"). Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity concerning Plaintiff's being named to the Sports Business Journal's "Forty Under Forty" list in 2002. Dolan denies the remaining allegations set forth in Paragraph 15 of the Second Amended Complaint.

16. Dolan admits that as Senior Vice President, Marketing and Business Operations for the Knicks, Plaintiff was responsible for overseeing the marketing, new media, franchise operations, fan development and community relations areas of the Knicks. Dolan denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Second Amended Complaint, and, therefore, denies the same.

18. Dolan admits the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Second Amended Complaint, and, therefore, denies the same.

20. Dolan admits that in early 2004, the Knicks lost a basketball game. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Second Amended Complaint, and, therefore, denies the same.

21. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Second Amended Complaint, and, therefore, denies the same.

22. Dolan admits that in 2004 Frank Murphy ("Murphy") was Senior Vice President, Basketball Operations for the Knicks and denies that Murphy was Thomas' "Chief of Staff." Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 22 of the Second Amended Complaint, and, therefore, denies the same.

23. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Second Amended Complaint, and, therefore, denies the same.

24. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Second Amended Complaint, and, therefore, denies the same.

25. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Second Amended Complaint, and, therefore, denies the same.

26. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26 of the Second Amended Complaint, and, therefore, denies the same.

27. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of the Second Amended Complaint, and, therefore, denies the same.

28. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of the Second Amended Complaint, and, therefore, denies the same.

29. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29 of the Second Amended Complaint, and, therefore, denies the same.

30. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 30 of the Second Amended Complaint, and, therefore, denies the same.

31. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 31 of the Second Amended Complaint, and, therefore, denies the same.

32. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Second Amended Complaint, and, therefore, denies the same.

33. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of the Second Amended Complaint, and, therefore, denies the same.

34. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 34 of the Second Amended Complaint, and, therefore, denies the same.

35. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 35 of the Second Amended Complaint, and, therefore, denies the same.

36. Dolan admits that Tasheem Ward and Hassan Gonsalves ("Gonsalves") were hired by MSG in November 2004. Dolan denies the remaining allegations set forth in Paragraph 36 of the Second Amended Complaint.

37. Dolan denies the allegations contained in the first two sentences set forth in Paragraph 37 of the Second Amended Complaint, except admits that Vernon Manuel ("Manuel") was employed by MSG and that Manuel had a personal relationship with his stepdaughter. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence set forth in Paragraph 37 of the Second Amended Complaint.

38. Dolan denies that Plaintiff or any manager within the Knicks' organization was required to hire unqualified individuals as alleged in Paragraph 38 of the Second Amended Complaint.

39. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Second Amended Complaint, except admits that Gonsalves' employment with MSG was terminated for "Violation of Company Policy."

40. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the Second Amended Complaint, and, therefore, denies the same.

41. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the Second Amended Complaint, and, therefore, denies the same.

42. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 42 of the Second Amended Complaint, and therefore denies the same, except admits that the New York Rangers utilizes its players in its marketing campaigns.

43. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 43 of the Second Amended Complaint and, therefore, denies the same.

44. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 44 of the Second Amended Complaint, and, therefore, denies the same.

45. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 45 of the Second Amended Complaint, and, therefore, denies the same.

46. Dolan denies that Plaintiff was harassed or that Plaintiff "needed to engage an attorney to protect herself from further harassment or discrimination." Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 46 of the Second Amended Complaint, and, therefore, denies the same.

47. Dolan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 47 of the Second Amended Complaint, and, therefore, denies the same, except admits that in or around December 2005, counsel for Plaintiff contacted counsel for MSG.

48. Dolan denies the allegations set forth in Paragraph 48 of the Second Amended Complaint, except admits that MSG investigated Plaintiff's allegations and found that they were unsubstantiated.

49. Dolan denies the allegations set forth in Paragraph 49 of the Second Amended Complaint.

50. Dolan denies the allegations set forth in Paragraph 50 of the Second Amended Complaint, except admits that after its investigation was completed, MSG notified Plaintiff through her counsel that her allegations were found to be unsubstantiated. Dolan further admits that in January 2006, Plaintiff's employment was terminated for legitimate non-discriminatory business reasons.

51. Dolan admits the allegation set forth in Paragraph 51 of the Second Amended Complaint.

52. Dolan denies the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53. Dolan denies the allegations set forth in Paragraph 53 of the Second Amended Complaint.

54. Dolan repeats and reasserts each and every answer to Paragraphs 1 to 53 of the Second Amended Complaint, as if fully set forth herein.

55. Dolan denies the allegations set forth in Paragraph 55 of the Second Amended Complaint.

56. Dolan denies the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57. Dolan denies the allegations set forth in Paragraph 57 of the Second Amended Complaint.

58. Dolan denies the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59. Dolan repeats and reasserts each and every answer to Paragraphs 1 to 58 of the Second Amended Complaint, as if fully set forth herein.

60. Dolan denies the allegations set forth in Paragraph 60 of the Second Amended Complaint.

61. Dolan denies the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62. Dolan denies the allegations set forth in Paragraph 62 of the Second Amended Complaint.

63. Dolan denies the allegations set forth in Paragraph 63 of the Second Amended Complaint.

64. Dolan denies the allegations set forth in Paragraph 64 of the Second Amended Complaint.

65. Dolan repeats and reasserts each and every answer to Paragraphs 1 to 64 of the Second Amended Complaint, as if fully set forth herein.

66. Dolan denies the allegations set forth in Paragraph 66 of the Second Amended Complaint, and specifically denies that he retaliated against Plaintiff in any way in contravention of any state or federal law or statute, including the Executive Law.

67. Dolan denies the allegations set forth in Paragraph 67 of the Second Amended Complaint.

68. Dolan denies the allegations set forth in Paragraph 68 of the Second Amended Complaint.

69. Dolan denies the allegations set forth in Paragraph 69 of the Second Amended Complaint.

70. Dolan denies the allegations set forth in Paragraph 70 of the Second Amended Complaint.

71. Dolan repeats and reasserts each and every answer to Paragraphs 1 to 70 of the Second Amended Complaint, as if fully set forth herein.

72. Dolan denies the allegations set forth in Paragraph 72 of the Second Amended Complaint, and specifically denies that he retaliated against Plaintiff in any way in contravention of any state or federal law or statute, including the Administrative Code.

73. Dolan denies the allegations set forth in Paragraph 73 of the Second Amended Complaint.

74. Dolan denies the allegations set forth in Paragraph 74 of the Second Amended Complaint.

75. Dolan denies the allegations set forth in Paragraph 75 of the Second Amended Complaint.

76. Dolan denies the allegations set forth in Paragraph 76 of the Second Amended Complaint.

77. Dolan denies the allegations set forth in Paragraph 77 of the Second Amended Complaint.

78. Dolan repeats and reasserts each and every answer to Paragraphs 1 to 77 of the Second Amended Complaint, as if fully set forth herein.

79. Dolan denies the allegations set forth in Paragraph 79 of the Second Amended Complaint.

80. Dolan denies the allegations set forth in Paragraph 80 of the Second Amended Complaint.

81. Dolan denies the allegations set forth in Paragraph 81 of the Second Amended Complaint.

82. Dolan repeats and reasserts each and every answer to Paragraph 1 to 81 of the Second Amended Complaint, as if fully set forth herein.

83. Dolan denies the allegations set forth in Paragraph 83 of the Second Amended Complaint.

84. Dolan denies the allegations set forth in Paragraph 84 of the Second Amended Complaint.

85. Dolan denies the allegations set forth in Paragraph 85 of the Second Amended Complaint.

## DEFENDANT JAMES L. DOLAN'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

86. The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

87. Upon information and belief, Plaintiff has failed to mitigate her damages in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

88. Plaintiff has not suffered any legally cognizable damage.

### FOURTH AFFIRMATIVE DEFENSE

89. At all times relevant to this action, Dolan acted lawfully and in good faith without intent to deny Plaintiff any rights whatsoever, and without intent to discriminate or retaliate against Plaintiff on the basis of her gender or any other unlawful reason.

### FIFTH AFFIRMATIVE DEFENSE

90. At all times relevant hereto, MSG had a specific policy against unlawful discrimination and harassment in the workplace, which policy was well known to employees, including Plaintiff. Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided for therein for resolution of alleged claims of discrimination or harassment.

91.     At all relevant times, MSG followed and enforced its anti-discrimination and anti-harassment policies and procedures.

### SIXTH AFFIRMATIVE DEFENSE

92.     Plaintiff's employment with MSG was at-will, and all actions taken by MSG within the context of this at-will employer/employee relationship were at all times based on legitimate business-related reasons, and were undertaken in good faith and without malice or ill will toward Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

93.     Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

94.     Dolan did not have notice or knowledge of and did not encourage, condone or acquiesce in any alleged discriminatory conduct or sexual harassment by any MSG employee.

95.     To the extent that MSG became aware of any alleged discriminatory conduct or sexual harassment by any MSG employee, MSG took prompt and adequate steps to investigate and remedy such conduct.

### NINTH AFFIRMATIVE DEFENSE

96.     Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of her employment.

### TENTH AFFIRMATIVE DEFENSE

97.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

98. Plaintiff failed to exhaust her administrative remedies with regard to some or all of her claims because she failed to give the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York adequate notice of her claim before filing suit.

## TWELFTH AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel and/or unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

100. At all times, MSG maintained comprehensive programs and policies for the prevention, investigation and detection of unlawful discrimination, effectively communicated said programs and policies to all employees, including Plaintiff, maintained a program designed to educate employees about unlawful discriminatory practices, and established procedures for the supervision of all employees, agents and independent contractors specifically directed at the prevention and the detection of unlawful discriminatory practices.

## FOURTEENTH AFFIRMATIVE DEFENSE

101. Dolan's decision to terminate Plaintiff's employment is justified by after-acquired evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE

102. All or some of Plaintiff's claims are barred in that Plaintiff, by reason of her own conduct and actions, has waived any right to assert the claims set forth in her Second Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

104. Plaintiff is not entitled to reinstatement or front pay pursuant to the doctrine of after-acquired evidence because Plaintiff violated Company policy that would have resulted in her termination were it known by MSG during her employment. Back pay, if any, should be limited pursuant to the doctrine of after acquired evidence.

**WHEREFORE**, Dolan respectfully requests that judgment be entered:

1. Dismissing the Second Amended Complaint with prejudice;

2. Awarding Dolan costs, disbursements, and reasonable attorneys' fees; and

3. Awarding Dolan such other and further relief that the Court deems just and appropriate.

Dated: December 1, 2006
    New York, New York

                                           EPSTEIN BECKER & GREEN, P.C.

                                           By:   s/Ronald M. Green
                                                   Ronald M. Green (RG-7766)

                                           250 Park Avenue
                                           New York, New York 10177-1211
                                           (212) 351-4500

                                           MORGAN, LEWIS & BOCKIUS LLP

                                           Christopher P. Reynolds (CR-8338)
                                           Amber L. Kagan (AK- 7973)
                                           101 Park Avenue
                                           New York, New York 10178
                                           (212) 309-6000

                                           *Attorneys for Defendant James L. Dolan*

To:    Judith P. Vladeck, Esq.
        Kevin Mintzer, Esq.
        Vladeck, Waldman, Elias &
        Engelhard, P.C.
        1501 Broadway, Suite 800
        New York, New York 10036
        (212) 403-7300
        *Attorneys for Plaintiff*


        L. Peter Parcher, Esq.
        O. Peter Sherwood, Esq.
        Lisa Horwitz, Esq.
        Manatt, Phelps & Phillips LLP
        7 Times Square
        New York, New York 10036
        (212) 790-4500

        *Attorneys for Defendant Isiah L. Thomas*