L. Peter Parcher (LPP 8096)
O. Peter Sherwood (OPS 3076)
Lisa Horwitz (LH 8168)
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

    - and –

Sue Ellen Eisenberg (SE 4713) – *pro hac vice*
Lucetta V. Franco  – *pro hac vice*
Eisenberg & Bogas, P.C.
33 Bloomfield Hills Parkway, Suite 145
Bloomfield Hills, Michigan  48304-2945

*Attorneys for Isiah Thomas*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANUCHA BROWNE SANDERS,<br><br>          Plaintiff,<br><br>-against-<br><br>MADISON SQUARE GARDEN, L.P. AND ISIAH LORD THOMAS III,<br><br>          Defendants. | Civil Case No. 06 Civ. 0589<br><br>ECF CASE |

DEFENDANT ISIAH THOMAS' ANSWER TO THE SECOND AMENDED COMPLAINT
OF PLAINTIFF ANUCHA BROWNE SANDERS

Defendant Isiah Thomas by and through his counsel, in answer to the Second Amended Complaint, states:

Anucha Browne Sanders, a disgruntled former employee of Madison Square Garden ("MSG"), has, upon information and belief, initiated this Second Amended Complaint in order to, among other things, harm Thomas whom she blames for her professional difficulties and secure an unwarranted sum of money from Thomas and MSG.  Many of the allegations are

without any factual support, and those that have some semblance of accuracy have been distorted. Thomas treated plaintiff in a professional manner and, in good faith, exercised his best judgment as President of Basketball Operations concerning the appropriate business relationship and day to day contact between Basketball Operations and Business Operations – where plaintiff was a Senior Vice President. Upon information and belief, plaintiff's inability to accept the changes that occurred under Thomas' leadership fueled her antipathy towards Thomas and are reflected by this meritless lawsuit.

Thomas denies that he sexually harassed plaintiff, retaliated against plaintiff or otherwise violated New York State Human Rights Law, New York Executive Law § 296 et seq. or the Administrative Code of the City of New York § 8-107 et seq. and answers the Second Amended Complaint as set forth below.

## NATURE OF THE CLAIMS

1. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first three sentences of paragraph 1 of the Second Amended Complaint and denies the remaining allegations of paragraph 1.

2. Thomas denies the allegations of the first three sentences of paragraph 2 of the Second Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 2.

3. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Second Amended Complaint.

4. Thomas denies the allegations of the fourth sentence of paragraph 4 of the Second Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

5.  The allegations of paragraph 5 of the Second Amended Complaint are allegations of law to which no response is required. Thomas states that plaintiff is not entitled to any relief under Title VII, the Executive Law or the Administrative Code.

## PARTIES, JURISDICTION AND VENUE

6.  Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Second Amended Complaint except admits the allegations of the second sentence of paragraph 6.

7.  Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Second Amended Complaint.

8.  Thomas admits the allegations of paragraph 8 of the Second Amended Complaint.

9.  Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Second Amended Complaint.

10. The allegations of paragraph 10 of the Second Amended Complaint are allegations of law to which no response is required.

11. The first sentence of paragraph 11 of the Second Amended Complaint contains allegations of law to which no response is required. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph

12. Thomas admits that Plaintiff filed a charge of discrimination against MSG with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a determination of probable cause, but denies the remaining allegations. On information and belief, Thomas admits that the EEOC issued Plaintiff a notice of right to sue.

## FACTUAL ALLEGATIONS

12. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in plaintiff's second paragraph 12 of the Second Amended Complaint.

13. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Second Amended Complaint.

14. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Second Amended Complaint.

15. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and fourth sentences of paragraph 15 of the Second Amended Complaint and denies the remaining allegations of paragraph 15.

16. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Second Amended Complaint.

17. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Second Amended Complaint.

18. Thomas admits the allegations of paragraph 18 of the Second Amended Complaint.

19. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Second Amended Complaint except admits that, on or about February 21, 2004, he attended a community relations/marketing event, organized by plaintiff and attended by Knicks' players and staff.

20. Thomas denies the allegations of paragraph 20 of the Second Amended Complaint except admits that, on or about the time of the events described in the preceding paragraph, the Knicks lost a basketball game.

21. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Second Amended Complaint.

22. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Second Amended Complaint.

23. Thomas denies the allegations of paragraph 23 of the Second Amended Complaint.

24. Thomas denies the allegations of paragraph 24 of the Second Amended Complaint except admits that, in or about March 2004, he attended a meeting with plaintiff and Steve Mills, in which plaintiff's and Thomas' respective roles and responsibilities in the organization were discussed.

25. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Second Amended Complaint.

26. Thomas denies the allegations of paragraph 26 of the Second Amended Complaint except admits that, on or about the time specified in the Second Amended Complaint, plaintiff sent an email to Frank Murphy. That email speaks for itself.

27. Thomas denies the allegations of paragraph 27 of the Second Amended Complaint.

28. Thomas denies the allegations of paragraph 28 of the Second Amended Complaint.

29. Thomas denies the allegations of paragraph 29 of the Second Amended Complaint.

30. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Second Amended Complaint.

31. Thomas denies the allegations of paragraph 31 of the Second Amended Complaint except admits that on or about December 15, 2005, Thomas greeted plaintiff by placing his hand on her shoulder and attempting to kiss her on the cheek.

32. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Second Amended Complaint.

33. Thomas denies instructing any female employee in such a manner and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Second Amended Complaint.

34. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Second Amended Complaint.

35. Thomas denies the allegations of paragraph 35 of the Second Amended Complaint.

36. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Second Amended Complaint.

37. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Second Amended Complaint.

38. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Second Amended Complaint.

39. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Second Amended Complaint.

40. Thomas denies the allegations of the last sentence of paragraph 40 of the Second Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41. Thomas denies the allegations of paragraph 41 of the Second Amended Complaint.

42. Thomas denies the allegations of paragraph 42 of the Second Amended Complaint except admits that the New York Rangers utilize its players in its marketing campaigns.

43. Thomas denies the allegations of the first sentence of paragraph 43 of the Second Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43.

44. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Second Amended Complaint.

45. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Second Amended Complaint.

46. Thomas denies the allegations of the second clause of the first sentence of paragraph 46 of the Second Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46.

47. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Second Amended Complaint.

48. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Second Amended Complaint.

49. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Second Amended Complaint except admits that he worked during the relevant time period.

50. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Second Amended Complaint.

51. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Second Amended Complaint.

52. Thomas denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Second Amended Complaint.

53. Thomas denies the allegations of paragraph 53 of the Second Amended Complaint.

FIRST CAUSE OF ACTION

54. In answer to paragraph 54 of the Second Amended Complaint, Thomas repeats and re-alleges paragraphs 1-53 of this Answer as if fully set forth herein.

55. Thomas denies the allegations of paragraph 55 of the Second Amended Complaint with respect to himself and, upon information and belief, denies them with respect to MSG.

56. Thomas denies the allegations of paragraph 56 of the Second Amended Complaint.

57. Upon information and belief, Thomas denies the allegations of paragraph 57 of the Second Amended Complaint with respect to MSG, and to the extent the allegations contain conclusions of law, they require no response.

58. Thomas denies the allegations of paragraph 58 of the Second Amended Complaint with respect to himself and, upon information and belief, denies them with respect to MSG.

## SECOND CAUSE OF ACTION

59. In answer to paragraph 59 of the Second Amended Complaint, Thomas repeats and re-alleges 1-58 of this Answer as if fully set forth herein.

60. Thomas denies the allegations of paragraph 60 of the Second Amended Complaint with respect to himself, and upon information and belief, denies them with respect to MSG.

61. Thomas denies the allegations of paragraph 61 of the Second Amended Complaint.

62. Upon information and belief, Thomas denies the allegations of paragraph 62 of the Second Amended Complaint with respect to MSG and, to the extent the allegations contain conclusions of law, they require no response.

63. Thomas denies the allegations of paragraph 63 of the Second Amended Complaint with respect to himself and, upon information and belief, denies them with respect to MSG.

64. Thomas denies the allegations of paragraph 64 of the Second Amended Complaint with respect to himself, and upon information and belief, denies them with respect to MSG.

## THIRD CAUSE OF ACTION

65. In answer to paragraph 65 of the Second Amended Complaint, Thomas repeats and re-alleges paragraphs 1-64 of the Answer as if fully set forth herein.

66. To the extent the allegations of paragraph 66 of the Second Amended Complaint relate solely to MSG and James L. Dolan ("Dolan"), they require no response by Thomas. To the extent they relate to Thomas, Thomas denies the allegations.

67. The allegations of paragraph 67 of the Second Amended Complaint relate solely to MSG and therefore require no response by Thomas, and to the extent the allegations contain conclusions of law, they require no response.

68. Thomas denies the allegations of paragraph 68 of the Second Amended Complaint.

69. The allegations of paragraph 69 of the Second Amended Complaint relate solely to Dolan and therefore require no response by Thomas, and to the extent the allegations contain conclusions of law, they require no response.

70. To the extent the allegations of paragraph 70 of the Second Amended Complaint relate solely to MSG and Dolan, they require no response by Thomas. To the extent they relate to Thomas, Thomas denies the allegations.

## FOURTH CAUSE OF ACTION

71. In answer to paragraph 71 of the Second Amended Complaint, Thomas repeats and re-alleges paragraphs 1-70 of this Answer as if fully set forth herein.

72. To the extent the allegations of paragraph 72 of the Second Amended Complaint relate solely to MSG and Dolan, they require no response by Thomas. To the extent they relate to Thomas, Thomas denies the allegations.

73. The allegations of paragraph 73 of the Second Amended Complaint relate solely to MSG and therefore require no response by Thomas, and to the extent the allegations contain conclusions of law, they require no response.

74. Thomas denies the allegations of paragraph 74 of the Second Amended Complaint.

75. The allegations of paragraph 75 of the Second Amended Complaint relate solely to Dolan and therefore require no response by Thomas, and to the extent the allegations contain conclusions of law, they require no response.

76. To the extent the allegations of paragraph 76 of the Second Amended Complaint relate solely to MSG and Dolan, they require no response by Thomas. To the extent they relate to Thomas, Thomas denies the allegations. .

77. To the extent the allegations of paragraph 77 of the Second Amended Complaint relate solely to MSG and Dolan, they require no response by Thomas. To the extent they relate to Thomas, Thomas denies the allegations.

### FIFTH CAUSE OF ACTION

78. In answer to paragraph 78 of the Second Amended Complaint, Thomas repeats and re-alleges paragraphs 1-77 of this Answer as if fully set forth herein.

79. The allegations of paragraph 79 of the Second Amended Complaint relate solely to MSG and require no response by Thomas.

80. The allegations of paragraph 80 of the Second Amended Complaint relate solely to MSG and require no response by Thomas.

81. The allegations of paragraph 81 of the Second Amended Complaint relate solely to MSG and require no response by Thomas.

### SIXTH CAUSE OF ACTION

82. In answer to paragraph 82 of the Second Amended Complaint, Thomas repeats and re-alleges paragraphs 1-81 of this Answer as if fully set forth herein.

83. The allegations of paragraph 83 of the Second Amended Complaint relate solely to MSG and require no response by Thomas.

84. The allegations of paragraph 84 of the Second Amended Complaint relate solely

to MSG and require no response by Thomas.

85.  The allegations of paragraph 85 of the Second Amended Complaint relate solely to MSG and require no response by Thomas.

## AFFIRMATIVE DEFENSES

86.  The Second Amended Complaint, or portions thereof, fails to state a claim upon which relief can be granted.

87.  Thomas acted lawfully and in good faith without any intent to harass, discriminate or retaliate against plaintiff.

88.  Thomas treated plaintiff in a fair, non-harassing manner, without reference to any protected basis.

89.  Plaintiff has failed to mitigate her damages.

90.  Plaintiff has failed to state a claim for recovery of any damages, including punitive damages.

91.  Plaintiff has failed to exhaust her administrative remedies.

92.  Some or all of plaintiff's claims are barred by the applicable statute of limitations.

93.  All or some of plaintiff's claims are barred in that plaintiff, by reason of her own conduct and actions, has waived any right to assert the claims set forth in her Second Amended Complaint.

94.  Plaintiff's claims are frivolous and groundless and known to plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing defendants.

WHEREFORE, Thomas respectfully requests judgment herein as follows:

    1. Dismissing the Second Amended Complaint with prejudice;

    2. Awarding to Thomas attorneys' fees, costs, and disbursements for this action;

    3. For such other and further relief as to this Court seems just and proper.

Dated: New York, New York.
       December 1, 2006
TO:

Judith P. Vladeck (JV 2908)
Kevin T. Mintzer (KM 4741)
Vladeck, Waldman, Elias & Engelhard, P.C.
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7300

*Attorneys for Plaintiff*

Ronald M. Green (RG-7766)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

    - and –

Christopher P. Reynolds (CR-8338)
Amber L. Kagan (AK-7973)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for Defendant Madison Square Garden, L.P.*

MANATT, PHELPS & PHILLIPS, LLP

BY:  s/ L. Peter Parcher
    L. Peter Parcher (LPP 8096)
    O. Peter Sherwood (OPS 3076)
    Lisa Horwitz (LH 8168)
7 Times Square
New York, NY 10036
(212) 790-4500

    - and –

Sue Ellen Eisenberg (SE 4713) – *pro hac vice*
Lucetta V. Franco – *pro hac vice*
Eisenberg & Bogas, P.C.
33 Bloomfield Hills Parkway, Suite 145
Bloomfield Hills, Michigan 48304-2945

*Attorneys for Defendant Isiah Thomas*

80378168.1