UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANUCHA BROWNE SANDERS,                          :

                Plaintiff,           :           06 Civ. 589 (GEL) (DF)

  -against-                                      :           **ORDER**

MADISON SQUARE GARDEN, L.P., et al.,            :

               Defendants.          :
------------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge.**

    This matter has been referred to me by the Honorable Gerard E. Lynch for the resolution of discovery disputes, and the parties have now placed three such disputes before the Court:

    (1)    a dispute regarding the scope and significance of a potential privilege waiver by a former co-worker of Plaintiff's;

    (2)    a request by Defendants to reopen Plaintiff's deposition and to require Plaintiff to produce additional documents regarding her tax returns; and

    (3)    a request by Plaintiff that Defendants be precluded from deposing certain witnesses.

This Order will address each of those disputes, in turn.

## Privilege Waiver

    This first dispute between the parties, regarding a potential privilege waiver, was brought before the Court by counsel during Plaintiff's deposition of a third-party witness, Karin Buchholz ("Buchholz"). The Court reserved decision, so as to afford the parties an opportunity to make written submissions to the Court. The parties agreed that Plaintiff's counsel would

1

forego further questioning of the witness as to the matters in dispute, and, if necessary, the witness would reappear for a short, continued deposition following the Court's ruling.

According to Plaintiff's counsel (the law firm of Vladeck, Waldman, Elias & Engelhard, P.C.), the firm was initially approached for legal advice by two women who were both employed by defendant Madison Square Garden, L.P. ("MSG") – Plaintiff and Buchholz. The two women initially met with counsel together, and then later had their own separate conversations with the firm. Plaintiff has not waived attorney-client privilege regarding her communications with counsel, but MSG's counsel (who is also representing Buchholz in connection with this matter) has taken inconsistent positions as to whether Buchholz has waived her own privilege.

In a November 2006 letter to the Court, Buchholz's counsel stated, seemingly unequivocally, that "Buchholz has waived the privilege as it pertains to her." (*See* Letter to the Court from Teresa M. Holland, Esq., dated Nov. 22, 2006, at 2.) At Buchholz's deposition, however, her counsel instructed her not to answer certain questions, and then informed the Court that Buchholz would only be prepared to waive privilege if Plaintiff's counsel were willing to agree that, by questioning Buchholz as to her separate communications with the Vladeck firm, Plaintiff could be opening the door to questioning by MSG as to the content of communications during the women's joint meetings with the firm. (*See* Transcript of Buchholz deposition, dated Jan. 19, 2007, at 163-64.) Thus, at the deposition, Buchholz's counsel contended that no privilege had yet been waived by Buchholz, a contention Plaintiff is now apparently willing to accept. (*See* Letter to the Court from Anne C. Vladeck, Esq., dated Feb. 7, 2007, at 1 ("Plaintiff does not seek to challenge Buchholz's assertion of the privilege.").) Just to confuse matters

2

further, however, Buchholz's counsel now takes the position that "Buchholz has neither invoked nor waived her privilege and that issue remain[s] unresolved." (Letter to the Court from Barry A. Cozier, Esq., dated Feb. 15, 2007, at 3.)

In light of counsel's seeming flip-flopping as to whether or not Buchholz has waived attorney-client privilege, and after considering the application made to the Court during the course of the deposition, as well as the parties' subsequent submissions, the Court hereby makes the following rulings:

1.    If Buchholz elects to waive attorney-client privilege, then, if asked either at deposition or trial by counsel for any party to disclose the content of attorney-client communications between Buchholz and the Vladeck firm, Buchholz shall respond only to the extent she is able to give a full and fair answer to the question without revealing the contents of attorney-client communications made during any joint meeting among Plaintiff, Buchholz, and the Vladeck firm.  As pointed out by Plaintiff, "'[o]ne client does not have authority to waive the privilege with respect to another co-client's communications with their common lawyer.'" (Letter to the Court from Anne C. Vladeck, Esq., dated Feb. 7, 2007, at 4 (quoting *The Jordan (Bermuda) Investment Co., Ltd. v. Hunder Green Investments Ltd.,* No. 00 Civ. 9214, 2006 WL 2773022, at *1 (S.D.N.Y. Sept. 27, 2006)).)  As Plaintiff has not waived privilege, Buchholz may not unilaterally effect such a waiver, nor may Buchholz disclose the women's joint communications with counsel, which remain protected under a "common interest" privilege.  If Buchholz indicates that she is unable to provide a full and fair answer to a question without revealing Plaintiff's communications or joint communications, then she should be directed not to answer the question, so as to preserve Plaintiff's privilege.

2. If Buchholz elects to assert privilege in response to deposition questions posed to her by Plaintiff, then she may not proceed to testify as to any privileged communications at the trial of this action, or in connection with any other aspect of these proceedings.

3. Counsel for Buchholz is directed to inform Plaintiff's counsel within two days of receipt of this Order as to whether Buchholz wishes to assert, or not assert, the privilege in connection with this case. If Buchholz elects to waive privilege, then Plaintiff's counsel may continue Buchholz's deposition so as to pose additional questions to her regarding her communications with the Vladeck firm, separate from any communications made in meetings also attended by Plaintiff. Any such questioning shall not exceed two hours, and it is the Court's expectation that counsel should be able to cover this area in considerably less time than that.

## Defendants' Request For Further Discovery Regarding Plaintiff's Tax Returns

Defendants contend that the copies of Plaintiff's tax returns that were produced to Defendants in compliance with a prior Order of the Court suggest either (a) that Plaintiff, contrary to her obligations to MSG, was engaged in a side business while she was employed by MSG, or (b) that Plaintiff falsely represented to the IRS that she was engaged in such a business and claimed business deductions to which she was not entitled, during the period of her employment. MSG contends that either of these conclusions would support its "after-acquired evidence" defense limiting Plaintiff's alleged damages, as, according to MSG, it would have terminated Plaintiff's employment under either of the above circumstances. On this subject, Defendants seek additional discovery from Plaintiff, to which Plaintiff objects. These disputes are resolved as follows:

4. Defendants' application for additional time to depose Plaintiff is denied. The Court has reviewed the November 6, 2006 Order of Judge Lynch, which permitted Defendants two days to conduct Plaintiff's deposition, and made clear that any request by Defendants to continue the deposition beyond that time would be granted only upon a showing that relevant areas were not adequately addressed despite Defendants' "diligent and efficient questioning." Further, the November 6 Order made plain that, if such a request were to be made, the Court would "carefully consider whether the transcript discloses footdragging, excessive lawyer squabbling, or repetitive or excessive questioning by either side." Yet in connection with their request to continue Plaintiff's deposition, Defendants have not placed the existing deposition transcript before the Court, nor made any attempt to demonstrate that they were unable to depose Plaintiff fully regarding the relevant issues they have identified – *i.e.*, any side business activities in which Plaintiff may have been engaged during her employment with MSG and the accuracy of the business deductions that were reported in Plaintiff's tax returns for the period of her employment. Copies of the tax returns were produced to Defendants prior to the deposition; Defendants were well aware of the relevant issues at the time of the deposition; and Defendants in fact questioned Plaintiff regarding both her business activities and the deductions reflected on the tax returns. Although Defendants argue that they now need to ask Plaintiff about purportedly inconsistent testimony given by other witnesses on these subjects, depositions are not meant to be a round-robin exercise, where every time an additional witness testifies, the deposing party may return to an earlier deposition to check what the initially-deposed witness would say about the later witness's testimony. In short, Defendants have not provided an adequate justification for re-opening Plaintiff's deposition.

5. Defendants' request that the Court direct Plaintiff to provide authorizations for the release of her 2000-2004 tax returns by the IRS is denied, provided Plaintiff is prepared to stipulate that the unsigned copies of the tax returns she has produced for those years are accurate copies of tax returns that were actually filed. If Plaintiff is not prepared or able to so stipulate, then Plaintiff should provide the requested authorizations. As Defendants argue persuasively that evidence of Plaintiff's actually-filed tax returns is relevant to a defense in this case, such evidence is properly discoverable, unless the need for such discovery can be obviated by stipulation.

6. Defendants' request that Plaintiff be required to produce "all documents not previously produced that she exchanged with her tax preparers" is denied, provided Plaintiff confirms to Defendants in writing that she is not in possession, custody or control of any such documents related to any side business in which she may have been engaged during the period of her employment, or related to any business deductions that may have been sought or claimed by her on her tax returns for that period. If, however, Plaintiff has possession, custody or control of any such documents, they should be produced. To the extent Defendants seek documents that do not relate to any side business activity or potential tax deductions for business expenses, Defendants have not demonstrated the relevance of such documents, and the request is denied.

**Plaintiff's Application To Preclude Further Depositions by Defendants**

The parties previously represented to the Court that they anticipated that they could complete discovery, including "at least eight new depositions," by February 28, 2007, and that no further extensions of the discovery deadline would be needed. (*See* Letter to the Court from Kevin T. Mintzer, Esq., dated Jan. 29, 2007.) Based on the parties' statements, the Court

6

granted the parties' joint request for an extension to February 28. (*See id.* (Mem. Endors., dated Jan. 31, 2007).) Now, however – without having brought this to Plaintiff's attention before the parties' submission of the January 29 letter – Defendants assert that they wish to take an additional nine depositions, above and beyond the eight referred to in the parties' letter. (*See* Letter to the Court from Teresa M. Holland, Esq., dated Feb. 15, 2007.) Plaintiff protests that this would not only be inappropriate at this late date, but "impossible," given the amount of time remaining in the discovery period and the locations of the witnesses. Plaintiff states that "[t]here are only seven business days left in the discovery period and three of these days are already being used for depositions in this case." (Letter to the Court from Kevin T. Mintzer, Esq., dated Feb. 16, 2007, at 1.) Plaintiff goes on to state that acceding to Defendants' request would translate to having "nine depositions in five different cities during . . . four days." (*Id.*)[1]

Having considered the history of the parties' discussions regarding the time needed to complete discovery in this case; the substantial length of time that Defendants have known of the additional witnesses; the potential relevance of the witnesses' testimony; the burden that the additional depositions would pose to Plaintiff's counsel; the feasibility of the proposed depositions given the witnesses' locations; and the content of the parties' January 29 submission to the Court, this dispute is resolved as follows:

---

[1] By a supplemental letter to the Court, Plaintiff's counsel further informs the Court that, on the afternoon of February 16, counsel received a copy of Defendants' subpoena for the ninth of the nine additional witnesses, scheduling that deposition for California, which would presumably bring the total number of cities to six. Plaintiff states that another deposition in this case had previously been scheduled to take place in New York, and notes: "We cannot attend two depositions at the same time on different coasts." (Second Letter to the Court from Kevin T. Mintzer, Esq., dated Feb. 16, 2007.)

7.	The discovery deadline in this case will be extended for two additional weeks, to March 14, 2007, solely for the purposes of:

    (a)	permitting Plaintiff to continue the deposition of Karin Buchholz, under the terms of paragraph 3 above, and

    (b)	permitting Defendants to conduct additional third-party depositions for a total of up to 14 hours.

As to the additional depositions sought by Defendants, all such depositions shall be conducted in New York, on days and at times to be agreed by Plaintiff's counsel, who are directed to work cooperatively with Defendants' counsel to arrive at convenient dates. If any third-party witness located outside the subpoena power of this Court is not willing or able to travel to New York on a voluntary basis, then the deposition shall not be held, as the Court is persuaded that the otherwise-required travel would pose an undue burden to Plaintiff and her counsel at this juncture, and that, in the circumstances presented, a telephone deposition would not be an adequate alternative. Defendants may use the additional time to depose two witnesses for seven hours each, or seven witnesses for two hours each, or any other number of the witnesses it has identified to the Court, as long as the total deposition time does not exceed 14 hours. All other discovery shall be completed by February 28, 2007.

Dated:	New York, New York
       February 16, 2007

                                              SO ORDERED

                                              DEBRA FREEMAN
                                              United States Magistrate Judge

<u>Copies to</u>:

Anne C. Vladeck, Esq.
Kevin T. Mintzer, Esq.
Vladeck, Waldman, Elias & Engelhard, P.C.
1501 Broadway, Suite 800
New York, NY 10036

Teresa M. Holland, Esq.
Barry A. Cozier, Esq.
Ronald M. Green, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177

L. Peter Parcher, Esq.
O. Peter Sherwood, Esq.
Lisa G. Horwitz, Esq.
Manatt, Phelps & Phillips
7 Times Square
New York, NY 10036