# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

RONALD M. GREEN
TEL. 212.351.4646
FAX: 212.878.8686
RGREEN@EBGLAW.COM

February 26, 2007

**MEMO ENDORSED**

*Application for reconsideration denied. Defendants have not raised any facts or legal grounds overlooked by the Court.*

**BY HAND**

Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
for the Southern District of New York
500 Pearl Street, Room 525
New York, New York 10007-1581

SO ORDERED:   DATE: 3/2/07

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

Re: Anucha Browne Sanders v. Madison Square Garden, L.P.,
    Isiah Lord Thomas, III and James L. Dolan
    SDNY Case No. 06 CV 0589 (GEL) (DCF)

Dear Judge Freeman:

This firm represents Defendants Madison Square Garden ("MSG") and James L. Dolan (hereinafter "Defendants") in the above referenced matter. We respectfully request that Your Honor reconsider that portion of the Order dated February 16, 2007 wherein Your Honor denied Defendants' request that the Court direct Plaintiff to provide authorizations for the release of her 2000-2004 tax returns by the IRS "provided Plaintiff is prepared to stipulate that the unsigned copies of the tax returns she has produced for those years are accurate copies of tax returns that were actually filed." See, Order dated February 16, 2007, at 6 attached hereto as Exhibit A.

In his Order dated November 6, 2006, Judge Lynch provided that Plaintiff "produce copies of her tax returns for tax years beginning in 2000." Your Honor noted in her Order that "[a]s Defendants argue persuasively that evidence of Plaintiff's actually-filed tax returns is relevant to a defense in this case such evidence is properly discoverable unless the need for such discovery can be obviated by stipulation." We respectfully maintain that Judge Lynch intended that Plaintiff provide actual copies of the filed and signed tax returns, not the unsigned and incomplete versions of any returns Plaintiff may now represent she filed. Since neither Plaintiff nor her accountants have produced the filed copies, nor any proof of filing for any of the

ATLANTA · CHICAGO · DALLAS · HOUSTON · LOS ANGELES · MIAMI
NEWARK · NEW YORK · SAN FRANCISCO · STAMFORD · WASHINGTON, D.C.

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

NY:1637367v3

Dockets.Justia.com

Hon. Debra C. Freeman
February 26, 2007
Page 2

subject tax years, the only objective means to confirm and obtain the actual filed returns is directly from the IRS.

Moreover, any representation by Plaintiff that the unsigned versions are accurate copies of the returns she actually filed cannot be relied upon, given the inconsistencies arising from the deposition testimony of her three accountants and Plaintiff's own deposition testimony. Plaintiff acknowledged in her deposition testimony that income tax returns she filed with the IRS and with New York and New Jersey taxing authorities were "incorrect" with regard to her claimed direct marketing business and business deductions. See Deposition of Anucha Browne-Sanders, November 28, 2006 ("Browne Sanders Dep."), 42:20-43:5 attached hereto as Exhibit B. Plaintiff's returns for 2001, 2002 and 2003 claimed deductions for the same business. Further, Plaintiff knew as of April 2006 that her 2004 return contained deductions for a direct marketing business when she spoke with her accountant about those deductions. Deposition of Brock Weaver, CPA on December 21, 2006 ("Weaver Dep."), 76:21-77:19 attached hereto as Exhibit C. Her deposition testimony that she only became aware that the returns were "incorrect" upon reviewing the returns following Judge Lynch's November 6, 2006 order is inconsistent and self-serving. Browne Sanders Dep. 42:20-43:5 attached hereto as Exhibit B. Following Judge Lynch's order, she purportedly corrected two years of inaccurate tax returns resulting in her owing some $38,000 in back taxes. She elected not to correct the remaining two years of "incorrect" returns apparently because her accountant advised her that she was insulated from further back tax liability because of the applicable statute of limitations, and, thereby, knowingly received individual tax benefits that she was not qualified to receive for tax years 2001 and 2002. Deposition of Leon Reimer, January 22, 2007 ("Reimer Dep."), 67:4-68:11, attached hereto as Exhibit D. Finally, it appears that Plaintiff had two tax returns prepared for the year 2005. When asked at his deposition however, the accountant who prepared those two returns was unsure which one Plaintiff actually filed with the IRS. Weaver Dep. 49:9-56:7, attached hereto as Exhibit E.

For all of these reasons, Defendants are entitled to independent corroboration of Plaintiff's actual signed tax filings from the IRS as ordered by Judge Lynch and should not have to solely rely on Plaintiff's self-serving representations.

We respectfully request that Your Honor reconsider her ruling in this regard.

Respectfully submitted,

Ronald M. Green

cc: Anne C. Vladeck, Esq.
L. Peter Parcher, Esq.

NY:1637367v3