UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

ANUCHA BROWNE SANDERS,

        Plaintiff,

        -v-

MADISON SQUARE GARDEN, L.P., et al.,

        Defendants.

--------------------------------------------------------------x

: 06 Civ. 589 (GEL)

: **ORDER**

GERARD E. LYNCH, District Judge:

        In a remarkable exercise in overkill, the parties in this sexual harassment action devote 34 single-spaced pages of briefing and 37 exhibits to a dispute over whether what amounts to three lines of an attorney's e-mailed thoughts, of no conceivable legitimate evidentiary use to anyone, which were inadvertently produced in a discovery production of thousands of pages, should be returned as protected by attorney-client or work product privilege.[1]

        The dispute mainly concerns three e-mail messages from Marc Schoenfeld, then-acting General Counsel of defendant Madison Square Garden ("MSG"). The messages are succinct. Two consist of single-sentence comments on information sent to Schoenfeld in e-mails from employees of his client. (The underlying e-mails *to* Schoenfeld have been produced without dispute.) The third consists of a single word of commentary, plus a couple of sentences conveying simple facts about an organization referenced in the preceding e-mail chain.

        These three communications are transparently, on their face, attorney work product. They contain the evaluative thoughts of an attorney, who was responsible for coordinating MSG's response to anticipated litigation, regarding the positive or negative impact of certain facts presented to him (which facts have been fully disclosed) on the client's litigation position. They are accordingly privileged. Plaintiff does not even attempt to argue that the privilege is overcome by any legitimate need for their disclosure.

        The privilege has not been waived by the assertion of certain defenses. Defendant has adequately demonstrated that Schoenfeld was not part of the internal investigation on which

---

[1] The large number of discovery disputes in this case led this Court to refer the matter to Magistrate Judge Freeman for supervision of discovery. Judge Freeman recused herself from deciding this particular matter, however, and returned the dispute to this Court for resolution.

Sanders v. Madison Square Garden, L.P. et al        Doc. 45

defendant relies for its <u>Faragher-Ellerth</u> defense, but was instead involved in preparing for expected litigation. Nor did defendant's inadvertent disclosure of the e-mails constitute a waiver. Particularly where electronic disclosure is in issue, the inadvertent disclosure of three brief e-mails among thousands of pages of discovery does not demonstrate any heedlessness on defendant's part in maintaining confidentiality of its communications. This is particularly so where, as here, the emails were included in a privilege log, demonstrating that defendant made a conscious decision to withhold them and that the disclosure was a clerical error rather than a lack of effort to identify and segregate privileged material from the production.

The remainder of the dispute descends from the petty to the barely discernible. MSG also seeks return of three other documents, which contain neither communications by Schoenfeld nor explicit requests for advice, as to which defendant seeks to redact the mere fact that Schoenfeld received copies of or passed on to others e-mails that have otherwise been fully disclosed. The mere fact that a document was "addressed to, sent by or copied to a lawyer" does not render it privileged. <u>JSMS Rural LP v. GMG Capital Partners III, LP</u>, No. 04 Civ. 8591, 2006 WL 1520087, at *5 (S.D.N.Y. June 1, 2006).

This is an entirely avoidable dispute. Lawyers with any sense of professionalism or perspective would have promptly returned the privileged matter to defendants on realizing that it was privileged. And it is inexplicable why any sensible lawyers would waste time and money debating the privileged or non-privileged nature of Schoenfeld's name on a printed-out e-mail.

Accordingly, plaintiff is directed to return to defendant MSG the unredacted versions of the documents Bates-numbered MSG 5376, 5378, and 5335.


SO ORDERED.

Dated: New York, New York
       March 23, 2007


                                        _____
                                        GERARD E. LYNCH
                                        United States District Judge