USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANUCHA BROWNE SANDERS,

                Plaintiff,      :      06 Civ. 589 (GEL) (DF)

-against-                            :      **ORDER**

MADISON SQUARE GARDEN, L.P., et al.,      :

                Defendants.    :
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge.**

    By letter dated April 2, 2007, Defendants have requested (a) an opportunity to inspect the original pages of Plaintiff's journal that Plaintiff has produced in discovery in photocopied form, and (b) that the Court order Plaintiff's counsel to produce, in response to a subpoena to counsel, copies of bills from, and checks issued to, the accountant (Leon Reimer) who prepared Plaintiff's amended 2003 and 2004 tax returns. The Court has considered all parties' positions with respect to these disputes, which are resolved as follows:

    1.    With respect to Plaintiff's journal, the Court notes that, as a general matter, it is reasonable for a party to be afforded an opportunity to review original documents, and the Court appreciates that, as an accommodation to Plaintiff's assertion of burden, Defendants have already agreed to forego viewing the originals of journal pages that Plaintiff produced in redacted form. Nonetheless, Plaintiff credibly asserts that arranging for Defendants to review the remainder of the produced journal, while protecting pages that should not be viewed, will still be burdensome. Further, although Defendants contend that "it is critical for Defendants to be able to inspect the original for possible obliteration or alteration," they have offered

1

absolutely no reason for the Court to believe that any pages of the journal have actually been obliterated or altered. Accordingly, the Court hereby dictates the following compromise: As to journal pages that were produced without redaction (or where the redaction was made upon Defendants' own request), Defendants may now designate up to 100 of those pages that they would like to view in original form,[1] and Plaintiff shall make those pages available for inspection, in any manner that will reasonably ensure that Defendants are not afforded access to pages that were redacted or withheld from production. This number of pages should be sufficiently large to protect against any concern that Defendants may have that, by designating selected pages for review, they will be revealing any strategy or mental impressions regarding this evidence. If, after viewing the designated pages, Defendants can articulate a reasonable basis for questioning the authenticity of any journal entries, and therefore wish to view additional pages in original form, they shall set out for the Court the basis for their concern as to authenticity, and the Court will consider extending the scope of the permitted review.

2.   With respect to the subpoena to the Vladeck firm, and consistent with this Court's prior Order of February 16, 2007, the firm need not produce any bills or checks that do not make any reference to the matters at issue – *i.e.,* the existence of any side business in which Plaintiff may have been engaged during the period of her employment with Defendant Madison Square Garden, L.P., or any business deductions that may have been taken by Plaintiff on her tax returns. Absent any such reference, Defendants have not adequately established the relevance of

---

[1] The Court understands that the photocopies of Plaintiff's journal that were produced included two journal pages on each photocopied page. Where the Court refers herein to "journal pages," it means individual journal pages; thus this Order is not intended to permit Defendants to designate 200 journal pages for review.

2

the subpoenaed documents to the claims or defenses asserted in this action. Indeed, even with such reference, this evidence appears to be marginally relevant, at best.

Dated: New York, New York
April 5, 2007

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Anne C. Vladeck, Esq.
Kevin T. Mintzer, Esq.
Vladeck, Waldman, Elias & Engelhard, P.C.
1501 Broadway, Suite 800
New York, NY 10036

Teresa M. Holland, Esq.
Barry A. Cozier, Esq.
Ronald M. Green, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177

L. Peter Parcher , Esq.
O. Peter Sherwood, Esq.
Lisa G. Horwitz, Esq.
Manatt, Phelps & Phillips
7 Times Square
New York, NY 10036