```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
ANUCHA BROWNE SANDERS,                                      :
                                                            :
                    Plaintiff,                              :
                                                            :       06 Civ. 589 (GEL)
            -v-                                             :
                                                            :       ORDER
MADISON SQUARE GARDEN, L.P., et al.,                        :
                                                            :
                    Defendants.                             :
                                                            :
------------------------------------------------------------x
```

GERARD E. LYNCH, District Judge:

The parties in this case have submitted proposed redactions to the motion papers that are to be filed this week. Defendants argue that their proposed redactions should be granted "to protect [certain] individuals from the unnecessary and uninvited public scrutiny and potential embarrassment that will result from disclosure of their identities." (Letter of Ronald M. Green to the Court, June 22, 2007, at 1.) Plaintiff objects to several of defendants' proposed redactions, arguing that the redactions are unnecessary because they do not contain a "meaningful privacy interest." (Letter of Kevin T. Mintzer to the Court, June 22, 2007, at 2.)

It is well-established that there is a "presumption of access" to judicial proceedings. Geltzer v. Andersen Worldwide, S.C., No. 05 Civ. 3339, 2007 WL 273526, at *2 (S.D.N.Y. Jan. 30, 2007). As our Court of Appeals has emphasized, this presumption "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice . . . . [P]ublic monitoring is an essential feature of democratic control." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). The Second Circuit has instructed that "the weight to be given the presumption of access must be governed by the role of

Sanders v. Madison Square Garden, L.P. et al                                                                Doc. 52

the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. at 1049. Information most clearly due for disclosure includes any "document which is presented to the court to invoke its powers." Id. at 1050. Motions for summary judgment, such as those submitted by the parties in this case, are "most certainly such . . . document[s]." Geltzer, 2007 WL 273526, at *2. "The press and public could hardly make an independent assessment of the facts underlying a judicial disposition, or assess judicial impartiality or bias, without knowing the essence of" such motions, id., which have the potential to dispose of some or all of the merits of a particular case before trial.

Nevertheless, there is certain information in which the press and public do not have an interest, and over which "public monitoring" is not necessary to ensure judicial accountability. Amodeo, 71 F.3d at 1048. Pursuant to § 205(c)(3) of the E-Government Act of 2002 and Judicial Conference Privacy Policy, Pub. L. No. 107-347, 116 Stat. 2899 (the "E-Government Act"), financial account information, social security numbers, dates of birth, and names of minor children must be redacted to protect privacy before filing. See, e.g., Fed. R. Civ. P. 5.2(a), amended by 2007 US ORDER 30 (C.O. 30) (proposed amendment to Federal Rules adopting § 205(c)(3) of the E-Government Act and applying it to paper filings as well as electronic filings). Such personally sensitive information adds little to the efficient and open workings of the judicial system, and neither the public nor the press has a significant interest in access to such information.

Plaintiff only proposes the redaction of the parties' social security numbers. However, defendants' proposed redactions are significantly broader, encompassing such information as contract terms, alleged conversations between employees, and testimony regarding certain MSG

2

employment policies. No privacy interest is implicated by public access to this information. Although, given the identities of the parties in this case, the Court is aware of the possible heightened scrutiny of the parties' filings, such heightened scrutiny generally does not outweigh the public's "right to access" the information: "[L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them." Doe v. Del Rio, 241 F.R.D. 154, 156 (S.D.N.Y. 2006), citing Doe v. Deschamps, 64 F.R.D. 652, 653 (D. Mont. 1974). When the parties chose to avail themselves of the judicial system, they submitted their dispute, not just to this Court, but to public scrutiny generally; the judicial system is part of the "govern[ing]" structure of "a democratic society," and it is accountable not just to the specific parties, but to the American public as a whole. Del Rio, 241 F.R.D. at 158.

Although the named parties availed themselves of the judicial system, various third-parties also are involved in this litigation whose involvement is peripheral to the dispute, and whose personal privacy might be compromised by the public release of personally identifying information contained in the parties' motion papers. While the public has an interest in access to the testimony and other relevant evidence provided by such third-parties, the public does not have a significant interest in knowing the specific identity of these third-parties, whose only connection to this litigation is circumstantial and who should not be subject to the possible scrutiny that often accompanies litigation of heightened public interest, at least where the evidence may implicate the witness's privacy interests and the witness's identity is not essential to understanding the issues being put to the Court. See Fed. R. Civ. P. 5.2(e), amended by 2007 US ORDER 30 (authorizing the Court to "require redaction of [any] additional information" for good cause).

Accordingly, it is hereby ORDERED that plaintiff's proposed redactions are granted, as required by the E-Government Act. In addition, both parties are instructed to redact any other information as required by the E-Government Act, and all references to plaintiff's home address.

Defendants' proposed redactions are denied, with the following exceptions[1]: Proposed Redaction No. 1 is granted only as to references to the individual's name, specific job title, and any other personally identifying information. Proposed Redaction Nos. 2, 3, 4, 7, 9, 12, and 13 are granted only as to references to the specific names of the individuals involved and any other personally identifying information such as addresses and phone numbers. Proposed Redactions Nos. 5 and 6, to which plaintiff does not object, are granted.

The parties are instructed to file the redacted motions in the Court's public docket, and to file unredacted copies of the motion papers under seal, by June 29, 2007. Oral argument on the motions will be held on July 3, 2007, at 10 a.m.

Plaintiff also requests permission to hand file, rather than electronically file, the Declaration of Kevin T. Mintzer in Opposition to MSG's and Dolan's Motion for Partial Summary Judgment, due to the size of the electronic file. Plaintiff's request is granted.

SO ORDERED.

Dated: New York, New York
       June 25, 2007

_____
GERARD E. LYNCH
United States District Judge

---

[1] The following list refers to defendants' Proposed Redaction Chart for Motion Filing.