Exhibit 17

Grey Witzler

CONFIDENTIAL

MSG 13182

1 ~~?~~ 12/23/05
GARY WICKER 11:15
- I DON'T KNOW WHAT TO DO
- INFERRED IT WAS ISIAH?
- I WAS ASKED TO STOP IN AND CHECK WITH THE REFS & ASK IF ALL OK.
- I THINK SHE DID IT ONE GAME
- DON'T KNOW IF ASKED IN PASSING, JOCULAR OR SERIOUS WAY
- PETRA BROUGHT TO ANUCHA & ME IN A MEETING
- NEVER CAME UP AGAIN

Not sure it was Isiah

- ANUCHA SAID WE CAN'T DO THAT, ETC
- " BROUGHT UP RECENTLY

DON'T THINK THERE WAS A FOLLOW UP, SINCE PETRA NEVER MENTIONED AGAIN

Someone ALWAYS GOES IN TO CHECK WITH THE REFS — VIDEO COACHES/MAN
NOT SURE ABOUT LIBERTY

CONFIDENTIAL

MSG 13183

# Exhibit 18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANUCHA BROWNE SANDERS,

               Plaintiff,

      - against -

MADISON SQUARE GARDEN, L.P., ISIAH LORD
THOMAS III AND JAMES L. DOLAN,

               Defendants.

------------------------------------------------------------x

06 Civ. 00589 (GEL) (DCF)

DECLARATION OF
MARC SCHOENFELD,
ESQ.

Marc Schoenfeld, Esq. declares under penalty of perjury:

1. I am Senior Vice President, Legal and Business Affairs for Madison Square Garden, L.P. ("MSG"), and I submit this declaration in support of MSG's application for return of five emails containing attorney-client privileged communications and attorney work product inadvertently produced to Plaintiff.

2. In the time period December 2005 and January 2006, I was one of two Senior Vice Presidents managing the MSG legal department and acting as General Counsel for the areas under my responsibility, including MSG's sports teams and labor and employment issues.

3. On or about December 20, 2005, Plaintiff's counsel stated to me on the telephone that Plaintiff had a "knock down" sexual harassment suit.

4. On December 22, 2005, MSG's primary outside employment counsel, Christopher Reynolds, Esq., and I met with Plaintiff's counsel, at which Plaintiff's allegations were discussed. It is my understanding that Plaintiff's counsel stated to Mr. Reynolds in substance that MSG had to pay in order to teach them a lesson.

5. On December 27, 2005, Plaintiff's counsel demanded $6.5 million in return for a release and Plaintiff's resignation.

6. In or about the last week of December 2005, Plaintiff's counsel reduced Plaintiff's demand to $5,950,000 million.

7. Immediately upon MSG's learning of Plaintiff's allegations through her counsel, MSG assigned John Moran, MSG's Vice President of Employee and Labor Relations, and Rochelle Noel, Esq., an in-house employment lawyer at Cablevision, MSG's parent company, to conduct an internal investigation.

8. I communicated with the investigators to convey Plaintiff's complaint as outlined to me by Plaintiff's counsel in the December 22, 2005 meeting.

9. While the internal investigation was going on, my role was to coordinate MSG's defense of the litigation that Plaintiff's counsel had threatened by communicating with the investigators concerning Plaintiff's claims and the progress of their investigation; coordinating with outside employment counsel, the company human resources and legal personnel not involved in the investigation, and senior management; and providing legal advice.

10. During the course of the investigation, various emails were sent to me for purpose of my providing legal advice and to keep me apprised of the investigation given my role in coordinating MSG's defense.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on March 2, 2007, in New York, New York.

                                                           /s/ Marc Schoenfeld
                                                        MARC SCHOENFELD, ESQ.

# Exhibit 19

**Kevin T. Mintzer**

| | |
|---|---|
| **From:** | creynolds@morganlewis.com |
| **Sent:** | Friday, December 23, 2005 3:26 PM |
| **To:** | Kevin T. Mintzer |
| **Subject:** | Re: Anucha Browne Sanders |

Kevin, consistent with our discussion yesterday on Ms. Browne Sanders' security issue, Marc Schoenfeld has provided her the contact data for Tim Horner of Kroll's executive protection group. He is standing by to talk to her. If there are any issues or concerns, please feel free to email me or contact me on my cell: 917.838.5508.
--------------------------
Sent from my BlackBerry Wireless Handheld

----- Original Message -----
From: "Kevin Mintzer" [kmintzer@vladeck.com]
Sent: 12/22/2005 10:21 PM
To: "Christopher Reynolds" <creynolds@morganlewis.com>; "Judith Vladeck" <jvladeck@vladeck.com>
Cc: "Kevin Mintzer" <kmintzer@vladeck.com>
Subject: Re: Anucha Browne Sanders

Christopher:

Ms. Browne Sanders agrees to the terms contained in your email below. With respect to the security services, we assume that the selected provider will be mutually acceptable to both of our clients. Also, you should be aware that Anucha does plan to come to the office tomorrow, Dec 23, at about noon for an office holiday party with the members of her team. She expects to leave the office by about 2pm. Please let me know if you have any concerns about this. Otherwise, we will be in touch with you by Tuesday of next week to continue our discussions.

Sincerely,

Kevin T. Mintzer
-------------------------------------------
Sent wirelessly via BlackBerry from T-Mobile.

-----Original Message-----
From: creynolds@morganlewis.com
Date: Thu, 22 Dec 2005 18:21:23
To:kmintzer@vladeck.com
Subject: Anucha Browne Sanders

PRIVILEGED AND CONFIDENTIAL
COMMUNICATION IN FURTHERANCE OF SETTLEMENT

Kevin,

Per our earlier telephone conversation, I have drafted the following to memorialize our understanding. Please confirm back to me at your earliest convenience your agreement on behalf of your client. I can be reached via Blackberry at the address below and, if necessary, can reach back to you at a convenient time / telephone number this evening.

1. Commencing immediately, the respective counsel for Madison Square Garden ("MSG") and Anucha Browne Sanders will attempt to expedite a negotiated, good faith resolution of Ms. Browne Sanders' claims. As part of that negotiation, the parties will discuss and consider the terms of an acceptable "exit" from MSG that preserves Ms. Browne

1

Sanders' employability elsewhere.

2. During the pendency of those negotiations, Ms. Browne Sanders will be on paid vacation from her employment and her absence from the office will be explained as such, with the negotiations and alleged claims remaining confidential. Ms. Browne Sanders' paid vacation leave and absence from MSG during this period will not be used by either party as evidence against either party for any purpose, including damages or liability under any federal, state or local statute, common law or other theory.

3. MSG will provide at the earliest opportunity an appropriate level and duration of personal security services to Ms. Browne Sanders after an assessment by professional security personnel designated by MSG, provided that MSG's agreement to provide and the provision of such services will not be used by either party as evidence against either party for any purpose, including damages or liability under any federal, state or local statute, common law or other theory.

4. The foregoing understanding and agreement between the parties will be confidential and deemed in furtherance of settlement pursuant to Fed. R. Evid. 408.

Very truly yours,

Christopher P. Reynolds
Morgan, Lewis & Bockius LLP
Counsel for Madison Square Garden


Christopher P. Reynolds
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York City, New York 10178
212.309.6807 - ph
212.309.6273 - fax
creynolds@morganlewis.com


DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.
?

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit 20

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Christopher P. Reynolds**
Partner
212.309.6807
creynolds@morganlewis.com

December 30, 2005

Confidential Communication:
For Settlement Purposes Only

**BY HAND**

Judith P. Vladek, Esq.
Kevin T. Mintzer, Esq.
Vladeck, Waldman, Elias & Engelhard, P.C.
1501 Broadway, Suite 800
New York, New York 10036-5560

Re: Anucha Browne-Sanders

Dear Mrs. Vladeck and Kevin:

In furtherance of the settlement discussions that began with our understanding embodied in my email of Thursday, December 22 and your verbal demand on Tuesday, December 27, I have attached a term sheet that lays out the specifics of our counter-offer. In order to expedite our negotiations as you requested, I am providing some background to the counter-offer so our position is clearly communicated to you and your client. This letter and its attachment are in furtherance of confidential settlement discussions, contain no admissions by any party and are inadmissible for any purpose pursuant to Fed. R. Evid. 408.

As best as I can determine from your demand and our discussions, your demand was based upon an assumption that your client would not be able to replicate or surpass, over a 20-year future career, the income and position she currently has with Madison Square Garden ("MSG"). We do not share that assumption and see no rational basis to do so, especially in light of what would be her clear obligation to mitigate her alleged damages.

Our counter-offer is premised instead on the commitment that MSG will actively support and facilitate Ms. Browne-Sanders finding new employment, be it in the sports and entertainment industry or elsewhere. Given Ms. Browne-Sanders' background, experience and five-year affiliation with MSG, a well-known industry employer, and MSG's active support, we are

Morgan Lewis
COUNSELORS AT LAW

December 30, 2005
Page 2

confident that Ms. Browne-Sanders can obtain a rewarding and at least equally remunerative career elsewhere.

MSG is ready, willing and able to continue as rapidly as possible our good-faith discussions in order to find a mutually acceptable resolution. That resolution, however, must have a rational basis and we believe our proposal accomplishes that. We look forward to continuing our discussions in a constructive manner. In that regard, I note that you advised me yesterday that your client intends to come to work on Monday, January 2, 2006. Based on her stated intention, you have apparently decided not to continue to honor our understanding embodied in the December 22 email (particularly the second point). If you wish our discussions to continue under a similar or different arrangement, please feel free to contact me. In any event, I look forward to continuing our discussions on behalf of our respective clients. I will be in my office or otherwise reachable next week.

Have a Happy New Year.

Regards,

Christopher P. Reynolds (pmcs)

Christopher P. Reynolds

cc.:    Marc Schoenfeld, Esq.

# Exhibit 21

VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.
COUNSELORS AT LAW
1501 BROADWAY
NEW YORK, N.Y. 10036
TEL 212/403-7300
FAX 212/221-3172

KEVIN T. MINTZER



WRITER'S DIRECT DIAL
403-7348

January 20, 2006

<u>BY FACSIMILE</u>
Christopher P. Reynolds, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178-0060

      Re:   <u>Anucha Browne Sanders and Madison Square Garden</u>

Dear Mr. Reynolds:

      I am writing to confirm our telephone conversation of yesterday.

      You said that your client, Madison Square Garden ("MSG"), had completed its investigation of Ms. Browne Sanders' gender discrimination and sexual harassment complaint. You said that the result of the investigation was that Ms. Browne Sanders' complaint was not supported, and that her account had been contradicted by individuals interviewed during the investigation. You then said that MSG had decided to separate Ms. Browne Sanders from MSG, effective immediately, that I should advise Ms. Browne Sanders of her dismissal, and that a representative of MSG would be contacting her regarding certain administrative matters. You further said, in substance, that MSG had decided to fire Ms. Browne Sanders because she was unable to function effectively in her position, that she had poor interactions with MSG's senior management, and that the organization could not function effectively if she remained employed.

      Please advise me immediately, no later than 4 p.m. today, if you believe that I have in any way inaccurately described our conversation.

                                                      Very truly yours,

                                                      Kevin T. Mintzer

234609 v1

Exhibit 22

# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

TERESA M. HOLLAND
TEL: 212.351.4760
FAX: 212.878-8775
THOLLAND@EBGLAW.COM

February 28, 2007

**BY FACSIMILE**

Kevin Mintzer, Esq.
Vladeck, Waldman, Elias & Englehard, P.C.
1501 Broadway, Suite 800
New York, NY 10036

Re: Anucha Browne Sanders v. Madison Square Garden, L.P.,
Isiah Lord Thomas, III and James L. Dolan
SDNY Case No. 06 CV 0589 (GEL)

Dear Kevin:

Some of the documents identified by Ms. Noel in her deposition relating to Mr. Moran were produced prior to Ms. Noel's deposition and Bates Stamped MSG 41048 and MSG 41049. The drafts of the Summary Investigation, including additional Moran originated documents, reflect advice from counsel and contain confidential attorney-client communications and/or attorney work product and are protected from disclosure, as discussed in our letter of December 6, 2006 to your firm.

We have secured another copy of Mills' Deposition Exhibit 8. Although it is redacted, it is apparent that the 4 above the line relates to a different employee than Ms. Browne Sanders.

Very truly yours,

Teresa M. Holland

TMH:rb

cc: Peter Sherwood, Esq. (by facsimile)

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

NY:1612853v1    EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY