UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ANUCHA BROWNE SANDERS,

          Plaintiff,

- against -

MADISON SQUARE GARDEN, L.P. and
ISIAH LORD THOMAS III,

          Defendants.

------------------------------X

06 Civ. 00589 (GEL)

ECF Case

PLAINTIFF'S RESPONSE TO
DEFENDANT MADISON SQUARE
GARDEN'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

To:  Ronald M. Green, Esq.
     Epstein, Becker & Green, P.C.
     250 Park Avenue
     New York, New York 10177
     Attorneys for Defendant Madison Square Garden, L.P.

      PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Civil Rules 26.2 and 26.3 of the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Anucha Browne Sanders ("plaintiff" or "Sanders"), hereby responds to the First Request for Production of Documents from Defendant Madison Square Garden, L.P., (collectively "defendant" or "MSG").

## GENERAL OBJECTIONS

    1.    Plaintiff responds to the request for production of documents subject to the accompanying objections, without waiving and expressly reserving all such objections. Plaintiff also submits these responses subject to, without intending to waive, and expressly reserving: (a) any objections as to relevancy, materiality, privilege, and admissibility in the above-captioned litigation, or any other action, of any information provided in response to the requests; and (b) the right to

236817 v1

**Response to Document Request No. 57**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected by the attorney-client privilege and work product doctrine. Subject to the general objections, plaintiff states that she has no documents responsive this request.

**Document Request No. 58**

All documents concerning the alleged damages which Plaintiff contends she has sustained and for which she seeks recovery in this lawsuit.

**Response to Document Request No. 58**

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and the general objections, see Responses to Document Requests 59-60 and 62.

**Document Request No. 59**

Copies of all federal, state and local income tax returns (including all schedules, forms, statements and exhibits) filed by Plaintiff, and all pay check stubs, W-2 forms, 1099 forms and other documents reflecting the receipt of income by Plaintiff.

**Response to Document Request No. 59**

Plaintiff objects to this request on the grounds that it is overly broad, unduly invasive of plaintiff's privacy and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing and the general objections, plaintiff produces Document Nos. 26-29 and 3111-3119 as responsive to this

request, which reflect her work-related income from MSG from the period 2002 through 2005 and her work-related income that she has received subsequent to her discharge.

Document Request No. 60

All documents concerning Plaintiff's efforts to obtain employment, consulting or independent contracting engagements, remunerative engagements, or to otherwise secure income after her termination from MSG up to the present time, and all such documents reflecting the result of such efforts, including, but not limited to: resumes, applications, cover letters, documents concerning job offers or rejections, employment contracts and other correspondence between Plaintiff and potential employers and employment agencies.

Response to Document Request No. 60

Plaintiff objects to this request to the extent it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected by the attorney-client privilege and work product doctrine. Subject to the foregoing and the general objections, plaintiff produces Document Nos. 3111-3173 as responsive to this request, which reflect plaintiff's efforts to secure work-related income following her discharge from MSG.

Document Request No. 61

All documents concerning Plaintiff's application for and/or receipt of unemployment insurance compensation, disability benefits, welfare benefits and/or any other assistance from any governmental agency because of unemployment.

Response to Document Request No. 61

Plaintiff objects to this request on the grounds that it is overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected by the attorney-client privilege and

236817 v1

27

Document Request No. 79

All documents concerning Jeff Nix.

Response to Document Request No. 79

Plaintiff objects to this request on the grounds that it is vague, ambiguous, overly broad, seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is protected by the attorney-client privilege and work product doctrine. Subject to the foregoing and the general objections, plaintiff responds see response to Document Request No. 78.

Dated: New York, New York
      June 20, 2006

VLADECK, WALDMAN, ELIAS
& ENGELHARD, P.C.

By: _____
Anne C. Vladeck (AV 4857)
Kevin T. Mintzer (KM 4741)
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, New York 10036
(212) 403-7300

236817 v1                              35