# EPSTEIN BECKER & GREEN, P.C.

**FILE COPY**

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.661.0989
EBGLAW.COM

TERESA M. HOLLAND
TEL: 212.351.4760
FAX: 212.661.0989
THOLLAND@EBGLAW.COM

July 31, 2006

**VIA FACSIMILE and REGULAR MAIL**

Mr. Kevin T. Mintzer, Esq.
Vladeck Waldman Englehard
1501 Broadway, Suite 800
New York, NY 10036

    Re:  Anucha Browne Sanders v. Madison Square Garden, L.P. and
          Isiah Lord Thomas, III
          SDNY Case No. 06 CV 0589 (GEL)

Dear Kevin:

    I am writing to raise several issues with Plaintiff's response to MSG's First Request for Production of Documents in a good faith effort to resolve them without having to involve the court. Please be prepared to discuss the following at the meeting between the parties on Wednesday:

    1.    In response to Document Request No. 4, Plaintiff indicated that she had a responsive audiotape that she would make available for inspection and copying. Please bring this audiotape with you to the meeting.

    2.    With respect to Document Request Nos. 7, 10 and 11, please respond whether any responsive documents exist that are within Plaintiff's possession, custody or control. To the extent that documents have been withheld based on the objections to these requests, please identify what documents have been withheld based on the objections.

    3.    With respect to Document Request No. 12, please provide Plaintiff's unredacted journals for the full period of her employment at MSG. There is no basis for Plaintiff to unilaterally decide not to produce certain entries in her journals on the basis that she believes that they are not relevant or private. The standard is relevant or likely to lead to admissible evidence. Furthermore, since Judge Lynch has ordered that all documents be held in confidence pending agreement to a Confidentiality Stipulation, the Plaintiff may not just withhold information on the basis that she considers it to be other than business related without explaining her basis for doing so for each document.

ATLANTA • CHICAGO • DALLAS • HOUSTON • LOS ANGELES • MIAMI
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.

NY:1248285v3    EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

dockets.Justia.com

Mr. Kevin T. Mintzer, Esq.
July 31, 2006
Page 2

4. With respect to Document Request No. 13, it is unreasonable for Plaintiff to refuse to allow an inspection of her personal computers in order for defendants to ascertain whether there are any documents contained thereon that are relevant to this case or likely to lead to admissible evidence.

5. With respect to Document Request Nos. 37 and 38, please identify whether any documents have been withheld based on the "common interest" privilege, and identify those documents on a privilege log.

6. With respect to Document Request No. 59, to the extent that documents and/or information have been withheld based on Plaintiff's objections to this request, please identify which documents or what information has been withheld.

7. With respect to Document Request No. 60, to the extent that documents and/or information have been withheld based on Plaintiff's objections to this request, please identify which documents or what information has been withheld.

8. With respect to Document Request No. 61, please respond whether any responsive documents exist that are within Plaintiff's possession, custody or control. To the extent that documents have been withheld based on the objections to this request, please identify what documents have been withheld based on the objections.

9. With respect to Document Request Nos. 63 and 64, there is no basis for Plaintiff to unilaterally limit these requests to the time periods that she has selected. Please provide these records for the full period of Plaintiff's employment at MSG. In addition, to the extent that any documents and/or information has been withheld based on Plaintiff's objections to these requests, please identify which documents or what information has been withheld and the basis for not producing such documents and/or information.

10. To the extent that documents have been withheld based on the objections to Document Request No. 79, please explain what is vague or ambiguous about the request and identify what documents have been withheld based on the objections. There is absolutely no basis for Plaintiff to refuse to produce documents concerning Jeff Nix, except for those produced in response to Document Request No. 78. MSG demands that Plaintiff provide a complete response to this Document Request.

Very truly yours,

Teresa M. Holland

cc: Lisa Horwitz, Esq.

NY:1248285v3