VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.

COUNSELORS AT LAW

1501 BROADWAY

NEW YORK, N.Y. 10036

TEL 212/403-7300

FAX 212/221-3172

KEVIN T. MINTZER



WRITER'S DIRECT DIAL
403-7348

August 11, 2006

**BY FACSIMILE AND U.S. MAIL**

Teresa M. Holland, Esq.
Epstein, Becker & Green, P.C.
250 Park Avenue
New York, New York 10177

          Re:    <u>Anucha Browne Sanders v. MSG et. al. No. 06 CV 0589</u>

Dear Teresa:

        We write in response to your letter dated July 31, 2006 concerning plaintiff's discovery responses.

        With respect to MSG Document Request No. 4, we enclose a copy of a responsive audiotape. This is the only audiotape in plaintiff's custody, possession or control that is responsive to MSG's discovery request. We also confirm that plaintiff does not have any documents in her possession, custody or control that are responsive to MSG Document Requests 7, 10, 11 and 61.

        Plaintiff's response to MSG Document Request No. 12 is entirely appropriate. We have produced every non-privileged, business-related entry in plaintiff's journals from December 2003 through the date of her discharge from MSG. Entries pre-dating December 2003 are not relevant to the claims and defenses of this case because plaintiff has not alleged that she was subjected to illegal conduct prior to that month. Similarly, defendants do not have a right to journal entries that are purely personal in nature and that have nothing to do with her employment at MSG. Some of the redacted entries concern plaintiff's children, family and friends; other entries contain medical and financial information. None of this information is relevant to the claims and defenses of the case or is likely to lead to admissible evidence.

        We continue to reject defendants' request to inspect plaintiff's personal computer. You have not cited any authority that requires plaintiff to make her computer available for inspection, and we are not aware of any. Plaintiff has complied with her obligations to produce responsive, non-privileged documents that are maintained on her computer.

239444 v1

...

Teresa M. Holland, Esq.
August 11, 2006
Page 2

With respect to your comments concerning Document Request Nos. 37 and 38, we have previously produced a privilege log to defendants. Please let me know when we will receive defendants' privilege log(s).

In response to MSG Document Request 59, which calls for plaintiff's tax returns and all documents reflecting the receipt of any income by plaintiff since 2000, plaintiff has provided defendants with documents reflecting (1) plaintiff's work-related income from MSG for the period between 2002 through 2005 and (2) plaintiff's work-related income following her dismissal from MSG. Please explain why you believe that MSG is entitled to any other information in response to Request No. 59.

Plaintiff has not withheld any non-privileged documents in response to MSG's Document Request No. 60, which seeks documents concerning plaintiff's job search. As new documents responsive to this request are created over time, plaintiff will supplement her response in accordance with the prevailing rules.

With respect to MSG Document Requests 63 and 64, which seek, respectively, all of plaintiff's telephone bills and travel records from January 1, 2000 through January 19, 2006, we have produced plaintiff's MSG expense reports from May 2003 through September 2005, which reflect her business travel during this period as well as some of her business telephone calls. Plaintiff does not have business telephone or travel records for an earlier or later period. To the extent that defendants seek records concerning plaintiff's personal travel or her personal telephone bills, we reject those requests as seeking irrelevant information and as unduly invasive of plaintiff's privacy. Your letter notably does not provide any rationale for why defendants are entitled to such documents.

Finally, I can confirm that plaintiff has not withheld any non-privileged documents that are responsive to MSG Document Requests 78 and 79.

Sincerely,

Kevin T. Mintzer

Enclosure (one audiotape)

cc:   Lisa Horwitz, Esq. (via facsimile without enclosure)

239444 v1