UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BROWNE SANDERS,

        Plaintiff,

-v-

MADISON SQUARE GARDEN, L.P., et al.,

        Defendants.

-------------------------------------------------------x



06 Civ. 589 (GEL)

ORDER

GERARD E. LYNCH, District Judge:

    The parties have presented by joint letter dated November 1, 2006, a series of discovery disputes. Having considered the parties' positions, the Court rules as follows:

    1. Defendants' renewed request for an extension of the discovery period is denied, except to the extent implicit in the rulings below.

    2. Defendants' proposed scheduling of the depositions of Dolan, Thomas and Marbury is approved. Although plaintiff argues that the proposal is unreasonable, plaintiff agrees that she does "not expect Thomas or Marbury to be deposed on a game day or when they are on the road" (Joint Letter at 2), and does not dispute defendants' assertion that there are effectively no such days in November. Whether or not defendants could or should have made these witnesses available at some earlier point is moot. A schedule has now been proposed that requires only a very modest extension of the discovery period, and the proposed alternative of requiring depositions of all three witnesses before November 15 would require another round of negotiations about the scheduling of other witnesses.

    3. Defendants' request for prior leave to take a three-day deposition of plaintiff is denied. Depositions are presumptively limited to one seven-hour day, Fed. R. Civ. P. 30(d)(2), and the wealth and celebrity of some of the parties to this case does not make the case any more complex than other discrimination cases to which that rule is routinely applied. Plaintiff has agreed to two days of deposition, which should be more than sufficient. Defendant Thomas correctly notes that he has a separate interest in the case and should have an opportunity to ask questions. This interest, however, can be accommodated by reserving four hours of the fourteen provided for questioning by Thomas. This ruling does not foreclose a request for additional time if defendants can demonstrate, after the deposition, that despite diligent and efficient questioning there are relevant areas that were not adequately addressed; if such a request is made, the Court will carefully consider whether the transcript discloses footdragging, excessive lawyer

squabbling, or repetitive or excessive questioning by either side.

4. Plaintiff's request that defendants be required to provide information about other complaints of sex discrimination, sexual harassment or retaliation made by their employees is granted to the following extent:

> a. Madison Square Garden shall produce its agreement with the EEOC and documents concerning any complaints made to the EEOC related to the process that led to that agreement.

> b. Madison Square Garden shall produce any documents relating to claims of sexual harassment, sex discrimination, or retaliation made against Madison Square Garden Sports President Mills or Chairman Dolan from 2000 to the present.

5. Plaintiff's request that defendants be ordered to comply with plaintiff's document request number 63 is granted. This ruling does not reflect any determination that the individuals in question are in any sense appropriate comparators for any discrimination claim by plaintiff. Such a determination can only be made in response to trial objections or motions in limine. But the standard of relevance for discovery is broader than the standard at trial, and the evaluations of employees at the same general level of management as plaintiff are sufficiently relevant to be discoverable.

6. Plaintiff's request that defendants be ordered to comply with plaintiff's document request number 30 is denied. While such information could well be relevant in some hostile environment cases, the conduct in question is remote from the specific allegations in this complaint.

7. Defendants' request that plaintiff be required to provide personal travel and telephone records is denied. Defendants' claim that such records are within "the spirit of the Court's prior ruling" with respect to diary entries potentially "bearing on plaintiff's motive, credibility and external stressors" (Joint Letter at 13) is without merit. Diary entries provide information about plaintiff's thoughts and feelings, and either do or do not corroborate later claims of distressing events. Phone records and travel records provide no such corroborating or non-corroborating information.

8. Defendants' request that plaintiff be ordered to produce copies of her tax returns for tax years beginning in 2000 is granted.

9. Defendants' request for notes relating to Karin Buchholz's participation in attorney interviews is granted in part. Plaintiff shall produce copies of such notes to defendants to the extent there is no claim of work-product privilege. With respect to any documents for which plaintiff claims a privilege, plaintiff shall provide copies of such notes to the Court for in camera inspection.

10. Defendants' request for inspection of plaintiff's home computer is denied, provided that plaintiff's counsel represents in writing that the computer has been properly and diligently searched for all documents and files that are responsive to defendants' discovery requests, and that all such responsive documents and files have been duly produced.

SO ORDERED.

Dated: New York, New York
       November 6, 2006

_____
GERARD E. LYNCH
United States District Judge