UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ANUCHA BROWNE SANDERS,

                Plaintiff,

- against -

MADISON SQUARE GARDEN, L.P.,
ISIAH LORD THOMAS III, AND
JAMES L. DOLAN,

                Defendants.

------------------------------------X

06 Civ. 0589 (GEL)

PLAINTIFF'S SUPPLEMENTAL
DISCLOSURES PURSUANT TO
FED. R. CIV. P. 26

ECF CASE

      Plaintiff Anucha Browne Sanders ("plaintiff" or "Browne Sanders"), by her attorneys Vladeck, Waldman, Elias & Engelhard, P.C., hereby provides the following information to defendants Madison Square Garden, L.P. ("MSG"), Isiah Lord Thomas III ("Thomas"), and James L. Dolan ("Dolan") (collectively, "defendants"):

      Fed R. Civ. P. 26(a)(1)(C): Plaintiff cannot fully calculate her damages at this time. However, based on the information that she currently possesses, plaintiff calculates her damages as follows: $602,568 in back pay to compensate plaintiff, through October 1, 2007, for wages, bonuses, and 401(k) contributions that plaintiff would have received had she not been discriminated against and retaliated against by defendants, less work-related compensation that plaintiff expects to earn in mitigation of her damages through October 1, 2007. Plaintiff also seeks an Order that MSG convey to her all stock options previously granted to her that did not vest as a result of her unlawful termination from MSG, as well as to supplement her pension in the amounts that she would have received if she had remained employed at MSG. In addition,

244026 v1

plaintiff seeks compensation for the penalties and taxes that she will incur (amounts presently unknown) as a result of withdrawing money from her retirement accounts since her unlawful termination from MSG.

To the extent that plaintiff is not reinstated to her former position at MSG, plaintiff will also seek an award of front pay and/or reputational damages to compensate plaintiff, from October 1, 2007 through age 65 (January 5, 2028), for expected lost wages, bonuses, and 401(k) contributions, less any work-related compensation that plaintiff expects to earn in mitigation of her damages, in the amount of $9,762,406. (See attached chart detailing the calculations for back pay and front pay) If plaintiff is not reinstated to her former position at MSG, plaintiff will also seek an Order requiring MSG to make pension payments to her in the amounts that she would have been entitled to receive had her employment not been unlawfully terminated by MSG and had she continued to work at MSG until age 65.

Plaintiff additionally seeks punitive damages from defendants in amounts to be determined by the jury. Plaintiff also seeks attorneys' fees and the costs of this action from defendants in an amount to be determined by the Court. In addition, plaintiff seeks from defendants an award of pre-judgment interest, as well as damages to compensate plaintiff for any adverse tax consequences.

Plaintiff reserves the right to supplement these disclosures as and if additional information becomes available. Plaintiff provides these disclosures without waiving any objections that might apply including, but not limited to, objections relating to privilege, confidentiality, materiality, relevancy or burden.

Dated: New York, New York
       March 19, 2007

                        VLADECK, WALDMAN, ELIAS &
                        ENGELHARD, P.C.

By: _____
     Anne C. Vladeck (AV 4857)
     Kevin T. Mintzer (KM 4741)
     Karen Cacace (KC 3184)
     Attorneys for Plaintiff
     1501 Broadway, Suite 800
     New York, New York 10036
     (212) 403-7300

Attachment to Plaintiff's Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26

| Years | Plaintiff's MSG Salary with 5% Increases | Plaintiff's MSG Bonus 25% of Salary | Plaintiff's 401K ER Contr. 3% of Gross Salary[1] | Plaintiff's MSG Total Compensation | Plaintiff's Job Mitigation with 3% Increases | Difference |
|---|---|---|---|---|---|---|
| 2005 | 0 | 62,500 | 0 | 62,500 | 0 | 62,500 |
| 2006 | 262,500 | 65,625 | 7,750 | 335,875 | 0 | 335,875 |
| 2007 | 275,625 | 68,906 | 8,000 | 352,531 | 107,499[2] | 245,032 |
| 2008 | 289,406 | 72,351 | 8,000 | 369,757 | 115,000[3] | 254,757 |
| 2009 | 303,876 | 75,969 | 8,000 | 387,845 | 118,450 | 269,395 |
| 2010 | 319,070 | 79,761 | 8,000 | 406,831 | 122,003 | 284,827 |
| 2011 | 335,023 | 83,755 | 8,000 | 426,778 | 125,663 | 301,114 |
| 2012 | 351,177 | 87,794 | 8,000 | 446,971 | 129,432 | 317,538 |
| 2013 | 369,363 | 92,340 | 8,000 | 469,703 | 133,314 | 336,388 |
| 2014 | 387,832 | 96,958 | 8,000 | 492,790 | 137,313 | 355,476 |
| 2015 | 407,223 | 101,805 | 8,000 | 517,028 | 141,432 | 375,595 |
| 2016 | 427,584 | 106,896 | 8,000 | 542,480 | 145,674 | 396,805 |
| 2017 | 448,964 | 112,241 | 8,000 | 569,205 | 150,004 | 414,160 |
| 2018 | 471,412 | 117,853 | 8,000 | 597,265 | 154,504 | 442,760 |
| 2019 | 494,984 | 123,746 | 8,000 | 626,730 | 159,139 | 467,590 |
| 2020 | 519,731 | 129,932 | 8,000 | 657,663 | 163,913 | 493,817 |
| 2021 | 545,719 | 136,429 | 8,000 | 690,148 | 168,830 | 521,318 |
| 2022 | 573,005 | 143,251 | 8,000 | 724,256 | 173,895 | 550,360 |
| 2023 | 601,655 | 150,413 | 8,000 | 760,068 | 179,111 | 580,956 |
| 2024 | 631,738 | 157,934 | 8,000 | 797,672 | 184,484 | 613,187 |
| 2025 | 663,325 | 165,831 | 8,000 | 837,156 | 190,018 | 647,137 |
| 2026 | 696,491 | 174,831 | 8,000 | 879,322 | 195,718 | 683,603 |
| 2027 | 731,315 | 182,828 | 8,000 | 922,143 | 201,589 | 720,553 |
| 2028 | 767,881 | 191,970 | 8,000 | 967,851 | 207,636 | 760,214 |
|  | $10,874,899 | $2,718,821 | $175,875 | $13,769,595 | $3,404,621 | $10,364,974 |

---

[1] The employer contribution is calculated based on the statutory limit of an employee's contribution of $15,500 for 2007 and $16,000 for 2008 and beyond.
[2] 10/12 x $129,000 per year as consultant.
[3] $115,000 per year as employee.

244033 v1