UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
ANUCHA BROWNE SANDERS,

                Plaintiff,

     - against -

MADISON SQUARE GARDEN, L.P., ISIAH LORD
THOMAS, III, AND JAMES L. DOLAN,

                Defendants.
------------------------------------- X

Case No. 06 Civ. 568 (GEL) (DCF)

**AFFIDAVIT OF JAMES L. DOLAN**

STATE OF NEW YORK   )
                              )ss.
COUNTY OF NEW YORK )

JAMES L. DOLAN, being duly sworn, deposes and says:

1     I am the Chairman of Madison Square Garden, L.P. ("MSG" or the "Company"). I submit this affidavit in support of MSG's and James L. Dolan's motion for partial summary judgment in the above-captioned action filed by Anucha Browne Sanders ("Plaintiff"), a former employee of MSG. I have personal knowledge of the facts set forth herein.

2.     In or around November 2000, Plaintiff was recruited and hired for the position of Vice President, Marketing, for the New York Knickerbockers ("Knicks"), a division of MSG. On or about March 11, 2002, I approved Plaintiff's promotion to Senior Vice President, Marketing and Business Operations.

3.     In this new position, MSG and I entrusted her with financial and operating responsibility for one of MSG's core businesses – the Knicks. Plaintiff had responsibility over revenue and expenses in the Knicks' $120 million marketing and business operations budget, one of the largest components of the overall MSG operating budget. Her responsibilities required the

NY:1792816v1

utmost financial integrity as she had authority to enter into contracts on MSG's behalf with Knicks' vendors and sponsors and to make substantial financial decisions. As the Knicks' chief marketing officer, moreover, since the time of her hire, Plaintiff was the person we entrusted to promote the Knicks' brand to our business sponsors, fans and local community, a function essential to the Knicks' financial success.

4. I believed Plaintiff was complying with all MSG policies, including those that prohibited illegal conduct and conflicts of interest. I believed that she was a person of honesty and integrity worthy of the trust that MSG had placed in her to publicly promote the Knicks and manage the team's business operations.

5. Had I known during her employment that Plaintiff had falsified her income tax returns in violation of MSG policy, as I understand disclosures during discovery in this matter have shown, MSG would have terminated her employment, as I could no longer trust her to perform her job.

6. Likewise, had I known during her employment that Plaintiff had personally owned and operated a direct marketing business without approval by MSG in violation of MSG's Confidentiality, Code of Business Conduct and Proprietary Property Agreement signed by Plaintiff when she began employment, as I understand disclosures during discovery of this matter have shown, MSG would have terminated her employment.

7. I understand further that Plaintiff has elected not to amend her tax returns for 2001 and 2002 in order to retain the false tax benefit she admittedly obtained for those years. Plaintiff's choice demonstrates a lack of integrity and honesty, such that MSG could never again

employ her in any position of responsibility.

Sworn to before me this
26th day of April 2007.

_____
NOTARY PUBLIC



MARC J. SCHOENFELD
NOTARY PUBLIC, State of New York
No. 02SC5083349
Qualified in New York County
Commission Expires August 11, 2009

_____
James L. Dolan

MARC J. SCHOENFELD
NOTARY PUBLIC, State of New York
No. 02SC5083349
Qualified in New York County
Commission Expires August 11, 2009