UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANUCHA BROWNE SANDERS,

                        Plaintiff,              06 Civ. 0589 (GEL)

                 - against -              ECF CASE

MADISON SQUARE GARDEN, L.P.,
ISIAH LORD THOMAS III, and JAMES        DECLARATION OF ANUCHA
L. DOLAN,                                               BROWNE SANDERS

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       ANUCHA BROWNE SANDERS, under penalty of perjury, affirms and states as follows:

       1.    I am the plaintiff in the above-captioned action and I submit this Declaration in response to defendants Madison Square Garden L.P. ("MSG"), James L. Dolan ("Dolan") and Isiah Thomas' motions for partial judgment summary. My deposition was taken in this matter on November 27 and 28, 2006. I submit this Declaration to provide facts to the Court that were not elicited at my deposition.

       2.    During the course of my employment with MSG, I received many professional and personal honors, including being named one of the top 40 professionals in the sports field under 40 years old by the Sports Business Journal. I was also honored for my work by Greater New York Links, Inc., an organization comprised of 11,000 African-American women nationwide, as well as by the Miracle Makers, a not-for-profit family and children's services group in New York. I believe that these honors reflect the outstanding reputation that I enjoyed before I was fired by MSG.

245460 v1

3. Since I was fired by MSG, I have applied for jobs with hundreds of potential employers in a wide variety of businesses. I am presently working as an independent contractor for a non-profit organization. My annual compensation is less than half of what I had earned during my final year of employment at MSG.

4. While interviewing for positions and/or speaking with executive recruiters or prospective employers about possible jobs, I have been asked repeatedly about the circumstances of my separation from MSG. Some prospective employers and executive recruiters have specifically asked me about this lawsuit in the course of discussions about potential jobs that I ultimately was not offered.

5. At no time during my employment with MSG was I ever told by anyone that I did not have the skills to do my job, that my performance was deficient or that my job was in jeopardy.

6. At no time did I attack Dolan for not understanding the concept of branding or any other "concepts."

7. At no time did I blame Stephen Mills ("Mills") for any errors that I made.

8. I was not directly involved in negotiating contracts with major Knicks vendors and sponsors, such as McDonalds and Foxwoods Casino Hotels, nor did I sign any such contracts on behalf of MSG.

9. On more than one occasion in or about early 2004 when Thomas spoke to me in a hostile manner and called me offensive terms such as "bitch," I told him, in substance, that he should act like a professional and treat me with respect. Nevertheless, Thomas persisted in this behavior.

10. At no time during my tenure at MSG did I seek to have a role in the Knicks' basketball operations department or to make decisions regarding basketball operations matters. Furthermore, I did not object to the organizational changes concerning the basketball operations department that Thomas instituted after he became employed by MSG. I did object to Mills when Thomas and his staff failed to cooperate in essential business operations activities, such as season subscriber events, marketing appearances, and team building functions.

11. In or about the first quarter of 2005, Mills informed me that my annual salary was being increased to $250,000 because I was doing a great job.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 24, 2007 in New York, New York.

_____
ANUCHA BROWNE SANDERS