UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANUCHA BROWNE SANDERS,

            Plaintiff

- against -

         06 CV 0589 (GEL) (DCF)

         ECF CASE

         **AFFIDAVIT OF**
MADISON SQUARE GARDEN, L.P., ISIAH   **LEON M. REIMER**
LORD THOMAS III AND JAMES L. DOLAN

           Defendants.
-----------------------------------------------------------x

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF NEW YORK  )

    LEON M. REIMER, being duly sworn, deposes and says:

1.     I am a Certified Public Accountant in the State of New York.

2.     I have been continuously certified since 1964.

3.     I am the President and majority owner of Leon M. Reimer & Co., P.C., a firm of certified public accountants established in 1969. I have specialized for the past thirty-three years in tax planning and forensic accounting. My expertise includes analyzing financial and tax records of individuals and entities to detect irregularities in reporting, filing and payment matters. I have also represented taxpayers before federal and state taxing authorities for over 35 years. The firm's practice includes tax return preparation and planning for both individuals and entities. I am well-versed in Federal, New York State and New Jersey tax practices and procedures.

4.     On November 16, 2006, I met with Anchua Browne-Sanders.

5.     The purpose of this interview was to meet Mrs. Browne-Sanders and review her

Federal and State Tax Returns for the years 2000-2005.

6. During this interview, I reviewed Mrs. Browne-Sanders' Tax Returns.

7. The 2000 and 2005 Tax Returns appeared to be correct on their face.

8. I determined that the face of the Tax Returns for 2001-2004 appeared to reflect certain erroneous items. These incorrect Returns were all prepared by the same accountant, ███████.

9. The errors on the 2001-2004 Returns prepared by ███████ included the following:

(a) the Federal Tax Returns for these years erroneously stated that Mrs. Browne-Sanders was the Head of Household, a designation that can not be claimed when a taxpayer is married and lives in the same home with her spouse;

(b) certain business expenses had improperly been listed as deductions on Schedule C of the Federal Tax Returns for these years.

10. Mrs. Browne-Sanders told me that she was not in a trade or business and did not know what a Schedule C was. She told me she had never discussed being in a trade or business, Schedule C or business expenses with ███████ and had never supplied him with any amounts pertaining to business expenses.

11. Mrs. Browne-Sanders told me that when she received Returns prepared by an accountant, she signed, but did not review them.

12. I met with Mrs. Browne-Sanders again at my office after the date of this first meeting.

13. Mrs. Browne-Sanders told me at that time that she had requested her entire file from ███████ and that she had provided that entire file to me.

2

14. Mrs. Browne-Sanders' file did not contain any documentation that would indicate that she was in any trade or business or had any deductions that would be reflected on Schedule C for the years 2001-2004, as claimed on the Federal Tax Returns prepared by ███.

15. I was unable to determine how ███ made the decision to claim the business deductions reflected under Schedule C of the Federal Returns for those years. He had not documented his decision to do so or provided notes of conversations with Mrs. Browne-Sanders about these deductions.

16. In my experience as a Certified Public Accountant, the appropriate practice is to document any business deductions that are reflected on Schedule C of a Federal Return.

17. Once I determined that amended Tax Returns needed to be filed to correct the errors I had found, Mrs. Browne-Sanders advised me to do so.

18. Mrs. Browne-Sanders provided me with the documentation I requested to amend these Returns.

19. I believed that the three-year civil Statute of Limitation was applicable to the Income Tax Returns of Mrs. Browne-Sanders that I reviewed. I recommended to Mrs. Browne-Sanders that she should file Amended Returns only for the calendar years 2003 and 2004.

20. My bills for these services were to Mrs. Browne-Sanders, care of Vladeck, Waldman, Elias & Engelhard, P.C. ("the Vladeck firm"). Although the Vladeck firm advanced the payment for my original retainer, thus far I have received all additional payments from Mrs. Browne-Sanders.

21. In my opinion, there were a significant number of technical errors made by ███ ███. It is unlikely that a layman such as Mrs. Browne-Sanders would be able to detect these errors, which included classification as head of household, being eligible for the child care credit

and requirements regarding obtaining written confirmation prior to filing a Federal Income Tax Return for all charitable contributions in excess of $250

22.　In my experience, many laymen do not know what a Schedule C is, or where deductions of any kind are placed on a Federal Tax Return.

                                                                                          LEON M. REIMER

Sworn to before me this
23 day of May, 2007

Notary Public

DONNA GIAQUINTO
Notary Public, State of New York
No. 01GI6051132
Qualified in Westchester County
Commission Expires November 20, 10