UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANUCHA BROWNE SANDERS,

                      Plaintiff,

             - against -

MADISON SQUARE GARDEN, L.P., ISIAH LORD
THOMAS, III, AND JAMES L. DOLAN,

                      Defendants.
------------------------------------------------------------x

Case No. 06 Civ. 568 (GEL) (DCF)

**AFFIDAVIT OF JOHN MORAN**

STATE OF NEW YORK   )
                           )ss.
COUNTY OF NEW YORK  )

         JOHN MORAN, being duly sworn, deposes and says:

         1.     I am the Vice President of Employee and Labor Relations for Madison Square Garden, L.P. ("MSG") and have been employed at MSG in that capacity since July 2002 and am familiar with MSG's employment practices. I submit this affidavit in support of MSG's and James L. Dolan's motion for partial summary judgment in the above-captioned action filed by Anucha Browne Sanders ("Plaintiff"), a former employee of MSG. I have personal knowledge of the facts set forth herein.

         2.     I directed MSG staff to recover MSG files from storage which contain information regarding employees or applicants who have been disciplined for violations of MSG policy, including MSG's Confidentiality, Code of Business Conduct and Proprietary Agreement (the "Agreement"), similar to those I understand, based on disclosures during discovery, Plaintiff committed while an employee of MSG. As demonstrated below, MSG has consistently terminated employees who have engaged in fraudulent, dishonest or unlawful conduct.

3.  The following employee or applicant files are submitted in support of this motion: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4.  I certify that each of the documents which are attached as exhibits to my affidavit have been retrieved from MSG files and are true and accurate copies of the relevant portions of the files of these individuals which bear upon this motion. Such records were made at or near the time the employment action occurred by, or from information transmitted by, a person with knowledge. Such records are kept in the course of MSG's regularly conducted business activity and it was the regular practice of MSG's business activity to make the records.

5.  It is my belief and understanding that the following individuals were not hired or were terminated from employment by MSG and the general circumstances surrounding each are as follows. Unless otherwise stated, my belief and understanding is based on personal knowledge.

   a) ▓▓▓▓▓▓▓▓▓▓ based on my review of the attached documents, the employee, a club seat runner, was terminated in March 1999 based on his arrest for conspiracy to commit bank fraud, and documentary evidence of his fraud, in violation of MSG policy and prior reprimands (see Exhibit A attached hereto);

   b) ▓▓▓▓▓▓▓▓▓▓ based on my review of the attached documents, the employee, an usher, was terminated in February 2001 for unlawful conduct, i.e., he was arrested for felony assault and harassment and pled guilty to the violation of harassment (see Exhibit B attached hereto);

   c) ▓▓▓▓▓▓▓▓▓▓ the employee, an event supervisor, was placed on investigative layoff in August 2004 pending disposition of her case following her arrest for DUI and impersonating an officer (see Exhibit C attached hereto)[1];

---

[1] She was reinstated following a dismissal of her matter on speedy trial grounds.

d) ███████ the employee, a cameraman, was terminated in August 2003 for dishonesty after he was found to have double-booking work as a cameraman for MSG and ABC-TV (see Exhibit D attached hereto);

e) ███████ based on a review of the attached documents, MSG's job offer for a contracts administrator position was rescinded in January 2001 after a background investigation revealed that she had falsified her job application, i.e., she had falsely stated that she had graduated from college (see Exhibit E attached hereto); and

f) ███████ based on my review of the attached documents, the employee, a television technician, was terminated in June 2001 for dishonesty, i.e., falsifying company records by misrepresenting his marital status to secure medical coverage for a woman who was not his wife (see Exhibit F attached hereto).

6. As the files indicate, ███████████████ and ███████████ all signed the same Employee Code of Conduct and/or the Agreement as was signed by Plaintiff. These rules apply to every employee of MSG, even lower-level employees not entrusted with the high-level responsibilities and duties with which Plaintiff was entrusted.

7. Also attached as Exhibit G is a computer-based entry indicating that Plaintiff attended an Ethics training course entitled Code of Business Conduct/Ethics on October 12, 2004. Such records were made at or near the time the training course occurred by, or from information transmitted by, a person with knowledge. Such records are kept in the course of MSG's regularly conducted business activity and it was the regular practice of MSG's business activity to make the records.

8. Also attached as Exhibit H is Cablevision's Code of Business Conduct and Ethics, applicable to MSG (hereinafter referred to as "MSG's Code of Business Conduct and Ethics"), which was in effect in October 2004.

9. Also attached as Exhibit I is the employee handout provided to all employees attending MSG's 2004 Ethics training session.

10. Also attached as Exhibit J is MSG's 2003 Employee Handbook.

11. Plaintiff's total compensation while employed at the Knicks exceeded $1,100,000. According to the attached MSG records related to Plaintiff's W-2 compensation for 2000-2005, Plaintiff earned $16,346 for the portion of the year she worked in 2000; $158,158 in 2001; $213,916 in 2002; $255,421 in 2003; $248,897 in 2004; and $307,230 in 2005. Copies of the MSG records are attached hereto as Exhibit K. Such records were made at or near the time the W-2 forms were generated by, or from information transmitted by, a person with knowledge. Such records are kept in the course of MSG's regularly conducted business activity and it was the regular practice of MSG's business activity to make the records.

12. Attached hereto as Exhibit L is Plaintiff's receipt of MSG's Code of Business Conduct and Ethics and is dated October 11, 2004. The receipt was maintained in the personnel file of Plaintiff.

13. Attached hereto as Exhibit M is MSG's Statement of Company Values from MSG's internal website, providing that "Cablevision is a business founded upon basic principles of honesty, integrity and a sincere commitment to our employees and our customers."

Sworn to before me this
27th day of April 2007.

_____
NOTARY PUBLIC

MARC J. SCHOENFELD
NOTARY PUBLIC, State of New York
No. 02SC5083349
Qualified in New York County
Commission Expires August 11, 2009

_____
John Moran

NY:1792951v1

- 4 -