UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ANUCHA BROWNE SANDERS,                 :
                    Plaintiff,         :
                                       :   06 CV 0589 (GEL) (DCF)
        - against -                    :
                                       :   ECF CASE
MADISON SQUARE GARDEN, L.P., ISIAH LORD :
THOMAS III AND JAMES L. DOLAN,         :
                                       :
                    Defendants.        :
------------------------------------- x


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
MADISON SQUARE GARDEN, L.P.'S
<u>MOTION FOR LEAVE TO AMEND ITS ANSWER</u>




EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211

212.351.4500

Attorneys for Defendants Madison Square Garden, L.P. and James L. Dolan

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
| I. DEFENDANT SHOULD BE GIVEN LEAVE TO AMEND ITS ANSWER TO ASSERT A COUNTERCLAIM | 3 |
|     A. Nature Of The Counterclaim | 4 |
|     B. Defendant's Counterclaim Has Merit | 5 |
|         1. Breach of Fiduciary Duty and Loyalty | 6 |
|     C. Defendant Filed This Motion In A Timely Manner | 8 |
|     D. Defendant Does Not Bring This Motion In Bad Faith | 10 |
|     E. Plaintiff Will Not Be Prejudiced If Defendant Is Granted Leave To Amend Its Answer | 11 |
| CONCLUSION | 12 |

# TABLE OF AUTHORITIES

## CASES

 PAGE

Adam v. Jacobs, 950 F.2d 89 (2d Cir. 1991)..........................................................................5

Affiliated FM Insurance Co. v. Jou Jou Designs, Inc., Nos. 90 Civ. 8262,
96 Civ. 5194, 1997 WL 150139 (S.D.N.Y. March 28, 1997)............................................... *passim*

American Federal Group, Ltd. v. Rotherberg, No. 91 Civ. 7860 (THK),
2003 WL 22349673 (Oct. 14, 2003)..........................................................................7

Bank of New York v. Sasson, 786 F. Supp. 349 (S.D.N.Y. 1992)..........................................4

Bigda v. Fischbach Corp., 849 F. Supp. 895 (S.D.N.Y. 1994)..............................................4

Critical-Vac Filtration Corp. v. Minuteman International, Inc.,
233 F.3d 697 (2d Cir. 2000)....................................................................................5

Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928 (1977)..............................................................6, 8

Foman v. Davis, 371 U.S. 178 (1962)....................................................................................3

Jones v. Ford Motor Credit Co., 358 F.3d 205 (2d Cir. 2004).............................................5

Maritime Fish Products, Inc. v. World-Wide Fish Products, Inc., 100 A.D.2d 81,
474 N.Y.S.2d 281 (1st Dep't 1984)........................................................................7

McCoy v. Goldberg, 845 F. Supp. 155 (S.D.N.Y. 1994)......................................................10

Murray v. Beard, 102 N.Y. 505 (1886)..............................................................................6-7

Peirez, Ackerman & Levine v. Starr, No. 92 CIV. 7958,
1994 WL 48811 (S.D.N.Y. Feb. 17, 1994)..........................................................3, 5, 6, 9

Phansalkar v. Andersen Wienroth & Co., L.P., 344 F.3d 184 (2d Cir. 2003)...................6, 7, 8

Primetime 24 Joint Venture v. DirectTV, Inc., No. 99 CIV. 3307,
2000 WL 426396 (S.D.N.Y. April 20, 2000) ........................................................ *passim*

Resorts & Motel Advancement Development Agency, Ltd. v. Sloan,
160 F.R.D. 449 (S.D.N.Y. 1995) ..........................................................................9, 10, 11

United States v. Acquvella, 615 F.2d 12 (2d Cir. 1979)......................................................5

## STATUTES

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 5, 6

Fed. R. Civ. P. 13 ............................................................................................................ 4

Fed. R. Civ. P. 15 ................................................................................................... 1, 3, 4

## TREATISES

Restatement (Second) Agency § 469 (1958) ................................................................. 6

Defendant Madison Square Garden, L.P. ("MSG" or "Defendant" or the "Company") submits this memorandum of law in support of its motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend its Answer to assert a counterclaim against Anucha Browne Sanders ("Plaintiff"). Specifically, Defendant seeks leave to amend its Answer to bring a counterclaim against Plaintiff for breach of fiduciary duty and loyalty. As set forth below, Defendant should be permitted to assert a counterclaim to recover the four years of executive level compensation paid to Plaintiff while she was, unbeknownst to MSG, acting as a faithless servant by committing multiple years of tax fraud, or alternatively, secretly operating an unauthorized direct marketing business. Because the motion is made in good faith, has merit, and will not prejudice Plaintiff, MSG should be permitted to file the proposed Amended Answer and Counterclaim to Plaintiff's Second Amended Complaint, attached as Exhibit A to the accompanying Declaration of Ronald M. Green.

## PRELIMINARY STATEMENT

As set forth in MSG's accompanying memorandum of law in support of its motion for partial summary judgment, by virtue of her employment with MSG, Plaintiff agreed to abide by MSG policies that prohibited illegal activity and/or engaging in any unauthorized outside business while employed by MSG.[1] Despite her agreement, it is now clear that Plaintiff has willfully violated MSG's policies by committing tax fraud beginning in April 2002, or, alternatively, engaging in an unauthorized business beginning February 13, 2001.

Plaintiff was employed by MSG from November 20, 2000 to January 19, 2006. At the time of her termination, she held one of the most important senior level executive positions at MSG and was entrusted with job responsibilities that directly impacted on MSG's

---

[1] There is no need to repeat MSG's factual discussion here, therefore, MSG incorporates the discussion from its motion as if fully set forth herein.

financial success. In the course of discovery, MSG has acquired irrefutable evidence that Plaintiff **(i)** falsified her 2001, 2002, 2003 and 2004 federal, New York State and New Jersey State tax returns in order to substantially decrease her tax liabilities for those years and **(ii)** knowingly retained a false tax benefit for 2001 and 2002 to which she was not entitled; or, **alternatively,** conducted an unauthorized direct marketing business during these four years without MSG's knowledge or consent and in violation of MSG's policies and her written agreement with her employer. During those years, Plaintiff collected over $1,000,000 in compensation from MSG under false pretenses – MSG had no reason to know that either MSG was not her only business interest or that she was violating MSG's express policies prohibiting illegal conduct or unauthorized outside businesses.

If Plaintiff operated an unauthorized business in violation of MSG policies, MSG will seek to recover all compensation paid to Plaintiff from February 13, 2001, the date identified on every one of her 2001, 2002, 2003, and 2004 tax returns as the day she first commenced her unauthorized business, through January 19, 2006, the date of her termination. If, instead, Plaintiff was consistently committing tax fraud beginning with her April 2002 tax return, she violated MSG policy prohibiting employees from engaging in illegal conduct, or in activities or personal financial interests that impair, or appear to impair, an employee's independence, judgment or conflict with her job responsibilities. Given her duties as a highly paid, highly visible MSG executive earning some $200,000+ in compensation each year, entrusted with fiscal and operating responsibility for tens of millions of dollars of MSG's money, Plaintiff had a fiduciary obligation to MSG to avoid illegal conduct. Since she was utterly faithless to her fiduciary duty when she committed her fraud, MSG is entitled to recoup all the compensation it paid to her since April 2002.

2

Based upon the foregoing, Defendant's motion for leave to amend its Answer to assert a counterclaim should be granted so as to permit MSG to recover from Plaintiff previously paid compensation consistent with proof at trial.

## ARGUMENT

### I. DEFENDANT SHOULD BE GIVEN LEAVE TO AMEND ITS ANSWER TO ASSERT A COUNTERCLAIM

"A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure." Primetime 24 Joint Venture v. DirectTV, Inc., No. 99 Civ. 3307, 2000 WL 426396, at *4 (S.D.N.Y. Apr. 20, 2000). Whether such a motion is granted is within the "sound discretion of the court." Id., at *4. It "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In fact, "[t]he United States Supreme Court has emphasized that leave to amend should [not] be denied . . . [i]n the absence of any apparent or declared reason-such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Peirez, Ackerman & Levine v. Starr, No. 92 Civ. 7958, 1994 WL 48811, at *2 (S.D.N.Y. Feb. 17, 1994) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Similarly, "[t]he Second Circuit has repeatedly held that a motion to amend should be denied only for a good reason such as 'undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party.'" Starr, 1994 WL 48811, at *2. Motions seeking leave to add counterclaims are treated no differently. See Affiliated FM Ins. Co. v. Jou Jou Designs, Inc., Nos. 90 CIV. 8262, 96 CIV. 5194, 1997 WL 150139, at *3 (S.D.N.Y. Mar. 28, 1997) ("A court should consider four factors in determining whether to grant leave to add counterclaims: (1) whether the counterclaims are compulsory; (2)

3

whether the pleader has acted in good faith and has not unduly delayed filing the claims; (3) whether the plaintiff would suffer undue prejudice; and (4) whether the pleader raises meritorious claims.") (citations omitted).

Given that Defendant only became aware of Plaintiff's improper, unlawful and disloyal behavior following production of Plaintiff's long withheld tax returns on November 22 and 24, 2006, and then engaged in discovery of same through the March 14, 2007 discovery cutoff, Defendant may bring its proposed counterclaim pursuant to Rule 13(e) of the Federal Rules of Civil Procedure. Rule 13(e) provides that "[a] claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." Alternatively, under Rule 13(f), a court may grant a party's motion to "set up [a] counterclaim by amendment" if the pleader failed originally to assert the claim "through oversight, inadvertence, or excusable neglect, or when justice requires." Fed. R. Civ. P. 13(f). Rule 13(f) should be read together with Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend a pleading "'shall be freely given when justice so requires,'" Bigda v. Fischbach Corp., 849 F.Supp. 895, 905 (S.D.N.Y. 1994) (quoting Bank of New York v. Sasson, 786 F. Supp. 349, 352 (S.D.N.Y. 1992) (Mukasey, J.)). As evidenced below, Defendant has clearly established that leave to amend its Answer has met the applicable standard.

A. <u>Nature Of The Counterclaim</u>

Under Fed. R. Civ. P. 13(a), a counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." "[A] counterclaim ... 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim' ... when there is a 'logical relationship' between the

4

counterclaim and the main claim.'" Jones v. Ford Motor Credit Co., 358 F. 3d 205, 209 (2d Cir. 2004) (quoting United States v. Acquvella, 615 F.2d 12, 22 (2d Cir. 1979)) (footnote omitted). Thus, "[a] claim is compulsory if ... 'the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc., 233 F.3d 697, 699 (2d Cir. 2000) (quoting Adam v. Jacobs, 950 F. 2d 89, 92 (2d Cir. 1991)). Given the substantial evidence uncovered by MSG and its direct relationship to Plaintiff's claims and requested remedies, justice requires that MSG be permitted to assert a counterclaim in this action, rather than a separate action.

B.  Defendant's Counterclaim Has Merit

Defendant's proposed counterclaim for breach of fiduciary duty and loyalty is based upon irrefutable evidence, most of which was provided by Plaintiff herself, and its counterclaim is therefore clearly well founded. "[T]he standard for declining to allow the amendment of pleadings based on the meritlessness of a claim or defense is narrow, that is, the addition will be allowed 'unless it appears to a certainty that [the party opposing the claim or defense] would succeed despite any state of the facts which could be proved in support of [it]." Primetime, 2000 WL 426396, at *10 (citation omitted and emphasis added); Starr, 1994 WL 48811, at *2 ("A futile amendment is one that is clearly frivolous or advances a claim that is legally insufficient on its face, suggesting no colorable grounds for relief.") (citations omitted).

In considering the merit of the proposed counterclaim, "a court should apply the standards applicable to a Rule 12(b)(6) motion to dismiss." Affiliated FM Ins. Co., 1997 WL 150139, at *4 (citation omitted); Starr, 1994 WL 48811, at *2 ("In addressing whether an amendment will be futile, an inquiry must be made comparable to that required by Fed. R. Civ. P. 12(b)(6).") (internal quotations and citations omitted). "[I]t must appear beyond doubt to this

5

Court that [Defendant] can prove no set of facts supporting [its] challenged counterclaim that would entitle [it] to relief." Starr, 1994 WL 48811, at *2 (citations omitted); Primetime, 2000 WL 426396, at *10 ("A motion to amend is not the proper stage at which to determine the merits of this contention.") (citations omitted). As explained below, Defendant's proposed counterclaim is meritorious and is sufficiently pled to sustain its burden pursuant to Rule 12(b)(6).

1. *Breach of Fiduciary Duty and Loyalty*

"Under New York law, an agent is obligated to be loyal to his employer and is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties." Phansalkar v. Andersen Wienroth & Co., L.P., 344 F.3d 184, 200 (2d Cir. 2003) (emphasis added) (internal quotations omitted). "One who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary." Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928, 928 (1977) (citing Restatement (Second) Agency § 469 (1958)). As such, "a principal is entitled to recover from his unfaithful agent any commission paid by the principal." Phansalkar, 344 F. 3d at 200 (citations omitted). "It does not make any difference that the services were beneficial to the principal, or that the principal suffered no provable damage as a result of the breach of fidelity by the agent." Id. (citations omitted).

New York courts have applied the following standard to determine whether an employee's behavior warrants forfeiture of compensation. In Murray v. Beard, 102 N.Y. 505, 508 (1886) (citations omitted), the Court of Appeals stated:

> An agent is held to *uberrima fides* in his dealings with his principal; and if he acts adversely to his employer in any part of the

6

> transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal as to forfeit any right to compensation for services.

In addressing this standard, the court in Phansalkar stated that it suggests that misconduct by an employee that rises to the level of a breach of a duty of loyalty or good faith is sufficient to warrant forfeiture. 344 F.3d at 202.[2]

Plaintiff, in her capacity as an officer of MSG, owed a duty of loyalty to MSG. See, e.g., American Fed. Group, Ltd. v. Rotherberg, No. 91 Civ. 7860 (THK), 2003 WL 22349673, at *10, (S.D.N.Y. Oct. 14, 2003) ("[Defendant] was a shareholder, officer, and employee of AFG. He thus had a duty to deal fairly, in good faith, and with loyalty to the corporation and other shareholders." (internal quotations omitted)) (citing Maritime Fish Prods., Inc. v. World-Wide Fish Prods., Inc., 100 A.D.2d 81, 89, 474 N.Y.S.2d 281, 286 (1st Dep't 1984)) ("It was not enough that [defendant] merely refrain from harming his employer. He had an affirmative duty at all times to act in his employer's best interests." (internal citations omitted)).

As set forth in MSG's policies, Plaintiff's duty to MSG expressly included the obligation to refrain from illegal activity and/or conducting an unauthorized outside business. By committing tax fraud for illicit personal financial gain in violation of MSG policy, Plaintiff breached her common law fiduciary obligation and duty of loyalty. Similarly, Plaintiff has breached her fiduciary duty and duty of loyalty to MSG by engaging in prohibited conduct that put MSG's business at risk based on such misconduct. Alternatively, Plaintiff breached her duty of loyalty by operating an outside business beginning as early as February 13, 2001, less than two

---

[2] Moreover, New York law does not require specific intent to defraud as a necessary element to render misconduct sufficient to warrant forfeiture. Id. at 204.

7

months after starting working at MSG, as she certified on her 2001-2004 tax returns (unamended as to 2001-2002). Such misconduct warrants forfeiture of her compensation because Plaintiff, a high level officer of MSG, a subsidiary of Cablevision Systems Corporation, a public company, violated her specific duties to MSG which she acknowledged when she signed MSG's Confidentiality, Code of Business Conduct and Proprietary Property Agreement (the "Agreement") at the beginning of her employment.

It is of no consequence that Plaintiff's misconduct did not result in any actual damages to MSG. See, e.g., Phansalkar, 344 F.3d at 200 (quoting Feiger, 41 N.Y.2d at 928-929 (it does not make any difference that "the principal suffered no provable damage as a result of the breach of fidelity by the agent")). The Agreement specifically provides that the Company may seek to recover for an employee's breach (especially as here when the violations are so flagrant), stating that "any breach of the agreement will result in . . . immediate termination" and "that the company may, in addition, pursue its legal and equitable remedies in the event of a breach or threatened breach." (emphasis added). Plaintiff cannot legitimately claim surprise that her prior breaches may subject her to affirmative legal action by MSG to recover the compensation MSG paid to her with the reasonable expectation that she was complying with its policies, or that such action is inequitable or unduly harsh.

MSG's proposed counterclaim fairly states a legally-cognizable claim that Plaintiff should be required to reimburse MSG for all forms of her compensation paid during the period of her disloyalty, consistent with the proof at trial.

C.   Defendant Filed This Motion In A Timely Manner

Defendant should be granted leave to file an Amended Answer to assert a counterclaim because it filed the instant motion soon after it fully developed the evidence of Plaintiff's breach of MSG policy. It is settled that in the absence of undue delay, bad faith,

8

futility and prejudice, a motion to amend should not be denied. Primetime, 2000 WL 426396, at *5; Starr, 1994 WL 48811, at *2. With regard to delay, "the Second Circuit has held that, [m]ere delay absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." Affiliated FM Ins. Co., 1997 WL 150139, at *3 (citations omitted); see also Primetime, 2000 WL 426396, at *5 ("Delay alone-without some showing of bad faith or prejudice-is not . . . a sufficient basis for denying leave to amend."); Resorts & Motel Advancement Dev. Agency, Ltd. v. Sloan, 160 F.R.D. 449, 451 (S.D.N.Y. 1995) ("[D]elay alone is not a sufficient basis for the denial of a motion to amend.") (citation omitted).

On November 22, 2006, Defendants finally received from Plaintiff tax return documents in response to MSG's First Request for Production of Documents which made clear that Plaintiff had conducted an unauthorized business while employed by MSG. On November 24, 2006, Plaintiff produced amended federal and state tax returns for 2003 and 2004 which removed all references to the unauthorized business for those years only. MSG filed its Answer to the Second Amended Complaint on December 1, 2006. Thereafter, on January 23, 2007, ███████ CPA testified at his deposition that Plaintiff had supplied him with the information regarding business deductions for her unauthorized business that then appeared on her 2001-2004 tax returns. Defendants also deposed two other accountants who prepared tax returns for Plaintiff to further develop information regarding her misconduct. Specifically, Defendants deposed Brock Weaver on December 21, 2006 and Leon Reimer on January 22, 2007, both pursuant to subpoena. All of MSG's discovery occurred after Plaintiff interposed a baseless and misleading relevancy objection to the production of her tax returns, only remedied by this Court's November 6 Order.

9

Now, in conjunction with Defendants' motion for partial summary judgment, MSG seeks leave to amend its Answer. It has only been approximately four months since MSG filed its Answer to the Second Amended Complaint; this is not a significant delay, especially as discovery was only completed on March 14, 2007. See Affiliated FM Ins. Co., 1997 WL 150139, at *3 (finding that the proposed counterclaims will not cause substantial further delay, even though defendant seeks leave to amend after five years of litigation); Sloan, 160 F.R.D. at 451 (motion for leave granted despite two-year lapse between the filing of the original answer and the motion to amend); McCoy v. Goldberg, 845 F. Supp. 155, 158 (S.D.N.Y. 1994) (a two and one-half year delay alone is not grounds for denying the motion to amend). Moreover, no previous amendments have been sought by MSG, whereas Plaintiff has already substantially amended her Complaint twice.[3] Consequently, MSG's motion should not be denied based on undue delay.

### D. Defendant Does Not Bring This Motion In Bad Faith

Defendant's motion for leave to amend its Answer to assert a counterclaim should be granted because it is certainly not brought in bad faith. To establish that the movant is acting in bad faith, "there must be something more than mere delay or inadvertence for the court to refuse to allow amendment." Primetime, 2000 WL 426396, at *5 (citations omitted). Rather, "[t]here must be bad faith in the failure to have earlier asserted the pleading." Id., at *7. Defendant is not acting in bad faith by bringing its motion to amend now. Given that Defendant only recently received information and materials lending more definitive evidence in support of its counterclaim, there is simply no cognizable claim that Defendant is acting in bad faith.

---

[3] On January 24, 2006, Plaintiff filed her Complaint in the Southern District of New York. On March 10, 2006, MSG filed its answer. On July 25, 2006, Plaintiff filed her First Amended Complaint adding James L. Dolan as a defendant. On August 21, 2006, MSG filed its answer to the First Amended Complaint. On November 10, 2006, Plaintiff filed her Second Amended Complaint. On December 1, 2006, MSG filed its answer to the Second

E.   Plaintiff Will Not Be Prejudiced If Defendant Is
     Granted Leave To Amend Its Answer

Finally, Defendant's motion seeking leave to amend its Answer to assert a counterclaim should be granted because Plaintiff will not be prejudiced by such an amendment. Prejudice is determined by "whether the assertion of the new claims or defenses would require the opponent to expend significant additional resources to conduct discovery and prepare for trial and whether the amendments would significantly delay the resolution of the dispute." Primetime, 2000 WL 426396, at *5 (citations omitted). "[T]he additional expenditure of time or resources . . . must indeed be significant to justify denying a party's request to amend its pleadings." Id., at *5 (citations omitted); Sloan, 160 F.R.D. at 451 ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.") (citation omitted).

Plaintiff will not be prejudiced if Defendant is permitted to amend its Answer to assert a counterclaim because substantial discovery, and now motion practice, has already taken place regarding the facts at issue here. Since Plaintiff has already produced her tax returns indicating tax fraud and evidence of Plaintiff engaging in an unauthorized outside business, Defendant's counterclaim would require no additional discovery, and, therefore, would result in no delay to this litigation. Primetime, 2000 WL 426396, at *6 (granting motion for leave to amend the Answer where counterclaim would not materially delay the completion of pretrial proceedings in the case). Indeed, Plaintiff has fully participated in all of Defendant's discovery, including depositions, related to her tax fraud and operation of an outside business.

(..continued)
Amended Complaint.

11

## CONCLUSION

Based on the foregoing, Defendant's motion for leave to amend its Answer to assert a counterclaim should be granted, and Defendant should be permitted to file its Amended Answer and Counterclaim to Plaintiff's Second Amended Complaint.

Dated: New York, New York
April 27, 2007

                                                EPSTEIN BECKER & GREEN, P.C.

                                                By: s/Ronald M. Green
                                                       Ronald M. Green (RG-7766)
                                                       Teresa M. Holland (TH-6973)
                                                       Barry A. Cozier (BC-7110)
                                                       Brian G. Cesaratto (BC-5464)
                                                250 Park Avenue
                                                New York, New York 10177-1211
                                                (212) 351-4500

                                                MORGAN, LEWIS & BOCKIUS LLP

                                                Christopher P. Reynolds (CR-8338)
                                                Amber L. Kagan (AK- 7973)
                                                101 Park Avenue
                                                New York, New York 10178
                                                (212) 309-6000

                                                *Attorneys for Defendant Madison Square Garden, L.P. and James L. Dolan*

12

To:   Anne Vladeck, Esq.
      Kevin Mintzer, Esq.
      Vladeck, Waldman, Elias &
      Engelhard, P.C.
      1501 Broadway, Suite 800
      New York, New York 10036
      (212) 403-7300
      *Attorneys for Plaintiff*

      Sue Ellen Eisenberg (SE-4713) –
      *admitted pro hac vice*
      Lucetta Franco (LF-7638) –
      *admitted pro hac vice*
      Eisenberg & Bogas, P.C.
      33 Bloomfield Hills Parkway, Suite 145
      Bloomfield Hills, Michigan 48304-2945

           -and-

      Laurie Berke-Weiss (LB-3445)
      Louis Pechman (LP-6395)
      Berke-Weiss & Pechman LLP
      488 Madison Avenue
      New York, New York 10022
      (212) 538-9500

      *Attorneys for Defendant Isiah Lord Thomas III*