Ronald M. Green  (RG-7766)
Teresa M. Holland (TH-6973)
Barry A. Cozier (BC-7110)
Brian G. Cesaratto (BC-5464)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York  10177
(212) 351-4500

Christopher P. Reynolds (CR-8338)
Amber L. Kagan  (AK-7973)
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

*Attorneys for Defendant*
*Madison Square Garden, L.P.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -  x

ANUCHA BROWNE SANDERS,                              :

                  Plaintiff,             :

                        :    06 CV 0589 (GEL) (DCF)

        - against -                       :

                        :    ECF CASE

MADISON SQUARE GARDEN, L.P., ISIAH LORD        :
THOMAS III AND JAMES L. DOLAN,                     :

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - -  X

### DEFENDANT MADISON SQUARE GARDEN, L.P.'S
### AMENDED ANSWER AND COUNTERCLAIM TO THE SECOND AMENDED
### COMPLAINT OF PLAINTIFF ANUCHA BROWNE SANDERS

    Defendant Madison Square Garden, L.P. ("MSG") treated Plaintiff Anucha

Browne Sanders ("Browne Sanders") fairly and without regard to her sex.  She was neither

discriminated against nor subject to harassment.  The termination of her employment was not

retaliatory but was in fact based upon legitimate business reasons.  Accordingly, MSG, by and

through its attorneys Epstein Becker & Green, P.C. and Morgan, Lewis & Bockius LLP, as and

NY:1796480v1

for its Amended Answer to the Second Amended Complaint of Browne Sanders, states as follows:

1.     MSG denies the allegations set forth in Paragraph 1 of the Second Amended Complaint, except admits that Plaintiff was Senior Vice President, Marketing and Business Operations for the New York Knickerbockers ("Knicks") and therefore had responsibility for the team's marketing and business operations.

2.     MSG denies the allegations set forth in Paragraph 2 of the Second Amended Complaint. MSG further states that during the relevant time period, the players of the Knicks made numerous community and sponsor appearances at the request of Plaintiff and the marketing and community relations departments of the Knicks.

3.     MSG denies the allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.     MSG denies the allegations set forth in Paragraph 4 of the Second Amended Complaint.

5.     MSG denies that it violated any city, state or federal employment statutes or anti-discrimination laws and denies that Plaintiff is entitled to any relief. As to the remaining allegations set forth in Paragraph 5 of the Second Amended Complaint, MSG states that these allegations contain conclusions of law that require no response.

6.     MSG admits that until January 2006, Plaintiff was employed by MSG as Senior Vice President Marketing & Business Operations for the Knicks. MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 6 of the Second Amended Complaint, and, therefore, denies the same.

7.    MSG admits the allegations set forth in Paragraph 7 of the Second Amended Complaint.

8.    MSG admits the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9.    MSG admits that Dolan is Chairman of MSG President and Chief Executive Officer of Cablevision and a citizen of the state of New York. In response to the allegations regarding Dolan's ownership interest, MSG states that Dolan directly or indirectly has a substantial interest in Cablevision, primarily through certain trusts of which he is the beneficiary and further states that MSG is a wholly owned subsidiary of Cablevision.

10.    MSG denies that any amount is in controversy and denies that Plaintiff is entitled to any relief. As to the remaining allegations set forth in Paragraph 10 of the Second Amended Complaint, MSG states that these allegations contain conclusions of law that require no response.

11.    MSG admits that venue is proper within the Southern District of New York. MSG denies that Plaintiff has any claim against the Defendants, and denies that it received proof of service on the City of New York Commission on Human Rights or the Corporation Counsel of the City of New York. MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 11 of the Second Amended Complaint, and, therefore, denies the same.

12.    MSG admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and admits that the EEOC issued a determination of probable cause, but denies the accuracy and truth of the contents of the determination and further denies the adequacy and fairness of the investigation conducted by the

EEOC. MSG admits that the EEOC issued Plaintiff a notice of right to sue, but denies that Plaintiff has complied with the administrative prerequisites of Title VII.

12.    In response to the second paragraph numbered "12" in the Second Amended Complaint, MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Second Amended Complaint, and, therefore, denies the same.

13.    MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Second Amended Complaint, and, therefore, denies the same.

14.    MSG admits that Plaintiff began working for MSG in 2000 as Vice President, Marketing for the Knicks, and denies the remaining allegations set forth in Paragraph 14 of the Second Amended Complaint.

15.    MSG admits that Plaintiff was promoted in February 2002 to Senior Vice President, Marketing and Business Operations of the Knicks and that Plaintiff reported to Steve Mills ("Mills"). MSG also admits that upon the suggestion, and due to the efforts, of MSG's public relations department, Plaintiff was named to the Sports Business Journal's "Forty Under Forty" list in 2002. MSG denies the remaining allegations set forth in Paragraph 15 of the Second Amended Complaint.

16.    MSG admits that as Senior Vice President, Marketing and Business Operations for the Knicks, Plaintiff was responsible for overseeing the marketing, new media, franchise operations, fan development and community relations areas of the Knicks. MSG denies the remaining allegations set forth in Paragraph 16 of the Second Amended Complaint.

17.    MSG denies the allegations set forth in Paragraph 17 of the Second Amended Complaint.

18.    MSG admits the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19.    MSG admits that in early 2004, the players for the Knicks attended a sponsor luncheon.  MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 19 of the Second Amended Complaint, and, therefore, denies the same.

20.    MSG admits that in early 2004, the Knicks lost a basketball game.  MSG denies the remaining allegations set forth in Paragraph 20 of the Second Amended Complaint.

21.    MSG denies the allegations set forth in Paragraph 21 of the Second Amended Complaint.

22.    MSG admits that in 2004, Frank Murphy ("Murphy") was Senior Vice President, Basketball Operations for the Knicks.  MSG denies the remaining allegations set forth in Paragraph 22 of the Second Amended Complaint.

23.    MSG denies the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24.    MSG admits that in or about March 2004, a meeting was held among Plaintiff, Mills and Defendant Isiah L. Thomas ("Thomas") in which Plaintiff's job responsibilities were discussed.  MSG denies the remaining allegations set forth in Paragraph 24 of the Second Amended Complaint.

25.    MSG denies the allegations set forth in Paragraph 25 of the Second Amended Complaint.

26. MSG admits that Plaintiff sent an email to Murphy and states that said email speaks for itself. MSG denies the remaining allegations set forth in Paragraph 26 of the Second Amended Complaint.

27. MSG denies the allegations set forth in Paragraph 27 of the Second Amended Complaint.

28. MSG denies the allegations set forth in Paragraph 28 of the Second Amended Complaint.

29. MSG denies the allegations set forth in Paragraph 29 of the Second Amended Complaint.

30. MSG denies the allegations set forth in Paragraph 30 of the Second Amended Complaint.

31. Upon information and belief, MSG denies the allegations set forth in Paragraph 31 of the Second Amended Complaint, except admits that on or about December 15, 2005, Thomas greeted Plaintiff by placing his hand on her shoulder and attempting to kiss her on the cheek.

32. MSG admits that Browne Sanders met with a management consultant for MSG on two or more occasions in 2005. MSG denies the remaining allegations set forth in Paragraph 32 of the Second Amended Complaint.

33. MSG denies the allegations set forth in Paragraph 33 of the Second Amended Complaint.

34. MSG denies the allegations set forth in Paragraph 34 of the Second Amended Complaint.

35.    MSG denies the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36.    MSG admits that Tasheem Ward and Hassan Gonsalves ("Gonsalves") were hired by MSG in November 2004. MSG denies the remaining allegations set forth in Paragraph 36 of the Second Amended Complaint.

37.    MSG denies the allegations set forth in Paragraph 37 of the Second Amended Complaint, except admits that Vernon Manuel ("Manuel") was employed by MSG, and that Manuel improperly used employee parking privileges and repaid MSG therefor. MSG further states, upon information and belief, that Manuel had a personal relationship with Dolan's stepdaughter.

38.    MSG denies that Plaintiff or any manager within the Knicks' organization was required to hire unqualified individuals as alleged in Paragraph 38 of the Second Amended Complaint.

39.    MSG denies the allegations set forth in Paragraph 39 of the Second Amended Complaint, except admits that Gonsalves' employment with MSG was terminated for "Violation of Company Policy."

40.    MSG denies the allegations set forth in Paragraph 40 of the Second Amended Complaint, except admits that Plaintiff received her most recent performance rating in or around March 2005.

41.    MSG denies the allegations set forth in Paragraph 41 of the Second Amended Complaint.

42.    MSG denies the allegations set forth in Paragraph 42 of the Second Amended Complaint, except admits that the New York Rangers utilizes its players in its marketing campaigns.

43.    MSG denies the allegations set forth in Paragraph 43 of the Second Amended Complaint.

44.    MSG denies the allegations set forth in Paragraph 44 of the Second Amended Complaint.

45.    MSG denies the allegations set forth in Paragraph 45 of the Second Amended Complaint.

46.    MSG denies that Plaintiff was harassed or that Plaintiff "needed to engage an attorney to protect herself from further harassment or discrimination." MSG lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 46 of the Second Amended Complaint, and, therefore, denies the same.

47.    MSG denies the allegations set forth in Paragraph 47 of the Second Amended Complaint, except admits that in or around December 2005, counsel for Plaintiff contacted counsel for MSG.

48.    MSG denies the allegations set forth in Paragraph 48 of the Second Amended Complaint, except admits that MSG investigated Plaintiff's allegations and found that they were unsubstantiated.

49.    MSG denies the allegations set forth in Paragraph 49 of the Second Amended Complaint.

50.    MSG denies the allegations set forth in Paragraph 50 of the Second Amended Complaint, except admits that after its investigation was completed, MSG notified

Plaintiff through her counsel that her allegations were found to be unsubstantiated. MSG further admits that in January 2006, Plaintiff's employment was terminated for legitimate non-discriminatory business reasons.

51.    MSG admits the allegation set forth in Paragraph 51 of the Second Amended Complaint.

52.    MSG denies the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53.    MSG denies the allegations set forth in Paragraph 53 of the Second Amended Complaint.

54.    MSG repeats and reasserts each and every answer to Paragraphs 1 to 53 of the Second Amended Complaint, as if fully set forth herein.

55.    MSG denies the allegations set forth in Paragraph 55 of the Second Amended Complaint.

56.    MSG denies the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57.    MSG denies the allegations set forth in Paragraph 57 of the Second Amended Complaint.

58.    MSG denies the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59.    MSG repeats and reasserts each and every answer to Paragraphs 1 to 58 of the Second Amended Complaint, as if fully set forth herein.

60.    MSG denies the allegations set forth in Paragraph 60 of the Second Amended Complaint, and specifically denies that it violated the Administrative Code.

61.     MSG denies the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62.     MSG denies the allegations set forth in Paragraph 62 of the Second Amended Complaint, and specifically denies that it is liable to Plaintiff under any state or federal law or statute including the Administrative Code.

63.     MSG denies the allegations set forth in Paragraph 63 of the Second Amended Complaint.

64.     MSG denies the allegations set forth in Paragraph 64 of the Second Amended Complaint.

65.     MSG repeats and reasserts each and every answer to Paragraphs 1 to 64 of the Second Amended Complaint, as if fully set forth herein.

66.     MSG denies the allegations set forth in Paragraph 66 of the Second Amended Complaint, and specifically denies that it retaliated against Plaintiff in any way in contravention of any state or federal law or statute, including the Executive Law.

67.     MSG denies the allegations set forth in Paragraph 67 of the Second Amended Complaint.

68.     MSG denies the allegations set forth in Paragraph 68 of the Second Amended Complaint.

69.     MSG denies the allegations set forth in Paragraph 69 of the Second Amended Complaint.

70.     MSG denies the allegations set forth in Paragraph 70 of the Second Amended Complaint.

71.     MSG repeats and reasserts each and every answer to Paragraphs 1 to 70 of the Second Amended Complaint, as if fully set forth herein.

72.     MSG denies the allegations set forth in Paragraph 72 of the Second Amended Complaint, and specifically denies that it retaliated against Plaintiff in any way in contravention of any state or federal law or statute, including the Administrative Code.

73.     MSG denies the allegations set forth in Paragraph 73 of the Second Amended Complaint.

74.     MSG denies the allegations set forth in Paragraph 74 of the Second Amended Complaint.

75.     MSG denies the allegations set forth in Paragraph 75 of the Second Amended Complaint.

76.     MSG denies the allegations set forth in Paragraph 76 of the Second Amended Complaint.

77.     MSG denies the allegations set forth in Paragraph 77 of the Second Amended Complaint.

78.     MSG repeats and reasserts each and every answer to Paragraphs 1 to 77 of the Second Amended Complaint, as if fully set forth herein.

79.     MSG denies the allegations set forth in Paragraph 79 of the Second Amended Complaint.

80.     MSG denies the allegations set forth in Paragraph 80 of the Second Amended Complaint.

81.     MSG denies the allegations set forth in Paragraph 81 of the Second Amended Complaint.

82. MSG repeats and reasserts each and every answer to Paragraph 1 to 81 of the Second Amended Complaint, as if fully set forth herein.

83. MSG denies the allegations set forth in Paragraph 83 of the Second Amended Complaint.

84. MSG denies the allegations set forth in Paragraph 84 of the Second Amended Complaint.

85. MSG denies the allegations set forth in Paragraph 85 of the Second Amended Complaint.

## DEFENDANT MADISON SQUARE GARDEN L.P.'S  AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

86. The Second Amended Complaint fails to states a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

87. Upon information and belief, Plaintiff has failed to mitigate her damages in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

88. Plaintiff has not suffered any legally cognizable damage.

### FOURTH AFFIRMATIVE DEFENSE

89. At all times relevant to this action, MSG acted lawfully and in good faith without intent to deny Plaintiff any rights whatsoever, and without intent to discriminate or retaliate against Plaintiff on the basis of her gender or any other unlawful reason.

### FIFTH AFFIRMATIVE DEFENSE

90.    At all times relevant hereto, MSG had a specific policy against unlawful discrimination and harassment in the workplace, which policy was well known to employees, including Plaintiff.   Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided for therein for resolution of alleged claims of discrimination or harassment.

91.    At all relevant times, MSG followed and enforced its anti-discrimination and anti-harassment policies and procedures.

### SIXTH AFFIRMATIVE DEFENSE

92.    Plaintiff's employment with MSG was at-will, and all actions taken by MSG  within the context of this at-will employer/employee relationship were at all times based on legitimate business-related reasons, and were undertaken in good faith and without malice or ill will toward Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

93.    Plaintiff has failed to states a claim for the recovery of punitive damages upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

94.    MSG did not have notice or knowledge of and did not encourage, condone or acquiesce in any alleged discriminatory conduct or sexual harassment by any MSG employee.

95.    To the extent that MSG became aware of any alleged discriminatory conduct or sexual harassment by any MSG employee, MSG took prompt and adequate steps to investigate and remedy such conduct.

### NINTH AFFIRMATIVE DEFENSE

96.    Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of her employment.

### TENTH AFFIRMATIVE DEFENSE

97.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

98.    Plaintiff failed to exhaust her administrative remedies with regard to some or all of her claims because she failed to give the City of New York Commission on Human Rights and the Corporation Counsel of the City of New York adequate notice of her claim before filing suit.

### TWELFTH AFFIRMATIVE DEFENSE

99.    Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

100.    At all times, MSG maintained comprehensive programs and policies for the prevention, investigation and detection of unlawful discrimination, effectively communicated said programs and policies to all employees, including Browne Sanders, maintained a program designed to educate employees about unlawful discriminatory practices, and established procedures for the supervision of all employees, agents and independent contractors specifically directed at the prevention and the detection of unlawful discriminatory practices.

### FOURTEENTH AFFIRMATIVE DEFENSE

101.    MSG's decision to terminate Plaintiff's employment is justified by after-acquired evidence.

### FIFTEENTH AFFIRMATIVE DEFENSE

102.    All or some of Plaintiff's claims are barred in that Plaintiff, by reason of her own conduct and actions, has waived any right to assert the claims set forth in her Second Amended Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

103.    Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

104.    Plaintiff is not entitled to reinstatement or front pay pursuant to the doctrine of after-acquired evidence because Plaintiff violated Company policy that would have resulted in her termination were it known by MSG during her employment.  Back pay, if any, should be limited pursuant to the doctrine of after acquired evidence.

WHEREFORE, MSG respectfully requests that judgment be entered:

1.  Dismissing the Second Amended Complaint with prejudice;

2.  Awarding MSG costs, disbursements, and reasonable attorneys' fees; and

3.  Awarding MSG such other and further relief that the Court deems just and appropriate.

### COUNTERCLAIM BY DEFENDANT MSG

### FACTUAL ALLEGATIONS

105.    Plaintiff commenced employment with MSG on or about November 20, 2000 as a Vice President, Marketing.

106.    On or about March 11, 2002, Plaintiff was promoted by Mills to the position of Senior Vice President, Marketing and Business Operations.

107. In each of these positions held by Plaintiff while employed at MSG, Plaintiff owed a fiduciary duty of good faith and loyalty to MSG.

108. As an employee of MSG, Plaintiff agreed to abide by MSG policies that prohibited illegal activity and/or engaging in any unauthorized undisclosed outside business while employed by MSG.

109. As an employee of MSG, Plaintiff was required to follow all policies and procedures promulgated by MSG.

110. Despite her agreement to follow MSG policies, Plaintiff willfully violated MSG's policies by committing tax fraud dating back to April 2002, or, alternatively, engaging in an unauthorized undisclosed outside business beginning as early as February 13, 2001.

111. Plaintiff's 2001, 2002, 2003 and 2004 federal tax returns indicated on each year's Schedule C (which is titled, "Profit or Loss From Business (Sole Proprietorship)") that she was the proprietor of a direct marketing business which she operated from her home address. These deductions were carried over onto her New York and New Jersey tax returns as well on each of those years.

112. MSG had no knowledge that Browne Sanders was the proprietor of a direct marketing business while she was employed at MSG as stated on her 2001-2004 tax returns, and as her 2001 and 2002 returns continue to state under penalty of perjury. MSG also did not provide consent to Plaintiff to conduct such a business while an employee of MSG.

113. Upon information and belief, Plaintiff falsified her 2001, 2002, 2003 and 2004 federal, New York State and New Jersey State tax returns in order to substantially decrease her tax liabilities for those years.

114. Plaintiff amended her 2003-2004 tax returns on November 22, 2006 and

completely eliminated all references to her direct marketing business for those two years.

115.    At the time of her hire, on November 21, 2000, Plaintiff signed a copy of MSG's Confidentiality, Code of Business Conduct and Proprietary Property Agreement (the "Agreement").

116.    Plaintiff's Agreement provides:

> During my employment I may not engage in activities or have personal or financial interests that impair, or appear to impair, my independence or judgment or otherwise conflict with my responsibilities to [MSG]. Such activities include, but are not limited to: . . . (g) serving as an officer, director, agent, employee, consultant or provider of or in any other capacity for any for-profit organization.

117.    Plaintiff's Agreement also provides that MSG may pursue its legal and equitable remedies in the event of a breach or threatened breach of the Agreement.

118.    At the time of her hire, Plaintiff also signed MSG's "Employee Code Of Conduct," acknowledging that "Public trust and confidence are the greatest assets held by Madison Square Garden."

119.    Cablevision's Code of Business Conduct and Ethics, applicable to MSG employees, which Plaintiff received and acknowledged reading on October 11, 2004, provides in pertinent part that it is MSG's policy to comply with all applicable laws, rules and regulations. It is also provides that it is the personal responsibility of each employee, officer and director to adhere to the standards and restrictions imposed by those laws, rules and regulations.

120.    The MSG Employee Handbook dated April 2003 (the "Handbook") provides, under a section entitled "How We Conduct Ourselves: Employee Code of Conduct" that an employee who fails to maintain these conduct standards, including illegal conduct, by violating any of the Company's work rules and/or the Employee Code of Conduct, is subject to disciplinary action up to and including termination.

121.    MSG has attempted to protect its business by creating and distributing policies and procedures to its employees designed to protect its public image and the financial success of its business by prohibiting employees from engaging in illegal activities or undisclosed outside business activities that might negatively impact on MSG.

122.    Plaintiff's employment with MSG was terminated on or about January 19, 2006.

## FIRST COUNTERCLAIM

**(Breach of Fiduciary Duty And/Or Duty of Loyalty for Acting As a Faithless Servant)**

123.    Paragraphs 105- 122 inclusive are realleged as if fully set forth herein.

124.    In her positions as Vice President, Marketing and Senior Vice President for Marketing and Business Operations for the New York Knicks, Plaintiff owed a duty of good faith, loyalty, and a fiduciary duty to MSG.

125.    In her positions, Plaintiff agreed to abide by MSG's policies that prohibited illegal activity and/or engagement in unauthorized business activities while employed by MSG.

126.    Despite her agreement, Plaintiff has willfully violated MSG's policy and her duty of good faith, loyalty and fiduciary duty to MSG by committing tax fraud dating back to April 2002, or by engaging in unauthorized business activities, beginning as early as February 13, 2001.

127.    As a direct and proximate result of the above described activities, MSG has suffered damages, consisting of any salary, bonuses and other compensation including benefits paid to Plaintiff during her period of disloyalty which she must now return.

128.    In addition, as a result of Plaintiff's breach of fiduciary duty and loyalty, Plaintiff forfeited any of her claims for additional remuncrations of any kind from MSG.

129.    As a result of Plaintiff's breach of her duties to MSG, MSG has been damaged in an amount to be determined at trial but no less than the amount of any salary, bonuses, and other compensation including benefits Plaintiff received from MSG during the period of disloyalty.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant respectfully requests:

1.    disgorgement and return of all salary, bonuses, and other compensation and benefits paid by MSG during the period of Plaintiff's disloyalty, interest and costs and expenses, including reasonable attorney's fees;

2.    all costs, fees and disbursements, including reasonable attorneys' fees, incurred in this proceeding; and

3.    that Defendant be awarded such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
      April 27, 2007

                                  EPSTEIN BECKER & GREEN, P.C.

                                  By:   s/Ronald M. Green
                                          Ronald M. Green  (RG-7766)

                                  250 Park Avenue
                                  New York, New York  10177-1211
                                  (212) 351-4500

                                  MORGAN, LEWIS & BOCKIUS LLP

                                  Christopher P. Reynolds (CR-8338)
                                  Amber L. Kagan (AK- 7973)
                                  101 Park Avenue
                                  New York, New York 10178
                                  (212) 309-6000

                                  *Attorneys for Defendant Madison Square*
                                  *Garden, L.P.*

To:    Anne Vladeck, Esq.
       Kevin Mintzer, Esq.
       Vladeck, Waldman, Elias &
       Engelhard, P.C.
       1501 Broadway, Suite 800
       New York, New York 10036
       (212) 403-7300

       *Attorneys for Plaintiff*

       Sue Ellen Eisenberg (SE-4713)
       *admitted pro hac vice*
       Lucetta Franco (LF-7638)
       *admitted pro hac vice*
       Eisenberg & Bogas, P.C.
       33 Bloomfield Hills Parkway, Suite 145
       Bloomfield Hills, Michigan  48304-2945
       (248) 258-6080

       Laurie Berke-Weiss (LB-3445)
       Louis Pechman (LP-6395)
       Berke-Weiss & Pechman LLP
       488 Madison Avenue, 11th Floor
       New York, NY  10022
       (212) 583-9500

       *Attorneys for Defendant Isiah L. Thomas*