Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com


Morgan Lewis
COUNSELORS AT LAW

Christopher P. Reynolds
Partner
212.309.6807
creynolds@morganlewis.com

December 30, 2005

Confidential Communication:
For Settlement Purposes Only

<u>BY HAND</u>

Judith P. Vladeck, Esq.
Kevin T. Mintzer, Esq.
Vladeck, Waldman, Elias & Engelhard, P.C.
1501 Broadway, Suite 800
New York, New York 10036-5560

Re: Anucha Browne-Sanders

Dear Mrs. Vladeck and Kevin:

In furtherance of the settlement discussions that began with our understanding embodied in my email of Thursday, December 22 and your verbal demand on Tuesday, December 27, I have attached a term sheet that lays out the specifics of our counter-offer. In order to expedite our negotiations as you requested, I am providing some background to the counter-offer so our position is clearly communicated to you and your client. This letter and its attachment are in furtherance of confidential settlement discussions, contain no admissions by any party and are inadmissible for any purpose pursuant to Fed. R. Evid. 408.

As best as I can determine from your demand and our discussions, your demand was based upon an assumption that your client would not be able to replicate or surpass, over a 20-year future career, the income and position she currently has with Madison Square Garden ("MSG"). We do not share that assumption and see no rational basis to do so, especially in light of what would be her clear obligation to mitigate her alleged damages.

Our counter-offer is premised instead on the commitment that MSG will actively support and facilitate Ms. Browne-Sanders finding new employment, be it in the sports and entertainment industry or elsewhere. Given Ms. Browne-Sanders' background, experience and five-year affiliation with MSG, a well-known industry employer, and MSG's active support, we are

**Morgan Lewis**
COUNSELORS AT LAW

December 30, 2005
Page 2

confident that Ms. Browne-Sanders can obtain a rewarding and at least equally remunerative career elsewhere.

MSG is ready, willing and able to continue as rapidly as possible our good-faith discussions in order to find a mutually acceptable resolution. That resolution, however, must have a rational basis and we believe our proposal accomplishes that. We look forward to continuing our discussions in a constructive manner. In that regard, I note that you advised me yesterday that your client intends to come to work on Monday, January 2, 2006. Based on her stated intention, you have apparently decided not to continue to honor our understanding embodied in the December 22 email (particularly the second point). If you wish our discussions to continue under a similar or different arrangement, please feel free to contact me. In any event, I look forward to continuing our discussions on behalf of our respective clients. I will be in my office or otherwise reachable next week.

Have a Happy New Year.

Regards,

Christopher P. Reynolds (cpr)

Christopher P. Reynolds

cc.:   Marc Schoenfeld, Esq.