**Confidential Communication:**
**For Settlement Purposes Only**
**Pursuant to FRE 408**

# Anucha Browne-Sanders

# 12/30/05 Term Sheet

1. **Release Provisions**

   a. Browne-Sanders releases all claims against Madison Square Garden ("MSG"), officers, employees, agents, etc ("MSG et al") to date.

   b. Browne-Sanders will release all claims against MSG et al at the end of her one-year consultancy per the below.

2. **Consultancy:** Cablevision shall retain Browne-Sanders as a consultant for the period January 1, 2006 to December 31, 2006 ("Consultancy Period"). During the Consultancy Period:

   a. Browne-Sanders shall retain her cable tv benefit.

   b. MSG shall pay on a monthly basis Browne-Sanders' COBRA costs.

   c. MSG shall define the scope of Browne-Sanders' work to facilitate her search for new employment.

   d. MSG shall provide at its expense Executive Placement Services to Browne-Sanders.

   e. MSG will waive its non-compete policy to permit Browne-Sanders to seek employment.

   f. Browne-Sanders' remuneration for her consultancy shall be the same as her current annual salary at her current position, payable in bi-weekly installments.

   g. If, during this period, Browne-Sanders should find employment elsewhere, MSG shall pay Browne-Sanders the remainder of her annual salary in a lump-sum payment provided she signs the release referenced in 1(b) above.

   h. 2005 MPIP target bonus: [To be discussed].

3. **Benefits:** Browne-Sanders shall cease to accrue credit toward vacation, pension vesting or other benefits as of the beginning of the Consultancy Period and no longer will be eligible for such benefits.

1

**Confidential Communication:**
**For Settlement Purposes Only**
**Pursuant to FRE 408**

4. **Stock Options:** Forfeiture of unvested stock options, grants, etc. upon beginning of Consultancy Period. Exercise period for vested options: [To be discussed].

5. **Confidentiality:** Browne-Sanders agrees to keep the following confidential:

    i. The terms of this Agreement;

    ii. Any and all confidential and proprietary information she has regarding MSG et al;

    iii. Her claims and allegations against MSG et al.

6. **Non-disparagement:** Browne-Sanders agrees not to disparage MSG et al.

7. **Internal statement:** MSG and Browne-Sanders agree to create a mutually acceptable, internally distributed statement regarding her transition to her consultancy position.

8. **Positive reference:** MSG and Browne-Sanders agree that Steve Mills will, at Browne-Sanders' request, provide a positive oral and/or written reference for Browne-Sanders, the terms of which are to be determined.

    a. MSG agrees that, except for the above, members of MSG senior management (SVP and above) will be instructed to restrict their communications regarding Browne-Sanders to the referral of all matters to Steve Mills.

9. **Cooperation:** Browne-Sanders agrees to cooperate at MSG's reasonable request with MSG re matters concerning her former duties and functions.

10. **Miscellaneous:**

    a. Return of corporate property

    b. Protection of intellectual property

    c. Non-solicit / Non-hire

    d. No admission of liability / wrongdoing