VLADECK, WALDMAN, ELIAS & ENGELHARD, P.C.

COUNSELORS AT LAW

1501 BROADWAY

NEW YORK, N.Y. 10036

TEL 212/403-7300

FAX 212/221-3172

KEVIN T. MINTZER

August 15, 2007

WRITER'S DIRECT DIAL

403-7348

**BY FACSIMILE**
Honorable Gerard E. Lynch
United States District Judge
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007-1581

Re: Anucha Browne Sanders v. Madison Square Garden, L.P., et al.
Case No. 06 Civ 0589 (GEL)

Dear Judge Lynch:

We write concerning a discovery issue.

Plaintiff's Position

In the Opinion and Order, dated August 6, 2007, ("Order") the Court held that defendants will be allowed to present evidence at trial concerning their proposed after-acquired evidence defense. (Order at 14-21) Specifically, the Court found that defendants will be permitted to present evidence concerning plaintiff's 2001-2004 tax returns and to argue that they would have fired plaintiff for alleged misconduct in connection with those tax returns. (Id.) In light of this ruling, plaintiff requests that she be allowed to seek through discovery the tax returns of executives of Madison Square Garden, L.P. ("MSG") at the Senior Vice President level and above, including but not limited to defendants James Dolan ("Dolan") and Isiah Thomas, MSG Vice Chairman Hank Ratner, and MSG President Sports Stephen Mills ("Mills"), from 2001 through 2004. This discovery is relevant to the issue of whether MSG actually fires senior level employees who have filed erroneous tax forms or engaged in tax fraud, as Your Honor suggested in a conference call on June 15, 2007, prior to the oral argument on the summary judgment motions.

MSG argues that this evidence is not relevant because it is presently unaware of whether any of its executive have "tax issues." However, under these circumstances, where MSG has not proffered any legitimate comparators, plaintiff should have the ability to put MSG's professed outrage about plaintiff's personal tax returns to the test by determining whether any of MSG's other senior executives have erroneous information on their tax returns.

Plaintiff preserved this argument in her Memorandum of Law in Opposition to Madison Square Garden, L.P. and James L. Dolan's Motion for Partial Summary Judgment ("Pl.

246872 v1

Honorable Gerard E. Lynch
August 15, 2007
Page 2

Mem."). (Pl. Mem. at 21) Plaintiff had not previously sought this discovery because the specific nature of defendants' proposed after-acquired evidence defense was not made clear until the end of the discovery period and because defendants did not provide plaintiff with information concerning their proposed comparators for this defense until the last day of discovery.[1] Moreover, plaintiff did not want to seek such information before the Court determined whether defendants would be allowed to proceed with this argument at trial. Accordingly, plaintiff requests that she be allowed to seek such discovery now.

### Defendants' Position

### Defendants MSG's and Dolan's Position

Defendants object to Plaintiff's misdirected, belated and untimely request to obtain the tax returns of certain MSG executives from 2001-2004, based upon Defendants' long-standing assertion of the after-acquired evidence defense. With respect to Plaintiff's tax returns, Your Honor stated in the Order of August 6, 2007 that Defendants "were legally entitled to obtain such evidence during the discovery process." (Order at 17). Further, Your Honor held in the Order that under the doctrine of after-acquired evidence, Defendants are entitled to use Plaintiff's tax returns against her even if those returns would have gone undiscovered absent this lawsuit. (Id.)

There is no reason why Plaintiff should now be entitled to reopen discovery to obtain the personal tax returns of MSG executives, which are irrelevant and not at issue in the case. They are presently unknown to Defendants and have not been used as the basis for any termination decision. See McKennon v. Nashville Banner Pub'g Co., 513 U.S. 353, 362 (1995) ("[o]nce an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit.") The issue under the after-acquired evidence doctrine in these premises is not whether the Plaintiff might be entitled to discover another MSG executive who has engaged in similar misconduct, but rather whether such misconduct has come to the employer's attention already, but not resulted in dismissing the executive in question. Indeed, as Defendants previously stated in their summary judgment motion, there are no comparators to Plaintiff's tax fraud, including any MSG senior level executives, because this is a known instance of first impression. The lack of senior level comparators to Plaintiff does not open the door to discovery of other MSG executives' tax returns.

Moreover, Plaintiff has no basis to seek such additional discovery at this late hour. Discovery closed at the end of March 2007. Almost two months have passed since the June 15, 2007 conference call when Your Honor alluded to this issue. Indeed, Plaintiff has been

---

[1] MSG asserts that plaintiff knew of its defense earlier in the discovery period, but plaintiff's understanding was that MSG's defense was focused on its claim that it would have fired plaintiff for allegedly operating an outside business, not that it would have fired plaintiff for misstatements on her personal tax returns that had nothing to do with her employment.

246872 v1

Honorable Gerard E. Lynch
August 15, 2007
Page 3

on notice of Defendants' intent to pursue an after acquired evidence defense based on Plaintiff's tax returns since early January 2007 when MSG's counsel provided Plaintiff's counsel with a copy of a contempt motion directed at one of Plaintiff's accountants on the basis that his testimony and documents were relevant to Plaintiff's after-acquired evidence defense concerning whether Plaintiff committed "substantial tax fraud." Further, back on February 7, 2007 (three weeks prior to the discovery deadline), MSG's counsel requested additional deposition time for Plaintiff stating that this additional testimony was relevant to MSG's defense of after-acquired evidence since it would tend to demonstrate either that Plaintiff engaged in an unauthorized outside direct marketing business while employed at MSG, "or committed substantial tax fraud for each of those years." Indeed, the questioning of Plaintiff's three accountants in December 2006 and January 2007 afforded Plaintiff clear notice that MSG was pursuing an after-acquired evidence defense based on her tax fraud.[2] Plaintiff should not be allowed to now claim surprise and conduct a fishing expedition in the weeks before trial.

Accordingly, we respectfully request that Plaintiff's request to review the 2001-2004 tax returns of MSG executives at the Senior Vice President level and above be denied.

Thomas' Position

Thomas has not pled an after-acquired evidence defense in this matter, and does not intend to join Defendants MSG and James Dolan in taking that position. Accordingly, Defendant Thomas objects to Plaintiff's eleventh hour demand for production of his tax returns in connection with an issue that was not raised by him, and which does not directly concern him. To require Thomas to turn over his complete tax returns now is nothing more than a fishing expedition to obtain confidential information, which should not be permitted. Moreover, to do so would lengthen the trial by creating a mini-trial on the issue of these persons' tax returns and create an environment that would produce a decision destined to be appealed.

Defendants MSG and Dolan do not have access to Thomas' tax records and he has no legal obligation to turn those returns over to his employer. Thomas has not made any legal claim against MSG or Dolan which would require the production or inspection of his tax returns by them. As such, with regard to plaintiff's request herein, Thomas effectively is in the position of a non-party who is being asked to produce confidential tax information, even though Thomas has not been accused of tax fraud, and has no stake in the after-acquired evidence defense. Thus, Thomas is entitled to enjoy the benefit of the public policy applied by the federal courts of maintaining confidentiality of tax returns absent either a compelling need for their production, or

---

[2] Despite Plaintiff's counsel's curious present contention that they were unaware of the nature of MSG's defense until near the end of discovery, they apparently felt that the tax fraud of their client was of sufficient import in the case when, according to the testimony of one of Plaintiff's accountants, they telephoned him in November 2006 shortly after the Court's order and proffered their belief that Plaintiff was unaware of the Schedule C business deductions contained on her returns. (Deposition Transcript of Brock Weaver dated December 21, 2006, at 94).

246872 v1

Honorable Gerard E. Lynch
August 15, 2007
Page 4

because the information is not otherwise obtainable. In fact, no other party should be given an opportunity to review his tax returns.

However, if the Court determines that Plaintiff's demand should override the strong public policy against requiring Thomas to produce his tax returns, Thomas respectfully requests that the Court order an *in camera* inspection of his tax returns by a court appointed independent expert, to be paid for by Plaintiff. Needless to say, the tax returns would be subject to the protective order currently in place. The purpose of the inspection should be limited to a determination of whether the tax returns reflect that Thomas is operating an outside business (other than Dale & Thomas Popcorn), that has not been disclosed or approved of by MSG, or that the returns are fraudulent on their face in the same respect as has been alleged as to plaintiff's tax returns, *i.e.* that Thomas improperly filed as head of household, or requested undocumented charitable deductions. If there is a finding of fraud in this regard, both the expert's findings and Thomas' tax returns should be kept confidential pending the filing of Thomas' response to the findings, an opportunity to be heard by the Court, and the Court's ruling thereon. Only under those circumstances can the Court determine that there is any reason for Thomas' tax returns to be disclosed to Plaintiff, MSG and Dolan contrary to the prevailing public policy.

Respectfully submitted,

VLADECK, WALDMAN, ELIAS & ENGLEHARD, P.C.

EPSTEIN BECKER & GREEN, P.C.

/s/ Ronald M. Green

/s/ Kevin T. Mintzer

Kevin T. Mintzer (KM-4741)
1501 Broadway
Suite 800
New York, NY 10036
(212) 403-7300
Attorneys for Plaintiff
(212) 403-7300
Attorneys for Plaintiff

Ronald M. Green (RG -7766)
250 Park Avenue
New York, NY 10177
(212) 351-3500
Attorneys for Defendants
Madison Square Garden L.P. and
James L. Dolan

EISENBERG & BOGAS, P.C.

/s/ Kathleen L. Bogas

Kathleen L. Bogas - admitted *Pro Hac Vice*
33 Bloomfield Hills Parkway, Suite 145
Bloomfield Hills, MI 48304
(248) 258-6080
Attorneys for Defendant Isiah Lord Thomas III

246872 v1

---

*[Handwritten order:]* Plaintiff's application is denied. The issue of plaintiff's alleged tax misconduct has been in this case since (at the latest) plaintiff's production of her tax returns in November 2006, many months before discovery closed in March 2007. Plaintiff's belated effort to reopen discovery relating to this issue nearly six months after the close of discovery, and less than a month before trial, is without merit.

SO ORDERED

/s/ Gerard E. Lynch
GERARD E. LYNCH, U.S.D.J.