UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
ANUCHA BROWNE SANDERS,                      :
                                            :
            Plaintiff,                      :
                                            :    06 Civ. 589 (GEL)
      -v-                                   :
                                            :    **ORDER**
MADISON SQUARE GARDEN, L.P., et al.,        :
                                            :
            Defendants.                     :
                                            :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

     This order addresses the defendants' objections and counter-designations to plaintiff's deposition designations, and certain related matters.

### James Dolan

     The plaintiff's objections to the following counter-designations, identified by page and line numbers, are sustained:

     49:11-49:22
     53:12-55:2
     56:3-58:23
     64:19-64:22
     65:5-66:10.

All other objections are overruled.

### Isiah Thomas

     The plaintiff's objection to the counter-designation of pages 185:21-186:17 is sustained. All other objections are overruled.

### Rusty McCormack

The plaintiff's objections to the following counter-designations, identified by page and line numbers, are sustained:

15:24-16:23
106:22-107:12
123:8-124:9
166:22-167:14
167:20-168:9.

The plaintiff's objection to pages 19:19-20:17 will be sustained if plaintiff restricts her preceding designation to page 19, lines 10-18. If plaintiff wishes to include lines 19-24, the objection will be overruled.

All other objections are overruled.

### John Moran

The plaintiff's objections to the following counter-designations, identified by page and line numbers, are sustained:

69:4-71:4
180:3-181:4
192:6-192:17
279:19-280:24

All other objections are overruled.

### Rochelle Noel

The defendants' general objection to the deposition of Ms. Noel is overruled.

The plaintiff's objections to the following counter-designations, identified by page and line numbers, are sustained:

31:3-31:6
32:10
37:14-37:21
81:12-82:4
84:24-85:5
89:21-90:2
219:2-220:25.

All other objections are overruled.

In overruling the plaintiff's objection to defendant Thomas's counter-designation of the entire discussion between pages 146:6 and 162:14, it is the Court's intention that the *substance* of all questions and answers in this section of the deposition be admitted. The Court notes, however, that many of the specific exclusions made by the plaintiff in her original designation involve the excision of colloquy, or of questions that were eventually reformulated, or other non-substantive material. In accepting the defendant's argument that all of the substance within these pages is necessary for completeness, it is not the Court's intention to require every word on these pages be read, and to the extent that plaintiff simply wishes to omit non-substantive material, the objection is sustained.

### Stephen Mills

All of plaintiff's objections to the defendants' counter-designations are sustained, except the following, identified by page and line numbers, which are overruled:

147:19-149:10
172:25-173:6.

In connection with some subjects covered by plaintiff's designations, plaintiff has selected very limited portions of lengthy discussions of broad general topic areas. While defendants' designations might in some cases be appropriate additions that might better balance the presentation with respect to the broad area, defendants' proposed counter-designations are themselves highly selective, and are rarely necessary in order to avoid misleading the jury about the substance of the narrow testimony selected by plaintiff. Since Mills will be called as a witness on the defense case, the fairest way to present his relevant testimony from the defense perspective on such broad topics as the plaintiff's job performance is through his direct testimony, and not by the Court's attempting to decide which of the defendants' cherry-picked excerpts from his deposition are necessary to balance the plaintiff's selective excerpts, and which are simply prefigurations of his expected direct testimony for defendants.

### Barry Watkins

Plaintiff's objections to defendant Thomas's counter-designations are sustained.

### Miscellaneous Matters

1. With respect to all deposition designations, colloquy or counsel's interjections will not be read to the jury, except in such rare case as it is necessary for the jury to understand the question being asked.

2. Defendants MSG and Dolan purport to "reserve their right to raise objections not raised at deposition but are [*sic*] reserved, along with any objections to form that were raised but

not resolved." (JPTO at 18.) This "reservation" of rights is rejected. The Court's practice rules are clear that defendants were required to assert any objections to the deposition designations in the Joint Pretrial Order. The purpose of this procedure is to decide *in advance of trial* what deposition materials will be read to the jury. The Court does not go through the tedious exercise of reading and ruling on the parties' various designations and counter-designations only to have to waste the jury's time at trial by ruling on various objections that could have and should have been dealt with before trial, during that tedious process. Any objection not advanced in the Joint Pretrial Order for the Court to rule on in advance of trial has been waived.

      3. According to the Joint Pretrial Order, defendant Thomas seeks to offer no deposition testimony, and defendants MSG and Dolan seek to offer excerpts from only one deposition, that of Brock Weaver. The JPTO sets forth the specific designations, along with plaintiff's counter-designations and objections. It is not clear that the Court has been provided with a copy of the Weaver deposition. To facilitate the Court's rulings on the counter-designations and objections, defendants MSG and Dolan are directed to provide the Court on or before September 10, 2007, with a copy of the deposition, with color-coded highlighting identifying the portions of the testimony offered by defendants without objection; offered by defendants but objected to by plaintiff; and counter-designated by plaintiff.

SO ORDERED.

Dated: New York, New York
      September 5, 2007

                                                        GERARD E. LYNCH
                                                          United States District Judge