# Eisenberg & Bogas
## ATTORNEYS AND COUNSELORS

KATHLEEN L. BOGAS
SUE ELLEN EISENBERG

LUCETTA V. FRANCO
LISA M. PANOURGIAS
CHARLOTTE CROSON
BRIAN E. KONCIUS

October 12, 2007

Honorable Gerard E. Lynch
United States District Judge
United States Courthouse
500 Pearl Street, Room 910
New York, NY 10007-1581

    Re: Anucha Browne Sanders v. Madison Square Garden, L.P.,
        Isiah Lord Thomas, III and James L. Dolan
        SDNY Case No. 06 CV 0589 (GEL)

Dear Judge Lynch:

    We represent Defendant Isiah Lord Thomas III. We join with Madison Square Garden, L.P. and James L. Dolan in seeking a change in the post-trial briefing schedule.

    Unlike Madison Square Garden and Dolan, Thomas did not make an oral motion pursuant to Federal Rule of Civil Procedure 50(b) for judgment as a matter of law and pursuant to Rule 59 for a new trial subsequent to the jury verdict on liability and punitive damages. Thomas is, nevertheless, mindful that the court has considered and rejected defendant's contentions with regard the sufficiency of the evidence on Plaintiff's hostile work environment claim and claim for punitive damages.

    Thomas will file a motion and brief with regard to Plaintiff's hostile work environment claim that will be sufficient to preserve his appellate rights with regard to that claim. Thomas will also file a motion with regard to Plaintiff's punitive damages claim in order to preserve his appellate rights on that claim. Thomas believes, along with MSG and Dolan, that the Court would benefit from written submissions addressing certain legal and constitutional requirements for such awards. Those issues, as they relate to Thomas, will be discussed in the

Eisenberg & Bogas, P.C. • 33 Bloomfield Hills Parkway, Suite 145 • Bloomfield Hills, MI 48304
(248) 258-6080 Phone • (248) 258-9212 Fax • eb@ebpclaw.com E-mail

Dockets.Justia.com

October 12, 2007
Hon. Gerard E. Lynch
Page 2

---

context of whether a new trial on punitive damages is necessary. Even so, Thomas believes that it would be most economical of the Court's and the parties' time if the briefing were postponed to a date following this Court's ruling on the front pay, back pay, and after-acquired evidence.

This is Defendant Thomas' first request for extension of time. Plaintiff's counsel does not concur, citing unnecessary delay.

Respectfully submitted,

*Sue Ellen Eisenberg*

Sue Ellen Eisenberg

cc: Ronald Green, Esq.
   Anne Vladeck, Esq.