# GIBSON, DUNN & CRUTCHER LLP
LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1050 Connecticut Avenue, N.W., Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com
MEstrada@gibsondunn.com

October 12, 2007

Direct Dial
(202) 955-8257

Fax No.
(202) 530-9616

Client Matter No.
L 19782-00008

Honorable Gerard E. Lynch
United States District Judge
500 Pearl Street, Room 910
New York, NY 10007-1581

    Re:    Sanders v. Madison Square Garden, L.P. et al., *No. 06-CV-0589 (GEL)*

Dear Judge Lynch:

    We represent Defendants Madison Square Garden, L.P. and James L. Dolan. We write to address the briefing schedule for post-trial motions.

    As the Court is aware, MSG and Dolan pursuant to Federal Rule of Civil Procedure 50(b) orally renewed their motion for judgment as a matter of law and moved for a new trial pursuant to Rule 59 subsequent to the jury's verdict on both liability and punitive damages, and subsequent to the jury's verdict on the amount of punitive damages. *See* Tr. at 1873, 1900.[1] Although the Court granted the defendants until October 17, 2007 to submit further briefing in support of their pending motions, the Court also indicated that such briefing is unlikely to be helpful to the Court, because the Court has already considered and rejected the defendants' contentions. Tr. at 1873-75.

    In light of the views already expressed by the Court on these matters, MSG and Dolan will not be submitting any further briefing in support of their pending motions, with one

---

[1] Following the jury's verdict on the amount of punitive damages, MSG and Dolan's counsel renewed their motion for judgment as a matter of law pursuant to Rule 50(b) but did not explicitly mention the Rule 59 motion. Tr. at 1900. Out of an abundance of caution, and solely for purposes of preserving the appellate record, MSG and Dolan respectfully so move now pursuant to Rule 59 for a new trial on punitive damages.

Honorable Gerard E. Lynch
October 1 2, 2007
Page 2

exception: Defendants respectfully submit that the Court would benefit from written submissions from the parties addressing whether the size of the punitive awards in this case is consistent with applicable legal and constitutional requirements. Defendants believe, however, that this Court's rulings on front pay, back pay, and after-acquired evidence would likely be relevant to their challenges to the punitive damages awards, and that it would be most economical of the Court's and parties' time if such briefing were postponed until after the Court has ruled on those issues.

      Defendants therefore respectfully request that the Court postpone the post-trial briefing on punitive damages until after the Court rules on front pay, back pay, and after-acquired evidence, and that the Court set a briefing schedule then as the Court deems appropriate.[2]

                                     Respectfully submitted,

                                     MAE /
                                    Miguel A. Estrada

cc:     Sue Ellen Eisenberg, Esq.
        Anne Vladeck, Esq.

---

[2] Plaintiff's counsel has advised that plaintiff opposes this request.