Sue Ellen Eisenberg (SE-4713) – *admitted pro hac vice*
Lucetta Franco (LF-7638) - *admitted pro hac vice*
Eisenberg & Bogas, P.C.
33 Bloomfield Hills Parkway, Suite 145
Bloomfield Hills, Michigan  48304-2945
(248) 258-6080

    - and –

Laurie Berke-Weiss (LB-3445)
Louis Pechman (LP-6395)
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York 10022
(212) 583-9500

*Attorneys for Defendant Isiah Thomas*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANUCHA BROWNE SANDERS, | |
| Plaintiff, | |
| -against- | Civil Case No. 06 Civ. 0589 (GEL) (DCF) |
| MADISON SQUARE GARDEN, L.P.,  ISIAH LORD THOMAS III AND JAMES L. DOLAN, | ECF CASE |
| Defendants. | |

**MEMORANDUM OF DEFENDANT ISIAH THOMAS IN SUPPORT OF HIS MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANUCHA BROWNE SANDERS,<br><br>              Plaintiff,<br><br>           -against-<br><br>MADISON SQUARE GARDEN, L.P.,<br>ISIAH LORD THOMAS III AND JAMES L. DOLAN,<br><br>              Defendants. | Civil Case No. 06 Civ. 0589 (GEL) (DCF)<br><br>ECF CASE |

**MEMORANDUM OF DEFENDANT ISIAH THOMAS IN SUPPORT OF HIS MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL**

**PRELIMINARY STATEMENT**

Defendant Isiah Thomas ("Thomas") submits this memorandum of law in support of his motion, brought pursuant to FED. R. CIV. P. 50(b), for judgment as a matter of law on the basis of the pre-verdict motions filed by Thomas in conjunction with defendants Madison Square Garden, L.P. and James L. Dolan (the "MSG Defendants"). Thomas seeks to set aside the jury's verdict with respect to aiding and abetting a hostile environment based on insufficient evidence for the jury to reach a verdict. He also seeks a new trial on this issue pursuant to FED. R. CIV. P. 50(c) and 59. In addition, Thomas renews his motion to dimiss the claims against him under the New York City Human Rights Law for punitive damages. The jury having failed to reach a verdict, Thomas seeks to have the claim dismissed, as a matter of law.

POINT I

**THOMAS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW UNDER RULE 50 AND RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

> According to Rule 50(b) of the Federal Rules of Civil Procedure:
> If the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.

FED. R. CIV. P. 50(b). *See Unitherm Food Sys. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400 (2006). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case….at both the directed verdict and summary judgment stages." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

FED. R. CIV. P. 59(a), provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues…in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A motion for new trial assigns "grounds not appropriate to be considered in connection with the motion for judgment" as a matter of law pursuant to FED. R. CIV. P. 50(b). *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 249 (1940). These grounds include that "the verdict was against the weight of the evidence and was excessive; that the court erred in rulings on evidence and in refusing requested instructions." *Id*. The standard for granting a new trial pursuant to Rule 59(a) is "less stringent" than that for granting judgment as a matter of law pursuant to Rule 50. *Manley v. AmBase Corp.*, 337 F.3d 237, 244 (2d Cir. 2003). Under Rule 59(a), the Court may grant a new trial (1) "'even if there is substantial evidence supporting the jury's verdict,' and (2) 'a trial judge is free to weigh the evidence himself, and

need not view it in the light most favorable to the verdict winner.'" *Id*. at 244-45, *quoting DLC Mgmt. Corp. v. Town of Hyde Park,* 163 F.3d 124, 133-34 (2d Cir. 1998).

Thomas, in conjunction with the MSG defendants, moved pursuant to FED. R. CIV. P. 50(a), for judgment as a matter of law after the close of the evidence. His motion was denied and the matter was submitted to a jury for decision. *See* Tr. 1607-1627.[1] Unlike the MSG defendants, subsequent to the jury verdict on liability and punitive damages, Thomas did not immediately make an oral motion pursuant to FED. R. CIV. P. 50(b) for judgment as a matter of law and pursuant to FED. R. CIV. P. 59 for a new trial. Thus, Thomas now timely renews the motion pursuant to Rule 50(b): (1) with respect to the jury's verdict on the aiding and abetting a hostile work environment claim, based on insufficient evidence (*see* Point II, *infra.*), and requests that the Court (a.) direct entry of judgment as a matter of law in favor of Thomas, or, (b.) in the alternative, order a new trial pursuant to Rules 50(c) and 59; and, (2) with respect to the punitive damages claim on which no verdict has been rendered, Thomas requests that the Court dismiss that claim, obviating the need for a new trial on the issue. (*See* Point III, *infra.*). Thomas makes this application mindful of and notwithstanding the fact that the Court has considered and rejected defendants' contentions with regard to the sufficiency of the evidence on Plaintiff's hostile work environment claim and the claim for punitive damages.

---

[1] "Because New York courts require the same standard of proof for claims arising under the New York Human Rights law as under Title VII, both claims can be analyzed together." *Spina v. Our Lady of Mercy Medical Ctr.*, No. 97 Civ. 4661, 2003 U.S. Dist. LEXIS 19091, at *9 n.5 (S.D.N.Y Oct. 23, 2003).

POINT II

THE INCIDENTS CITED BY PLAINTIFF ARE INSUFFICIENT, AS A MATTER OF LAW, TO MEET THE SEVERE OR PERVASIVE THRESHOLD FOR A HOSTILE WORK ENVIRONMENT

"To make out a prima facie case of hostile work environment, plaintiff must establish that (1) she was subjected to harassment based on a prohibited ground of discrimination; (2) the harassment was so severe as to alter the terms and conditions of her employment, and (3) there is a basis for imputing the harassing conduct to the employer." *Hamilton v. Bally of Switzerland*, No. 03 Civ. 5685, 2005 U.S. Dist. LEXIS 9319, at *12 (S.D.N.Y. May 17, 2005) (citations omitted). "The plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). Moreover, "[a]s a general rule, incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Id.* at 374.

"To decide whether the threshold [of severe or pervasive] has been reached, courts examine the case-specific circumstances in their totality and evaluate the severity, frequency, and degree of the abuse." *Id.* The Second Circuit has determined that, "relevant factors include 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 374. Thus, any assessment of the weight of the evidence must take into account the infrequent contact between Plaintiff and Thomas in light of the uncontroverted evidence that he spent less than three (3) hours in her presence during the nearly two years they worked together. Tr. 1557.

Abusive language "is not actionable if the harassing conduct cannot be linked to a form of prohibited discrimination." *Ferraro v. Kellwood Co.*, No. 03 Civ. 8492, 2004 U.S. Dist. LEXIS 23482, at *36 (S.D.N.Y. Nov. 18, 2004). *See, e.g., Spina v. Our Lady of Mercy Medical Ctr*, No. 97 Civ. 4661, 2003 U.S. Dist. LEXIS 19091, at *9 (S.D.N.Y Oct. 23, 2003); *Galloway v. General Motors Servs. Parts Operations*, 78 F. 3d 1164, 1168 (7th Cir. 1996); *Trinidad v. N.Y. City Dep't of Corr.*, 423 F. Supp. 2d 151, 167 (S.D.N.Y. 2006); *Stepheny v. Brooklyn Hebrew School*, 356 F. Supp. 2d 248, 264 (E.D.N.Y. 2005); *Harrington v. County of Fulton,* 153 F. Supp. 2d 164, 170 (S.D.N.Y 2001).

Thus, even if Thomas used profanity or made offensive utterances, they did not indicate sexual animus, or rise to the level of sexual harassment. *See* Tr. 134,135,138, 144, 151, 153, 157. As such, a hostile work environment was not created. *See, e.g., EEOC v. A. Sam & Sons Produce Co.*, 872 F. Supp. 29, 31-32 (S.D.N.Y. 1994); *Komoroski v. State of Connecticut,* No. 3-05-cv-398, 2007 U.S. Dist. LEXIS 31059 at *12 (D. Conn. Apr. 25, 2007). Moreover, the weight of the evidence indicates that Plaintiff did not "subjectively perceive … [her work environment] … to be abusive." *Alfano* 294 F.3d at 374 (the test for a hostile work environment claim "has objective and subjective elements…."). *See* Tr. 511, 520, 541, 558. In fact, plaintiff testified that all her performance reviews were "excellent" and "outstanding." Tr. 84-85, 219. She also testified that she had a "strong" relationship with her boss, Steve Mills who, in 2005, continued to praise her work and "fairly treated" her. Tr. 429, 433, 440, 448, 450. It is worth noting that Plaintiff withdrew her claim for emotional distress damages after the filing of the complaint and, therefore, it was not in issue at trial.

Plaintiff has the burden of demonstrating that her claims of harassment are "sufficiently severe and pervasive to alter the conditions of … [her] … employment and create an abusive

working environment." *Komoroski,* 2007 U.S. Dist. LEXIS 31059 at *12. *See also MacMaster v. City of Rochester*, No. 05-CV-6509, 2007 U.S. Dist. LEXIS 72842, at * 24-25 (W.D.N.Y. Sept. 28, 2007); *Weiss v. Coca-Cola Bottling Co.*, 990 F.2d 333, 334, 337 (7th Cir. 1993); *Saxton v. AT&T Co.*, 10 F.3d 526, 534-35 (7th Cir. 1993); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998). Plaintiff also has the burden of "establish[ing] at trial that incidents apparently sex-neutral were in fact motivated by bias. Thus, to the extent that the plaintiff relies on facially neutral incidents to create the quantum of proof necessary to survive a Rule 50 motion for judgment as a matter of law, she must have established a basis from which a reasonable fact-finder could infer that those incidents were infected by discriminatory animus." *Alfano,* 294 F.3d at 377. The Seventh Circuit applied this rationale in *Hardin v. S. C. Johnson & Son, Inc.,* where plaintiff's claims of hostile work environment did not prevail against a motion for summary judgment, notwithstanding the vulgar comments of an obnoxious co-worker. 167 F. 3d 340, 345-46 (7th Cir. 1999). *See also Ferraro,* 2004 U.S. Dist. LEXIS 23482, at *37. *See* Tr. 134, 135, 138, 144, 151, 153, 157.

Accordingly, the evidence was insufficient to support a verdict on aiding and abetting a hostile work environment, and this claim must be dismissed, as a matter of law. The same testimony cited above, together with the testimony provided by the Plaintiff with regard to each incident involving Thomas, her testimony regarding the claim that Murphy used profanity in her presence and she complained to Thomas about it, and her claim concerning Marbury's interactions with an intern outside of work similarly support Thomas' Rule 59 motion for new trial. Taken together, the verdict is against the weight of evidence and supports Thomas' claim for a new trial.

# POINT III

## PUNITIVE DAMAGES MAY NOT BE AWARDED
## AGAINST THOMAS AS A MATTER OF LAW

Thomas fully joins in the MSG Defendants' pre-and post-verdict arguments that Plaintiff's evidence does not meet the statutory requirements for the imposition of punitive damages at all, and that punitive damages may not be awarded in the absence of actual damages. For many of the same reasons set forth by the MSG Defendants, Thomas also submits that the evidence does not establish the type of egregiousness and reprehensibility required for the imposition of any punitive damages under the Due Process Clause and applicable Supreme Court precedent. For those reasons alone, the punitive damages claim should be dismissed as to Thomas.

But the punitive damages claims also must be dismissed for an additional, fundamental reason. There is not a scintilla of evidence in the record that Thomas acted with knowledge that any of his alleged actions violated the law. Taken either individually or collectively, neither the testimony that Thomas used profanity with the Plaintiff nor the testimony that Thomas said he loved the Plaintiff establish an unlawful hostile work environment. But, even assuming the alleged conduct of Thomas met the "severe and pervasive" test required by law, it still did not meet the additional threshold which is required to warrant punitive damages. In this regard, "punitive damages are limited . . . to cases in which the employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual." *Farias v. Instructional Sys.,* 259 F.3d 91, 101 (2d Cir. 2001).

The quantum of evidence required to impose punitive damages is greater than that to impose liability. Indeed, it is well-settled that a " 'positive element of conscious wrongdoing' is

required for an award of punitive damages." *Id*. Even if the "bitch" and "I love you" comments were made by Thomas, which he emphatically denies, there is no evidence to establish that Thomas possessed the required "conscious desire" to violate the law. *See, e.g., DeAngelis v. El Paso Mun. Police Officers' Ass'n*, 51 F.3d 591, 596-97 (5th Cir. 1995).

## POINT IV

### THE COURT ABUSED ITS DISCRETION IN FAILING TO EXCLUDE PRIOR CONSISTENT STATEMENTS AT TRIAL

FED. R. EVID. 801(d)(1)(B) provides that a prior out of court statement by a witness is not hearsay if it is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." By Order dated September 4, 2007, the Court denied Thomas' motion *in limine* to exclude Plaintiff's prior consistent statements. (Judge Lynch Order September 4, 2007). Hence, these statements were heard at trial and the Court reaffirmed its ruling at the end of trial. Tr. 1873-74. For the purpose of preserving this issue for appeal, however, Thomas reasserts his argument that Plaintiff's prior consistent statements should have been excluded from evidence, as Plaintiff's motive to fabricate arose before she informed anyone of Thomas' alleged conduct. *See Tome v. United States*, 513 U.S. 150, 156-57 (1995) ("Rule 801 defines prior consistent statements as nonhearsay only if they are offered to rebut a charge of 'recent fabrication or improper influence or motive.'").

**CONCLUSION**

For all the foregoing reasons, Defendant Thomas respectfully requests that (1) the aiding and abetting hostile work environment claim be dismissed, or, in the alternative, that a new trial be granted, and (2) that the punitive damages claim be dismissed, as a matter of law.

Dated:  New York, New York
        October 16, 2007

                                    EISENBERG & BOGAS, P.C.


                                    By: s/ Sue Ellen Eisenberg
                                        Sue Ellen Eisenberg (SE-4713) – *admitted pro hac vice*
                                        Lucetta Franco (LF-7638) – *admitted pro hac vice*
                                        Eisenberg & Bogas, P.C.
                                        33 Bloomfield Hills Parkway, Suite 145
                                        Bloomfield Hills, Michigan  48304-2945
                                        (248) 258-6080


                                    BERKE-WEISS & PECHMAN LLP


                                    By: s/ Laurie Berke-Weiss
                                        Laurie Berke-Weiss (LB-3445)
                                        Louis Pechman (LP-6395)
                                        Berke-Weiss & Pechman LLP
                                        488 Madison Avenue, 11th Floor
                                        New York, NY  10022
                                        (212) 583-9500

                                        *Attorneys for Defendant Isiah Thomas*

TO:    Anne C. Vladeck (AV-4857)
Kevin T. Mintzer (KM-4741)
Karen Cacace (KC-3184)
Vladeck, Waldman,
Elias & Engelhard, P.C.
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7300

*Attorneys for Plaintiff Anucha Browne Sanders*

Miguel A. Estrada (ME-4227)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8500

Ronald M. Green (RG-7766)
Theresa M. Holland (TH-6973)
Brian G. Cesaratto (BC-5464)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500

*Attorneys for Defendants Madison Square Garden, L.P. and James L. Dolan*